128-07/PJG
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
OCEAN LINE HOLDINGS LIMITED
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)

**JUDGE CHIN**

**07 CIV 8123**
07 CIV _____ (

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

OCEAN LINE HOLDINGS LIMITED,

                              Plaintiff,

     - against --

CHINA NATIONAL CHARTERING CORP.
a/k/a SINOCHART,

                             Defendant.

------------------------------------------------------------------x

**CARNEVALE AFFIDAVIT
PURSUANT TO RULE B(1)
AND IN SUPPORT OF
ORDER APPOINTING
PERSON TO SERVE
PROCESS PURSUANT
TO RULE 4(c) AND
SCOPE OF SERVICE**

State of New York  )
                  ) ss.:
County of New York  )

      BARBARA G. CARNEVALE, being duly sworn, deposes and says as follows:

      1.      I am a member of the Bar of the United States District Court, Southern District of

New York, admitted to practice before this Court and I am an associate of the law firm of

Freehill Hogan & Mahar, LLP, attorneys for Plaintiff herein.

      2.      This Affidavit is submitted pursuant to Supplemental Rule B of the Federal Rules

of Civil Procedure (see paragraphs 3-4, below) and in support of Plaintiff's application pursuant

to Rule 4(c) of the Federal Rules of Civil Procedure (see paragraphs 5-9, below).

## DEFENDANT IS NOT FOUND WITHIN THE SDNY

3.    Deponent has made an investigation and deponent believes that based upon the results of this investigation, that Defendant CHINA NATIONAL CHARTERING CORP. a/k/a SINOCHART is a corporation or other business entity that cannot be "found" within this District for the purpose of an attachment under Rule B.    In support of this position, deponent has conducted the following investigation:

(a)    Deponent contacted the office of the New York Department of State, Division of Corporations on September 17, 2007, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for the Defendant and the search results indicated that the Defendant is not a New York corporation, nor is it licensed, authorized or registered to do business in the State of New York as either a domestic or international corporation;

(b)    Deponent consulted with Directory Assistance for New York on September 17, 2007 for area codes (212), (347), (718), (917), (646), (914), and (845) and no listing for the Defendant was located;

(c)    Deponent reviewed the Journal of Commerce (Business Directory) Transportation Telephone Tickler, 2006 Edition (Vol. 1 New York Metropolitan Area) and no listing was found for the Defendant;

(d)    Deponent accessed on September 17, 2007, through Microsoft Internet Explorer and the Yahoo! search engine the yellow pages telephone directory database and found no listing in that database for any offices or agents of the Defendant within this district;

(e)    Deponent is unaware of any general or managing agent(s) within this

District for the Defendant.

4.    Based upon the foregoing, your deponent submits that the Defendant cannot be "found" within this District for the purpose of an attachment pursuant to Rule B and seeks an order of attachment against such tangible and intangible property of the Defendant as may be found within this District up to and including the amount of the claim as specified in the Verified Complaint.

### REQUEST FOR ORDER APPOINTING SPECIAL PROCESS SERVER

5.    Plaintiff also applies, pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing myself, Peter J. Gutowski, Lawrence J. Kahn, Manuel A. Molina, Robert Ridenour, Joan Sorrentino, Christina Gargano, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment issued pursuant to FRCP Supplemental Rule B upon the named garnishee(s) as well as any other garnishee(s) who (based upon information developed subsequent hereto) may hold assets of, for, or on behalf of the Defendant.

6.    Plaintiff is desirous of serving the Process of Attachment and Garnishment on the garnishee(s) with all deliberate speed so that it will be fully protected against the possibility of not being able to satisfy a judgment that may ultimately be entered by Plaintiff against the Defendant.

7.    To the extent this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it simply involves delivery of the process to the respective garnishee(s).

8.     Plaintiff also requests that the Court grant it leave to serve any additional garnishee(s) who may be discovered in the course of this litigation to be holding property of the Defendant.  By obtaining leave at this time to serve these other possible garnishees, it will facilitate prompt service of the Process without the need to return to the Court for permission to amend the process simply to name other garnishees.

9.     In addition, and to avoid the need to repetitively serve the garnishees/banking institutions throughout a given day, Plaintiff respectfully seeks leave, as embodied in the accompanying Order, for any process served on a garnishee to be deemed effective and continuous throughout the balance of the business day on which it is served, as well as the following business day, and with respect to the latter, provided process is served the next business day.  Plaintiff also respectfully seeks leave for authorization to serve by facsimile or email, following the initial service of the process by hand, and to deem such facsimile or email service as being accomplished within this District if such service is transmitted or initiated from within the District.

_____
Barbara G. Carnevale

Sworn to before me this
__17__ day of September, 2007

_____
Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009