Lennon Declaration

Exhibit "1"

Lennon, Murphy & Lennon, LLC
Attorneys for Defendant
CHINA NATIONAL CHARTERING CORPORATION
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, New York 10170
Telephone:   (212) 490-6050
Facsimile:    (212) 490-6070

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
OCEAN LINE HOLDINGS LIMITED,                :
                                            :
                        Plaintiff,          :    07 Civ. 8123 (DC)
                                            :
        - against -                         :    ECF Case
                                            :
CHINA NATIONAL CHARTERING CORPORATION,      :
                                            :
                        Defendant.          :
                                            :
------------------------------------------------------------------X

## VERIFIED ANSWER WITH COUNTERCLAIM

Defendant, China National Chartering Corporation (hereinafter "Defendant" or "Sinochart"), through its attorneys Lennon, Murphy & Lennon, LLC responds, upon information and belief, to the Verified Complaint dated September 17, 2007 of Plaintiff, Ocean Line Holdings Limited (hereinafter "Plaintiff"), as follows:

1.      Admits that this is an admiralty or maritime claim within the meaning or Rule 9(h) of Federal Rules of Civil Procedure and that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333, and except as so admitted, denies the remainder of the allegations of Paragraph One of the Verified Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph Two of the Verified Complaint.

3. Admits the allegations of Paragraph Three of the Verified Complaint.

4. Admits the allegations of Paragraph Four of the Verified Complaint.

5. Admits the allegations of Paragraph Five of the Verified Complaint.

6. The allegations of Paragraph Six of the Verified Complaint contain legal conclusions which do not require a response.

7. Admits the allegations of Paragraph Seven of the Verified Complaint.

8. Admits that in October 2006, the Vessel transited to the port of Kashima, Japan to discharge a cargo of iron ore and, except as so admitted, denies the remaining allegations of Paragraph Eight of the Verified Complaint.

9. Admits the allegations of Paragraph Nine of the Verified Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 10 of the Verified Complaint.

11. Admits that the Vessel ran aground on or about October 24, 2006 and, except as so admitted, denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph Eleven of the Verified Complaint.

12. Admits that on or about December 27, 2006 the Vessel sank and, except as so admitted, denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph Twelve of the Verified Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph Thirteen of the Verified Complaint.

14. Denies the allegations of Paragraph Fourteen of the Verified Complaint.

15. Denies the allegations of Paragraph Fifteen of the Verified Complaint.

16. Admits the allegations of Paragraph Sixteen of the Verified Complaint.

17. Admits the allegations contained in Paragraph Seventeen of the Verified Complaint.

18. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph Eighteen of the Verified Complaint.

19. The allegations of Paragraph Nineteen of the Verified Complaint contain legal conclusions which do not require a response.

20. Denies the allegations contained in Paragraph Twenty of the Verified Complaint.

21. Denies the allegations contained in Paragraph Twenty-One of the Verified Complaint.

22. Admits that at the time the Verified Complaint was filed Defendant could not be found within the District for purposes of Supplemental Admiralty Rule B and, except as so admitted, denies the remaining allegations contained in Paragraph Twenty-Two of the Verified Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Verified Complaint fails to state a cause of action upon which relief may be granted.

### Second Affirmative Defense

Defendant is not liable to Plaintiff on the causes of action alleged in the Verified Complaint.

### Third Affirmative Defense

This Court lacks personal jurisdiction over the Defendant.

### Fourth Affirmative Defense

This Court lacks subject matter jurisdiction over this dispute.

### Fifth Affirmative Defense

This Court lacks *quasi in rem* jurisdiction over the Defendant.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the equitable doctrine of laches.

### Eighth Affirmative Defense

Any damages sustained by the Plaintiff, as alleged in the Verified Complaint, were proximately, directly or solely caused by the negligent acts of third persons for whom Defendant is not responsible and over which it had no direction or control.

### Ninth Affirmative Defense

Plaintiff knowingly and intentionally assumed any and all risk inherent in the carriage of the goods at issue by sea which is a complete bar to recovery.

### Tenth Affirmative Defense

Any damages that may have been sustained by Plaintiff, as alleged in the Verified Complaint, occurred as a direct result of Plaintiff's own negligent conduct, and not by any negligence of Defendant and as such Plaintiff is barred from recovery in this action.

### Eleventh Affirmative Defense

Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in the Verified Complaint, and its recovery, if any, must be diminished in proportion thereto.

### Twelfth Affirmative Defense

Plaintiff has failed to mitigate its damages.

### Thirteenth Affirmative Defense

The forum is inconvenient and the Verified Complaint should be dismissed pursuant to the doctrine of Forum Non-Conveniens.

### Fourteenth Affirmative Defense

This action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. §1404.

### Fifteenth Affirmative Defense

Plaintiff has failed to make proper service of process upon Defendant.

### Sixteenth Affirmative Defense

This Answer and Counterclaim is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

### Seventeenth Affirmative Defense

The claims for which security is sought are contingent, unaccrued, premature and/or not ripe for adjudication and should result in the vacatur of any attachment of Defendant's property.

### Eighteenth Affirmative Defense

All disputes between the parties are subject to arbitration in the City of London, England.

### Nineteenth Affirmative Defense

The Defendant is entitled to the protections and immunities of the United States Foreign Sovereign Immunities Act, 28 U.S.C. § 1600 *et seq.* and this action should therefore be dismissed and the attachment of Defendant's property vacated thereunder.

### Twentieth Affirmative Defense

As the bareboat charterer of the Vessel, Plaintiff is not the real party in interest with the right and title to pursue the claims alleged in the Verified Complaint.

### Twenty-First Affirmative Defense

As the bareboat charterer of the Vessel, Plaintiff has not suffered any loss or damage arising from the grounding and sinking of the Vessel.

### Twenty-Second Affirmative Defense

As the bareboat charterer of the Vessel, the claims set forth in the Verified Complaint are at most indemnity claims and Plaintiff has not alleged that it has suffered a judgment or paid damages to the actual owner of the Vessel. The Verified Complaint should therefore be dismissed because Plaintiff's indemnity claims are premature.

## COUNTERCLAIM

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all material times Plaintiff was a business organized under the laws of Hong Kong with an office at Suite 2101, 21/F1, Two International Finance Centre, 8 Finance Street, Central, Hong Kong.

3. At all material times, Defendant/Counterclaimant, China National Chartering Corporation was and still is a corporation organized and existing under the laws of the People's Republic of China, and owned by the government of the People's Republic of China, with an office and place of business in Beijing, People's Republic of China.

4. On or about August 2, 2006, Plaintiff, as disponent owner, and Defendant/Counterclaimant, as charterer, entered into a time charter party for the charter of the M/V OCEAN VICTORY (the "Vessel") for a period of between 5 and 7 months.

5. During the course of the Vessel's employment under the August 2, 2006 charter party, the Vessel ran aground at Kashima, Japan on or about October 24, 2007 and eventually sank on or about December 27, 2007.

6. The grounding of the Vessel and subsequent sinking was a direct and proximate result of the Plaintiff's breach of the charter party contract and/or its negligence or gross negligence in the operation and navigation of the Vessel.

7. As a result of the Vessel sinking, Defendant/Counterclaimant has suffered serious and substantial damages as follows:

   a. Overpayment of hire to the Plaintiff in the sum of $896,221.04;

   b. Indemnity for the loss of the bunkers on board the Vessel for which Defendant/Counterclaimant is liable to the sub-charterer, Daiichi Chuo in the sum of $834,999.85; and

   c. Loss of the Vessel for the remaining period of the charter party contract in the sum of $2,150,000.00;

   Total items (a-c): $3,881,220.89.

8. Defendant/Counterclaimant is entitled to interest on the foregoing items of damage at the rate of 6% over three years, compounded quarterly, in the total sum of $759,237.00.

9. Pursuant to Clause 73 of charter party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

10. The parties are currently engaged in active negotiations for the selection of an arbitrator for the commencement of the London arbitration to resolve their claims and counterclaims.

11. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs, including attorney's fees, arbitrator's fees, disbursements and interest are recoverable as an element of the Defendant/Counterclaimant's counterclaim.

12. Defendant/Counterclaimant anticipates and estimates that its recoverable legal fees and costs in the London arbitration will be $3,000,000.00.

13. As a further result of the grounding and sinking of the Vessel due to Plaintiff's breach of the charter party contract and/or negligence and/or gross negligence, Defendant/Counterclaimant has been forced to pursue indemnity claims against the sub-charterer of the Vessel, Daiichi Chuo, under a September 12, 3006 sub-charter party between Defendant/Counterclaimant and Daiichi Chuo.

14. As a further result of the grounding and sinking of the Vessel due to Plaintiff's breach of the charter party contract and/or negligence and/or gross negligence, Defendant/Counterclaimant is exposed to a claim of recoverable legal fees and costs incurred by Daiichi Chuo in the arbitration proceeding under the sub-charter party, which it estimates and anticipates will amount to $2,000,000, for which it is entitled to an indemnity from from Plaintiff.

15. Defendant's counterclaim concerns *inter alia* Plaintiff's breach of the charter party which contract formed the basis of Plaintiff's claims in this action against Defendant/Counterclaimant. Therefore, this counterclaim arises from the same transaction and/or occurrence that forms the basis of Plaintiff's claim.

16. The total amount of Defendant/Counterclaimant's counterclaim against the Plaintiff, *inclusive* of interest costs and legal fees, totals **$9,640,457.89**.

17. Defendant/Counterclaimant reserves the right to assert additional counterclaims and seek additional countersecurity from Plaintiff pursuant to Supplemental Admiralty Rule E(2)(b).

18. The Plaintiff cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant. Defendant/Counterclaimant reserves its right to seek an order of attachment pursuant to Supplemental Admiralty Rule B in this, or any related proceeding in this Court.

**WHEREFORE**, Plaintiff prays:

A. That the Court dismisses the Plaintiff's Verified Complaint;

B. That the Court cites Plaintiff to answer under oath all and singular the matters alleged in the Defendant/Counterclaimant's Counterclaim;

C. That the Court retain jurisdiction to compel the Plaintiff to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D. That pursuant to Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court issue an Order directing Plaintiff to post, within 10 business days, countersecurity in the sum of **$9,640,457.89,** in a form acceptable to Defendant/Counterclaimant and to be approved by the Court, failing which the attachment of any and all of Defendant's property attached in this action pursuant to Court's September 20, 2007 Ex Parte Order be immediately vacated;

      E.      That upon Plaintiff's posting of Countersecurity in the sum of **$9,640,457.89** that this matter be stayed pending arbitration in the City of London, England and that this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

      F.      That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the Counterclaim set forth herein as a judgment of this Court pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201, *et seq.*;

      G.      That this Court award Defendant/Counterclaimant its attorney's fees and costs of this action; and

      H.      That the Defendant/Counterclaimant have such other, further and different relief as the Court may deem just and proper.

Dated: October 18, 2007
       New York, New York

                          The Defendant,
                          CHINA NATIONAL CHARTERING CORPORATION,

                          By: _/s/ Patrick F. Lennon_
                          Patrick F. Lennon (PL 2162)
                          LENNON MURPHY & LENNON, LLC
                          The GrayBar Building
                          420 Lexington Ave., Suite 300
                          New York, NY 10170
                          (212) 490-6050 (phone)
                          (212) 490-6070 (fax)
                          pfl@lenmur.com

## ATTORNEY'S VERIFICATION

1. My name is Patrick F. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney with the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Defendant/Counterclaimant.

4. I have read the foregoing Verified Answer with Counterclaim and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Defendant is that the Defendant is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Defendant and agents and/or representatives of the Defendant.

7. I am authorized to make this Verification on behalf of the Defendant.

Dated: September 18, 2007
       New York, New York

_____
Patrick F. Lennon

## AFFIRMATION OF SERVICE

I hereby certify that on October 18, 2007, a copy of the foregoing Verified Answer and Counterclaim was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: _____
Patrick F. Lennon