# Declaration of Wang Baoshu

# EXHIBIT 10

## Company Law of the People's Republic of China

| | |
|---|---|
| Promulgation date: | 10-27-2005 |
| Effective date: | 01-01-2006 |
| Department: | STANDING COMMITTEE OF THE NATIONAL PEOPLE'S CONGRESS |
| Subject: | COMPANIES & ENTERPRISES |

Order of the President
(No. 42 [2005])

The Company Law of the People's Republic of China was amended and adopted at the 18th session of the Standing Committee of the Tenth National People's Congress of the People's Republic of China on October 27, 2005. The amended Company Law of the People's Republic of China is hereby promulgated and shall come into force as of January 1, 2006.

President of the People's Republic of China Hu Jintao
October 27, 2005

Company Law of the People's Republic of China

(Adopted at the Fifth Session of the Standing Committee of the Eighth National People"s Congress on December 29, 1993. Revised for the first time on December 25, 1999 according to the Decision of the Thirteenth Session of the Standing Committee of the Ninth People"s Congress on Amending the Company Law of the People's Republic of China. Revised for the second time on August 28, 2004 according to the Decision of the 11th Session of the Standing Committee of the 10th National People"s Congress of the People"s Republic of China on Amending the Company Law of the People's Republic of China. Revised for the third time at the 18th Session of the 10th National People"s Congress of the People"s Republic of China on October 27, 2005)

Contents

Chapter I General Provisions

Chapter II Establishment and Organizational Setup of A Limited Liability Company
Section 1 Establishment
Section 2 Organizational Setup
Section 3 Special Provisions on One-person Limited Liability Companies
Section 4 Special Provisions on Solely State-owned Companies

Chapter III Transfer of Stock Right of A Limited Liability Company
Chapter IV Establishment and Organizational Setup of A Joint Stock Limited Company

Section 1 Establishment
Section 2 Shareholders' Assembly
Section 3 Board of Directors, Managers
Section 4 Board of Supervisors
Section 5 Special Provisions on the Organizational Setup of A Listed Company

Chapter V Issuance and Transfer of Shares of A Joint Stock Limited Company
Section 1 Issuance of Shares
Section 2 Transfer of Shares
Chapter VI Qualifications and Obligations of the Directors, Supervisors and Senior Management of A Company

Chapter VII Corporate Bonds

Chapter VIII Financial Affairs and Accounting of A Company

Chapter IX Merger and Split-up of Company; Increase and Deduction of Registered Capital

Chapter X Dissolution and Liquidation of A Company

Chapter XI Branches of Foreign Companies

Chapter XII Legal Liabilities

Chapter XIII Supplementary Provisions

Chapter I General Provisions

Article 1 This Law is enacted for the purposes of regulating the organization and operation of companies, protecting the legitimate rights and interests of companies, shareholders and creditors, maintaining the socialist economic order, and promoting the development of the socialist market economy

Article 2 The term "company" as mentioned in this Law refers to a limited liability company or a joint stock company limited set up within the territory of the People"s Republic of China according to the provisions of this law.

Article 3 A company is an enterprise legal person, which has independent legal person property and enjoys the right to legal person property. It shall bear the liabilities for its debts with all its property. For a limited liability company, a shareholder shall be liable for the company to the extent of the capital contributions it has paid. For a joint stock limited company, a shareholder shall be liable for the company to the extent of the shares it has subscribed to.

Article 4 The shareholders of a company shall be entitled to enjoy the capital proceeds,

participate in making important decisions, choose managers and enjoy other rights.

Article 5 In conducting business operations, a company shall comply with the laws and administrative regulations, social morality, and business morality. It shall act in good faith, accept the supervision of the government and general public, and bear social responsibilities.

The legitimate rights and interests of a company shall be protected by law against and may not be trespassed.

Article 6 To establish a company, an application for establishment registration shall be filed with the company registration authority. If the application meets the establishment requirements of this Law, the company registration authority shall register the company as a limited liability company or joint stock limited company. If the application does not meet the establishment requirements of this Law, it shall not be registered as a limited liability company or joint stock limited company.

If any law or administrative regulation provides that the establishment of a company shall be subject to approval, and relevant approval formalities shall be gone through prior to the registration of the company.

The general public may consult the company registration matters at a company registration authority, which shall provide consulting services.

Article 7 For a lawfully established company, the company registration authority shall issue to it a company business license. The date of issuance of the company business license shall be the date of establishment of the company. The company business license shall state the name, domicile, registered capital, actually paid capital, business scope, legal representative, etc. If any of the items as stated in the business license is changed, the company shall modify the registration and the company registration authority shall replace its old business license by a new one.

Article 8 A limited liability company established according to this Law shall include the words "limited liability company" or "limited company" in its name. A joint stock limited company established according to this Law shall include words "joint stock limited company" or "joint stock company".

Article 9 A limited liability company to be changed into a joint stock limited company shall satisfy the requirements as prescribed in this Law for joint stock limited companies. A joint stock limited company to be changed into a limited liability company shall conform to the conditions as prescribed in this Law for limited liability companies. In either of the aforesaid cases, the creditor's rights and debts of the company prior to the change shall be succeeded by the company after the change.

Article 10 A company shall regard its main office as its domicile.

Article 11 A company established according to this law shall formulate its articles of association that are binding on the company, its shareholders, directors, supervisors and senior management.

Article 12 A company's business scope shall be defined in its articles of association and shall be registered according to law. The company may change its business scope by modifying its articles of association, but it shall go through the formalities for modifying the registration.

If the business scope a company covers any item subject to approval pursuant to any law or administrative regulation, approval shall be obtained in accordance with the law.

Article 13 The legal representative of a company shall, under its articles of association, be assumed by the chairman of the board of directors, acting director or manager and shall be registered in accordance with the law. If the legal representative of the company is changed, the company shall go through the formalities for modifying the registration.

Article 14 A company may set up branches. To set up a branch, the company shall file a registration application with the company registration authority and shall obtain a business license. A branch shall not enjoy the status of an enterprise legal person and its civil liabilities shall be born by its parent company.

A company may set up subsidiaries which enjoy the status of an enterprise legal person and shall be independently responsible for their own civil liabilities.

Article 15 A company may invest in other enterprises. However, unless it is otherwise provided for by any law, it shall not become a capital contributor that shall bears several and joint liabilities for the debts of the enterprises it invests in.

Article 16 Where a company intends to invest in any other enterprise or provide guaranty for others, it shall, under its articles of association, make a resolution through the board of directors, shareholders' meeting or shareholders' assembly. If the articles of association prescribe any limit on the total amount of investments or guaranties, or on the amount of a single investment or guaranty, the aforesaid total amount or amount shall not exceed the limited amount. If a company intends to provide guaranty to a shareholder or actual controller of the company, it shall make a resolution through the shareholder's meeting or shareholders' assembly.

The shareholder as mentioned in the preceding paragraph or the shareholder dominated by the actual controller as mentioned in the preceding paragraph shall not participate in voting on the matter as mentioned in the preceding paragraph. Such matter requires the affirmative votes of more than half of the other shareholders attending the meeting.

Article 17 A company shall protect the lawful rights and interests of its employees, sign employment contracts with the employees, buy social insurances, strengthen labor protection so as to ensure work safety.

A company shall, in various forms, intensify the professional education and in-service training of its employees so as to improve their personal quality.

Article 18 The employees of a company shall, in accordance with the Labor Union Law of the People's Republic of China, organize a labor union, which shall carry out union activities and safeguard the lawful rights and interests of the employees. The company shall provide necessary conditions for its labor union to carry out activities. The labor union shall, on behalf of the employees, sign collective contracts with the company with respect to the remuneration, working hours, welfare, insurance, work safety and sanitation, and other matters.

In accordance with the Constitution and other relevant laws, a company shall adopt democratic management in the form of assembly of the representatives of the employees or any other ways.

To make a decision on restructuring or any important issue relating to business operations, or to formulate any important bylaw, a company shall solicit the opinions of its labor union, and shall solicit the opinions and proposals of the employees through the assembly of the representatives of the employees or in any other way.

Article 19 An organization of the Chinese Communist Party shall, in accordance with the Charter of the Chinese Communist Party, be set up in the companies to carry out activities of the Chinese Communist Party. The company shall provide necessary conditions for the activities of the Chinese Communist Party.

Article 20 The shareholders of a company shall abide by the laws, administrative regulations and articles of association and shall exercise the shareholder's rights under the law. None of them may injure any of the interests of the company or of other shareholders by abusing the shareholder's rights, or injure the interests of any creditor of the company by abusing the independent status of legal person or the shareholder's limited liabilities.

Where any of the shareholders of a company causes any loss to the company or to other shareholders by abusing the shareholder's rights, it shall be liable for compensation.

Where any of the shareholders of a company evades the payment of its debts by abusing the independent status of legal person or the shareholder's limited liabilities, if it seriously injures the interests of any creditor, it shall bear several and joint liabilities for the debts of the company.

Article 21 Neither the controlling shareholder, nor the actual controller, nor any of the directors, supervisors or senior management of the company may injure the interests of the company by taking advantage of its connection relationship. Anyone who causes any loss to the company due to violating the preceding paragraph shall be liable for the compensation.

Article 22 A resolution of the shareholders' meeting, shareholders' assembly or board of

directors of the company that is in violation of any law or administrative regulation shall be null and void.

If the procedures for calling a shareholders' meeting or shareholders' assembly, or meeting of the board of directors, or the voting form, is in violation of any law, administrative regulation or the articles of association, or if a resolution is in violation of the articles of association of the company, the shareholders may, within 60 days from the day when the resolution is made, request the people's court to revoke it.

If the shareholders initiate a lawsuit under the preceding paragraph, the people's court shall, at the request of the company, demand the shareholders to provide corresponding guaranty.

Where a company has, according to the resolution of the shareholders' meeting, shareholders' assembly or meeting of the board of directors, completed the modification registration, if the people's court declares the resolution null and void or revoke the resolution, the company shall file an application with the company registration authority for revoking the modification registration.

Chapter II Establishment and Organizational Setup of A Limited Liability Company

Section 1 Establishment

Article 23 The establishment of a limited liability company shall meet the following conditions:
(1)The number of shareholders constitutes the quorum;
(2)The amount of capital contributions paid by the shareholders reaches the statutory minimum amount of the registered capital;
(3)The shareholders jointly work out the articles of association;
(4)The company has a name and its organizational setup complies with that of a limited liability company; and
(5)The company has a domicile.

Article 24 A limited liability company shall be established by no more than 50 shareholders that make capital contributions.

Article 25 A limited liability company shall state the following items:
(1)The name and domicile of the company;
(2) Business Scope of the company;
(3)Registered capital of the company;
(4)Names of shareholders;
(5) Forms, amount and date of capital contributions made by shareholders;
(6)The organizations of the company and its formation, their functions and rules of procedure;
(7)Legal representative of the company;
(8)Other matters deemed necessary by shareholders.

The shareholders should affix their signatures or seals to the articles of association of the company.

Article 26 The registered capital of a limited liability company shall be the total amount of capital contributions subscribed to by all the shareholders registered in the company registration authority. The amount of the initial capital contributions made by all shareholders shall not be less than 20% of the registered capital, nor less than the statutory minimum amount of registered capital, the margin shall be paid off by the shareholders within 2 years from the day when the company is established; for an investment company, it may be paid off within 5 years. The minimum amount of registered capital of a limited liability company shall be RMB 30, 000 yuan. If any law or administrative regulation prescribes a relatively higher minimum amount of registered capital of a limited liability company, the provisions of that law or administrative regulation shall be followed.

Article 27 A shareholder may make capital contributions in cash, in kind, or intellectual property right, land use right or other non-monetary properties that may be assessed on the basis of currency and may be transferred in accordance with the law, excluding the properties that shall not be treated as capital contributions under any law or administrative regulation.

The value of the non-monetary properties as capital contributions shall be assessed and verified, which shall not be over-valued or under-valued. If any law or administrative regulations provides for the value assessment, such law or administrative regulation shall be followed.

The amount of the capital contributions in cash paid by all the shareholders shall be no less than 30% of the registered capital of the limited liability company.

Article 28 Each shareholder shall make full payment for the capital contributions it has subscribed to according to the articles of association. If a shareholder makes his/its capital contribution in cash, he shall deposit the full amount of such cash capital contribution into a temporary bank account opened for the limited liability company. If any capital contributions are made in non-monetary properties, the appropriate transfer procedures for the property rights therein shall be followed in accordance with the law.
Where a shareholder fails to make his/its capital contribution as specified in the preceding paragraph, it shall not only make full payment to the company but also bear the liabilities for breach of contract to the shareholders who have make full payment of capital contributions on schedule.

Article 29 The capital contributions made by the shareholders shall be verified by a lawfully established capital verification institution, which shall issue a certification.

Article 30 After the initial capital contributions made by the shareholders have been verified by a lawfully established capital verification institution, the representative designated by all the shareholders or the agent entrusted by all the shareholders shall apply for establishment registration by submitting a company registration application, articles of association, capital

verification and other documents to the company registration authority.

Article 31 After the establishment of a limited liability company, if the actual value of the capital contributions in non-monetary properties is found to be apparently lower than that set forth in the articles of association of the company, the difference shall be made up by the shareholder who offered them, and the other shareholders of the company who established the company shall bear several and joint liabilities.

Article 32 After the establishment of a limited liability company, each shareholder shall be issued a capital contribution certificate, which shall specify the following:
(1) The name of the company;
(2) The date of establishment of the company;
(3) The company's registered capital;
(4) The name of the shareholder, the amount of his capital contribution, and the day when the capital contribution is made; and
(5) The serial number and date of issuance of the capital contribution certificate. The capital contribution certificate shall bear the seal of the company.

Article 33 A limited liability company shall prepare a register of shareholders, which shall record the following:
(1)The name of each shareholder and the domicile thereof;
(2)The amount of capital contributions made by each shareholder;
(3)The serial number of each capital contribution certificate.

The shareholders recorded in the register of shareholders may, pursuant to the register of shareholders, claim to and exercise the shareholder's rights.

A company shall register each shareholder's name and its amount of capital contributions in the company registration authority. Where any of the registered items is changed, it shall modify the registration. If the company fails to do so, it shall not, on the basis of the unregistered or un-modified registration item, stand up to any third party.

Article 34 Each shareholder shall be entitled to consult and copy the articles of association, minutes of the shareholders' meetings, resolutions of the meetings of the board of directors, resolutions of the meetings of the board of supervisors, as well as financial reports.

Each shareholder may request to consult the accounting books of the company. Where a shareholder requests to consult the accounting books of the company, it shall submit a written request, which shall state its motives. If the company, on the basis of any justifiable reason, considers that the shareholder's requests to consult the accounting books for any improper purpose may impair the legitimate interests of the company, it may reject the request of the shareholder to consult them and shall, within in 15 days after the shareholder submits a written request, give it a written reply, which shall include an explanation. If the company reject the request of any shareholder to consult the accounting books, the shareholder may plead the

people's court to demand the company to permit consultation.

Article 35 The shareholders shall distribute dividends on the basis of the percentages of capital contributions actually made by them unless all shareholders agree that the dividends are not distributed on the percentages of capital contributions. Where the company is to increase its capital, its shareholders have the preemptive right to subscribe to the increased amount on the basis of the same percentages of the old capital contributions they have made unless all shareholders agree that they will not subscribe to the increased amount of capital on the basis of the percentages of the old capital contributions they have made.

Article 36 After the establishment of a company, no shareholder may illegally take away the registered capital.

Section 2 Organizational Setup

Article 37 The shareholders' meeting of a limited liability company shall be composed of all the shareholders. It is the authority of the company and shall exercise its powers in accordance this Law.

Article 38 The shareholders' meeting shall exercise the following functions:
(1) Determining the company's operational guidelines and investment plans;
(2) Electing and changing the directors and supervisors assumed by non-representatives of the employees and deciding the matters relating to their remuneration;
(3) Deliberating and approving reports of the board of directors;
(4) Deliberating and approving reports of the board of supervisors or the supervisor;
(5) Deliberating and approving annual financial budget plans and final account plans of the company;
(6) Deliberating and approving company profit distribution plans and loss recovery plans;
(7) Making resolutions about the increase or reduction of the company's registered capital;
(8) Making resolutions about the issuance of corporate bonds;
(9) Adopting resolutions about the assignment, split-up, change of company form, dissolution, liquidation of the company;
(10) Revising the articles of association of the company;
(11) Other functions as specified in the articles of association.
For any of the matters as listed in the preceding paragraph, if all the shareholders consent to it in writing, it is not required to convene a shareholders' meeting. A decision may be made directly and shall bear the signatures or seals of all the shareholders.
Article 39 The shareholders' meeting shall be convened and presided over by the shareholder who made the largest percentage of capital contributions, and shall exercise its powers in accordance with this Law.
Article 40 The shareholders' meetings shall be classified into regular meetings and interim meetings. The regular meetings shall be timely held in accordance with the articles of association. Where an interim meeting is proposed by the shareholders representing 1/10 of the voting rights or more, or by directors representing 1/3 of the voting rights or more, or by the

board of supervisors, or by the supervisors of the company with no board of supervisors, an interim meeting shall be held.

Article 41 Where a limited liability company has set up a board of directors. The shareholders' meetings shall be convened by the board of directors and presided over by the chairman of the board of directors. If the chairman is unable or fails to perform his duties, the meetings thereof shall be presided over by the deputy chairman of the board of directors. If the deputy chairman of the board of directors is unable or fails to perform his duties, the meetings shall be presided over by a director jointly recommended by half or more of the directors.

For a limited liability company with no board of directors, the shareholders' meetings shall be convened and presided over by the acting director.

If the board of directors or the acting director is unable or fails to fulfill the duties of convening the shareholders' meeting, the board of supervisors or the supervisor of the company with no board of supervisors may convene and preside over such meetings. If the board of supervisors or supervisor does not convene or preside over such meetings, the shareholders representing 1 / 10 or more of the voting rights may convene and preside over such meetings on their own initiatives.

Article 42 Each shareholder shall be given a notice 15 days before a shareholders' meeting is held unless it is otherwise specified by the articles of association or it is otherwise stipulated by all the shareholders.

A shareholders' meeting shall make minutes for the decisions about the matters discussed at the meeting. The shareholders who attended the meeting shall affix their signatures to the minutes.

Article 43 The shareholders shall exercise their voting rights at the shareholders' meetings on the basis of their respective percentage of the capital contributions unless it is otherwise prescribed by the articles of association.

Article 44 Unless it is otherwise provided for by this Law, the discussion methods and voting procedures of the shareholders' meeting shall be provided for in the articles of association.

A resolution made at a shareholders' meeting on revising the articles of association, increasing or reducing the registered capital, merger, split-up, dissolution or change of the company form shall be adopted by the shareholders representing 2 / 3 or more of the voting rights.

Article 45 The board of directors established by a limited liability company shall be composed of 3 up to 13 members unless it is otherwise provided for in Article 51 of this Law. If a limited liability company established by 2 or more state-owned enterprises or other state-owned investors, the board directors shall include representatives of the employees of this company. The board directors of any other limited liability company may also include representatives of the employees of the company concerned. The employees' representatives who are to serve as

board directors shall be democratically elected by the employees of the company through the general assembly of the representatives of employees, employees' assembly of the company or in any other way. The board of directors shall have one chair and may have one or more deputy chairman. The appointment of the chairman and deputy chair shall be specified in the articles of association.

Article 46 The term of office of the directors shall be provided for by the articles of association, but each term of office shall not exceed 3 years. The directors may, after the expiry of their term of office, hold a consecutive term upon re-election. If no reelection is timely carried out after the expiry of the term of office of the directors, or if the number of the members of the board of directors is less than the quorum due to the resignation of some directors from the board of directors prior to the expiry of their term of office, the original directors shall, before the newly elected directors assume their posts, perform the powers of the directors in accordance with the laws, administrative regulations, as well as the articles of association.

Article 47 The board of directors shall be responsible for the shareholders' meeting and exercise the following functions:
(1)Convening shareholders' meetings and presenting reports thereto;
(2)Adopting resolutions made at the shareholders' meetings;
(3)Determining the operational plans and investment plans;
(4)Working out the company's annual financial budget plans and final account plans;
(5)Working out the company's profit distribution plans and loss recovery plans;
(6)Working out the company's plans on the increase or reduction of registered capital, as well as on the issuance of corporate bonds;
(7)Working out the company's plans on merger, split-up, change of the company form, dissolution, etc.;
(8)Making decisions on the establishment of the company's internal management departments;
(9)Making decisions on hiring or dismissing the company's manager and his remuneration, and, according to the nomination of the manger, deciding on the hiring or dismissal of vice manager(s) and the person in charge of finance as well as their remuneration;
(10)Working out the company's basic management system; and
(11)Other functions as specified in the articles of association.

Article 48 A meeting of the board of directors shall be convened and presided over by the chairman of the board of directors. If the chairman of the board of directors is unable or fails to perform his duties, it may be convened or presided over by the deputy chairman of the board of directors. If the deputy chairman of the board of directors is unable or fails to perform his duties, it may be convened or presided over by a director jointly recommended by half or more of the directors.

Article 49 Unless it is otherwise provided for by this Law, the discussion methods and voting procedures of the board of directors shall be specified by the articles of association.

The board of directors shall make minutes of the decisions about the matters discussed at the

meetings thereof. The shareholders who attend the meeting shall affix their signatures to the minutes.

In the voting on a resolution of the board of directors, one person shall have one vote.

Article 50 A limited liability company may have a manager, who shall be hired or dismissed upon decision of the board of directors. The manager shall be responsible for the board of directors and shall exercise the following powers:
(1)Taking charge of the management of the production and business operations of the company, organizing the implementation of the resolutions of the board of directors;
(2)Organizing the execution of the company's annual operational plans and investment plans;
(3)Drafting plans on the establishment of the company's internal management departments;
(4)Drafting the company's basic management system;
(5)Formulating the company's concrete bylaws;
(6)Proposing to hire or dismiss the company's vice manager(s) and person in charge of finance;
(7)Deciding on the hiring or dismissal of the persons-in-charge other than those who shall be decided by the board of directors; and
(8)Other powers conferred by the board of directors.

If the articles of association provide otherwise for the powers of managers, the articles of association shall be followed. The manager attends the meetings of the board of directors as a non-voting representative.

Article 51 For a limited liability company with a relatively small number of shareholders or for a relatively small limited liability company, it may have an acting director and no board of directors. The acting director may concurrently hold the post of the company's manger.

The powers of the acting director shall be specified in the articles of association.
Article 52 A limited liability company may set up a board of supervisors, which shall be composed of at least 3 persons. For a limited liability company in which there is a relatively small number of shareholders or which is relatively small in scale, it may have 1 or 2 supervisors and does not have to establish a board of supervisors. The board of supervisors shall include shareholders" representatives and representatives of the employees' of the company at an appropriate ratio to be specifically prescribed in the articles of association. The employees' representatives who are to serve as members of the board of supervisors shall be democratically elected by the employees of the company through the assembly of the employees' representatives, or employees' assembly or by any other means. The board of supervisors shall have one chairman, who shall be elected by half or more of all the supervisors. The chairman of the board of supervisors shall convene and preside over the meetings of the board of supervisors. If the chairman of supervisors is unable to or does not perform his duties, the supervisor recommended by half or more of the supervisors shall convene and preside over the meetings of the board of supervisors.
No director or senior manager may concurrently work as a supervisor.

Article 53 Each term of office of the supervisors shall be 3 years. The supervisors may, after the expiry of their term of office, hold a consecutive term upon re-election. If no reelection is timely carried out after the expiry of the term of office of the supervisors, or if the number of the members of the board of directors is less than the quorum due to the resignation of some directors from the board of supervisors prior to the expiry of their term of office, the original supervisors shall, before the newly elected supervisors assume their posts, exercise the powers of the supervisors in accordance with the laws, administrative regulations, as well as the articles of association.

Article 54 The board of supervisors or supervisor of a company with no board of supervisors may exercise the following powers:
(1)To check the financial affairs of the company;
(2)To supervise the duty-related acts of the directors and senior managers, to put forward proposals on the removal of any director or senior manager who violates any law, administrative regulation, the articles of association or any resolution of the shareholders' meeting;
(3)To demand any director or senior manager to make corrections if his act has injured the interests of the company;
(4)To propose to call interim shareholders' meetings, to call and preside over shareholders' meetings when the board of directors does not exercise the function of calling and presiding over shareholders' meetings as prescribed in this Law;
(5)To put forward proposals at shareholders' meetings;
(6)To initiate actions against directors or senior managers in accordance with Article 152 of this Law; and
(7)Other duties as provided for by the articles of association.

Article 55 The supervisors may attend the meetings of the board of directors as non-voting attendees, and may raise questions or suggestions about the matters to be decided by the board of directors.

If the supervisors of the board of supervisors or supervisor of the company with no board of directors find(s) that the company is running abnormally, they (he) may make investigations. Where necessary, they (he) may hire an accounting firm to help them (him) with the relevant expenses being born by the company.

Article 56 The board of supervisors shall hold meetings at least once a year. The supervisors may propose to hold interim meetings of the board of supervisors.

The discussion methods and voting procedures of the board of supervisors shall be specified in the articles of association unless it is otherwise provided for in this Law.

A resolution of the board of supervisors shall be adopted by half or more of the supervisors. The board of supervisors shall make minutes for the resolutions about the matter it discusses, which shall be signed by the supervisors in presence.

Article 57 The expenses necessary for the board of supervisors or supervisor of a company with no board of supervisors to perform its duties shall be borne by the company.

Section 3 Special Provisions on One-person Limited Liability Companies

Article 58 The provisions of this Section shall apply to the establishment and organizational setup of a one-person limited liability. For any matter not touched by this Section, it shall be governed by Sections 1 and 2 of this Chapter.

The term "one-person limited liability company" as mentioned in this Law refers to a limited liability company with only one natural person shareholder or legal person shareholder.

Article 59 The minimum amount of registered capital of a one-person limited liability company shall be RMB 100, 000 yuan. The shareholder shall, in a lump sum, pay the capital contributions as specified in the articles of association.

One natural person is allowed to establish merely one one-person limited liability company, which shall not establish any further one-person limited liability company.

Article 60 A one limited liability company shall, in the company registration, give a clear indication that it is solely-funded by one natural person or legal person and the same shall be specified in the business license of the company.

Article 61 The articles of association of a one-person limited liability company shall be formulated by the shareholder.

Article 62 A one-person limited liability company has no board of directors. When the shareholder make a decision on any of the matters as listed in Article 38 of this Law, he shall make it in written form, put his signature to it and preserve it in the company.

Article 63 A one-person limited liability company shall make a financial statement by the end of every fiscal year, which shall be subject to audit by an accounting firm.

Article 64 If the shareholder of a one-person limited liability company is unable to prove that the property of the one-person limited liability company is independent from his own property, he shall bear joint liabilities for the debts of the company.

Section 4 Special Provisions on Solely State-owned Companies

Article 65 The provisions of this Chapter shall apply to the establishment and organizational setup of the solely state-owned companies. Any matter not covered by this Chapter shall be governed by the provisions of Sections 1 and 2 of this Chapter.

The term "solely state-owned company" as mentioned in this law refers to a limited liability

company established through sole investment by the state, for which the State Council or the local people's government authorizes the state-owned assets supervision and administration institution of the people's government at the same level to perform the functions of the capital contributor.

Article 66 The articles of association of a solely state-owned company shall be formulated by the state-owned assets supervision and administration institution, or shall be drafted by the board of directors and then be submitted to the state-owned assets supervision and administration institution for approval.

Article 67 A solely state-owned company has no shareholders' meeting. The state-owned assets supervision and administration institution shall exercise the functions of the shareholders' meeting. The state-owned assets supervision and administration institution may authorize the company's board of directors to exercise some of the functions of the shareholders' meeting and decide on the important matters of the company, excluding those that must be decided by the state-owned assets supervision and administration, such as merger, split-up, dissolution of the company, increase or reduction of registered capital as well as the issuance of corporate bonds. For the merger, split-up, dissolution or application for bankruptcy of an important solely state-owned company, it shall, be subject to the examination of the state-owned assets supervision and administration institution, and then be submitted to the people's government at the same level for approval. The term "important solely state-owned company" as mentioned in the preceding paragraph shall be determined according to the provisions of the State Council.

Article 68 A solely state-owned company shall establish a board of directors, which shall exercise its functions in accordance with Articles 47 and 67 of this Law. Each term of office of the directors shall not exceed 3 years. The board of directors shall include representatives of the employees. The members of the board of directors shall be appointed by the state-owned assets supervision and administration institution, but of whom the representatives of the employees shall be elected through the assembly of the representatives of the employees of the company. The board of directors shall have one chairman and may have deputy chairman. The chairman and deputy chairman shall be designated by the state-owned assets supervision and administration institution from the members of the board of directors.

Article 69 A solely state-owned company shall have a manager, who shall be hired or dismissed by the board of directors. The manager shall exercise his powers in accordance with Article 50 of this Law. Upon consent of the state-owned assets supervision and administration institution, the members of the board of directors may concurrently hold the post of manager.

Article 70 None of the chairman, deputy chairman, directors and senior managers of a solely state-owned company may concurrently take up a post in any other limited liability company, joint stock limited company or any other economic organization unless it is so consented by the state-owned assets supervision and administration institution.

Article 71 The board supervisors of a solely state-owned company shall be composed of at least

5 persons, of whom the employees' representatives shall account for no less than 1/3, the concrete percentage shall be specified by the articles of association.

The members of the board of supervisors shall be appointed by the state-owned assets supervision and administration institution, however, of whom the employees' representatives shall be elected through the assembly of representatives of the employees of the company. The chairman of the board of supervisors shall be designated by the state-owned assets supervision and administration institution from the members of the board of supervisors. The board of supervisions shall exercise the functions as mentioned in Article 54 (1) through (3) of this Law and those provided for by the State Council.

Chapter III Transfer of Stock Right of A Limited Liability Company

Article 72 All or some of the stock rights of the shareholders of a limited liability company may be transferred among the shareholders.

Where a shareholder intends to transfer his/its stock rights to any non-shareholder, he/it shall be subject to the consent of more than half of the other shareholders. The shareholder shall give the other shareholders a written notice about the matters related to the transfer of stock rights for their consent. If any of the other shareholders fails to give it a reply within 30 days after it receives a written notice, it shall be deemed to have consented to the transfer. If half or more of the other shareholders disagree to the transfer, the shareholders who disagree to the transfer shall purchase the stock rights to be transferred. If they refuse to purchase these stock rights, they shall be deemed to have consented to the transfer. Under the same conditions, the other shareholders have a preemptive right to purchase the stock rights to be transferred upon their consent. If two or more shareholders claim the preemptive right, they shall determine their respective purchase percentage through negotiation. If they fail to reach an agreement during the negotiation, they shall exercise the preemptive right on the basis of their respective percentage of capital contributions.

Unless it is otherwise provided for the transfer of stock rights in the articles of association, the articles of association shall be followed.

Article 73 When the people's court transfers the stock rights of a shareholder pursuant to the mandatory enforcement procedure as provided in law, it shall notify the company and all the shareholders that the other shareholders have a preemptive right under the same conditions. If any of the other shareholders fails to exercise the preemptive right within 20 days after he/it receives the notice of the court, it shall be deemed to have waived his/its preemptive right.

Article 74 After a company transfers its stock rights in accordance with Articles 72 and 73 of this Law, it shall cancel the capital contribution certificate of the former shareholder, issue a capital contribution certificate to the new shareholder and modify the shareholders and their capital contributions in the articles of association and the register of shareholders. No voting of the shareholders' meeting is needed for the modification of the articles of association due to the

said transfer of stock rights.

Article 75 Under any of the following circumstances, a shareholder, who votes against the resolution of the shareholders' meeting, may request the company to purchase its stock rights at a reasonable price:

(1)The company has not distributed any profit to the shareholders for 5 consecutive years, but it has made profits for five consecutive years and conforms to the profit distribution conditions as prescribed in this Law;

(2)The merger, split-up, or transfer of the main properties of the company;

(3)When the business term as specified in the articles of association expires or other reasons for dissolution as prescribed in the articles of association occur, the shareholders' meeting makes the company continue existing by adopting a resolution on modifying the articles of association.

Within 60 days after the resolution is adopted at the shareholders' meeting, if the shareholder and the company fails to reach an agreement on the purchase of stock rights, the shareholder may initiate a lawsuit in the people's court within 90 days after the resolution is adopted at the shareholders' meeting.

Article 76 After death of a natural person shareholder, his lawful inheritor may inherit the shareholder's qualifications unless it is otherwise provided for by the articles of association.

Chapter IV Establishment and Organizational Setup of A Joint Stock Limited Company

Section 1 Establishment

Article 77 The establishment of a joint stock limited company shall satisfy the following conditions:

(1)The number of promoters meets the quorum requirement;

(2)The capital stock subscribed to by the promoters and raised by stock floatation reaches the minimum amount of the statutory capital;

(3)The issuance of shares and the preparatory work conform to the provisions of the law;

(4)The articles of association are formulated by the promoters, and are adopted at the establishment meeting if the company is to be launched by stock floatation;

(5)The company has a name and its organizational setup complies with that of a joint stock limited company

(6)The company has a domicile.

Article 78 A joint stock limited company may be established by way of promotion or stock floatation.

The establishment of a company by promotion means that the promoters establish a company by subscribing to all of the shares that should be issued by the company.

The establishment of a company by stock floatation means that the promoters establish a company by subscribing to some of the shares that should be issued by the company and

offering the remaining shares to the general public or to particular objects for subscription.

Article 79 To establish a joint stock limited company, there shall not be less than 2 but not more than 200 promoters, of whom half or more shall have a domicile within the territory of China.

Article 80 The promoters of a joint stock limited company shall undertake the preparatory work of the company. They shall conclude a promoters agreement to clarify their respective rights and obligations during the course of establishing the company.

Article 81 Where a joint stock limited company is established by promotion, its registered capital shall be the total capital stock subscribed by all the promoters as registered in the company registration authority. The minimum amount of initial capital contributions to be made by all promoters shall be not less than 20% of the total registered capital, the remaining amount shall be paid off by the promoters within 2 years from the day when the company is established, while for an investment company, the remaining amount may be paid off within 5 years. Before the registered capital is paid off, no stock may be offered to others for subscription.

Where a joint stock limited company is established by stock floatation, its registered capital shall be the total actually paid capital stock as registered in the company registration authority. The minimum amount of the registered capital of a joint stock limited company shall be RMB 5 million yuan. If any law or administrative regulation provides a relatively higher minimum amount of registered capital, such provision shall be followed.

Article 82 The articles of association of a joint stock limited company shall specify the following matters:
(1)The name and address of the company;
(2)The business scope of the company;
(3)The form of company establishment;
(4)Total shares, par value of each share, and the amount of registered capital of the company;
(5)The name of each promoter, the shares it has subscribed to, as well as the form and date of capital contributions;
(6)The formation, powers, term of office, and rules of procedure of the board of directors,
(7)The legal representative of the company;
(8)The composition, powers, term of office, and rules of procedure of the board of directors;
(9)The composition, powers, term of office, and rules of procedure of the supervisory board;
(10)The method for profit distribution of the company;
(11)The reasons for dissolution of the company and liquidation methods;
(12)The methods for issuing notices or public announcements of the company; and
(13)Other matters deemed necessary by the meetings of shareholders' assembly.

Article 83 The form of capital contributions of promoters shall be governed by the provisions in Article 27 of this Law.

Article 84 When establishing a joint stock company limited by promotion, the promoters shall

subscribe, in writing, to the full amount of shares provided for in the articles of association. In the case of paying the capital contributions at one time, the promoters shall make the payment in a lump sum; in the case of paying the capital contributions by installments, the promoters shall make the down payment immediately. In the case of making capital contributions in non-monetary properties, the promoters shall go through the procedures for the transfer of property rights in pursuance of the law.

If any of the promoters fails to make capital contributions by following the provisions of the preceding paragraph, it shall bear the liabilities for breach of contract under the stipulations in the promoters agreement.

After the promoters have made their down payment, they should elect the board of directors and board of supervisors. The board of directors shall file a registration application with the company registration authority and submit thereto the articles of association, the capital verification certification as issued by a lawfully established capital verification institution, as well as other documents as provided for by the laws and administrative regulations.

Article 85 For a joint stock limited company established by stock flotation, the shares subscribed to by the promoters shall not be less than 35 % of the total shares. However, if it is otherwise provided for by any law or administrative regulation, such law or administrative regulation shall prevail.

Article 86 For the public offer shares, the promoters shall publish a prospectus and prepare share subscription forms. The share subscription form shall contain the items listed in Article 87, and a subscriber shall fill in the number and amount of shares he subscribes to, and his domicile, and shall affix his signature or seal thereto. A subscriber shall pay the shares according to the number of shares he has subscribed to.

Article 87 The prospectus shall be accompanied by the articles of association formulated by the promoters and shall state the following:
(1)The number of shares subscribed to by the promoters;
(2)The par value and issuing price of each share;
(3)The total number of unregistered stocks issued;
(4)The purposes of the fund raised;
(5)The rights and obligations of the subscribers; and
(6)The beginning and ending dates for the public offer and a statement that the subscribers may revoke their subscriptions if the offer is under-subscribed at the close of the offer.

Article 88 The public offer shares shall be underwritten by a lawfully established securities company and an underwriting agreement shall be concluded.

Article 89 For the public offer shares, the promoters shall sign an agreement with the receiving bank.

The receiving bank shall receive and hold as agent the payments for shares according to the agreement, produce receipts to subscribers who have made the payments, and shall be obliged to produce evidence of receipt of payments to the relevant departments.

Article 90 After full payments have been made for the public offer shares, they shall be verified by a lawfully established capital verification institution and a certification shall be issued thereby. The promoters shall hold a company establishment meeting within 30 days, which shall be composed of the subscribers. If the public offer shares are not fully subscribed to at the expiration of the time limit prescribed in the prospectus, or if the promoters fail to hold an establishment meeting within 30 days after full payment for the public offer shares is made, the subscribers may demand the promoters to make repayments for the public offer shares plus an interest calculated at the bank deposit interest rate for the same period.

Article 91 The promoters shall notify each subscriber of the date of the establishment meeting or make a public announcement about the meeting 15 days in advance. The establishment meeting may not be held unless subscribers representing at least half of the shares appear. The establishment meeting shall exercise the following powers:
(1) Deliberating the report on the pre-establishment activities prepared by the sponsors;
(2) Adopting the articles of association;
(3)Electing members of the board of directors;
(4)Electing members of the board of supervisors;
(5)Verifying expenses incurred for the establishment of the company;
(6) Verifying the value of the assets contributed by the promoters in lieu of pecuniary payment for the shares;
(7)Where any force majeure or any material change in the operational conditions that may affect the company"s establishment occurs, a resolution not to establish the company may be adopted.
A resolution adopted at the establishment meeting on any of the matters as mentioned in the previous paragraph requires affirmative votes by subscribers representing more than half of the votes of those attending the meeting.

Article 92 The promoters and subscribers shall not withdraw their share capital after making payments for the shares they have subscribed to or after making capital contributions by using non-monetary properties, unless the public offer shares have not been fully subscribed within the time limit, the promoters fail to convene the establishment meeting within the time limit, or the establishment meeting has decided not to set up the company.

Article 93 The board of directors shall, within 30 days after the establishment meeting ends, file a registration application with the company registration authority and submit thereto the following documents:
(1)A company registration application;
(2)The minutes of the establishment meeting;
(3)The articles of association;
(4)A capital verification certification;
(5)The appointment documents and identity certificates of the legal representative, directors,

supervisors;
(6)The certifications for the legal person or natural person status of the promoters; and
(7)The certification for the domicile of the company.

For a joint stock limited company established by stock floatation that makes public stock offerings, besides the aforementioned documents, it shall submit to the company registration authority the approval documents issued by the securities regulatory institution of the State Council.

Article 94 After the establishment of a joint stock limited company, if any of the promoters fails to make full payments for the capital contributions as stipulated in the articles of association, it shall make up the arrears and the other promoters shall bear several and joint liabilities.

After the establishment of a joint stock limited company, if it is found that the actual value of the non-monetary properties used as capital contributions for the establishment of the company is obviously lower than that as stipulated in the articles of association, the promoter who made the capital contribution shall make up the difference and the other promoters shall bear several and joint liabilities.

Article 95 The promoters of a joint stock limited company shall bear the following liabilities:
(1)In the event of failure to establish the company, being jointly and severally liable for the debts and expenses incurred from the pre-establishment activities;
(2)In the event of failure to establish the company, being liable for refunding the paid-in capital as well as the interests thereof calculated at the bank interest rate for the same period; and
(3)If the company's interest is injured in the course of its establishment due to the negligence of the promoters, being liable for making compensations to the company.

Article 96 Where a limited liability company is changed into a joint stock limited company, the total amount of the paid-in capital shall not be less than the total amount of the net assets. Where a limited liability company is changed into a joint stock limited company, the public offer stocks issued for the purpose of increasing the capital shall comply with the law.

Article 97 A joint stock limited company shall prepare and keep in the company the articles of association, register of the shareholders, stub of corporate bonds, minutes of the shareholders' assembly meetings, minutes of the meetings of the board of directors, minutes of the meetings of the board of supervisors, and financial reports.

Article 98 The shareholders shall be entitled to consult the articles of association, register of the shareholders, stub of corporate bonds, minutes of the shareholders' assembly meetings, minutes of the meetings of the board of directors, minutes of the meetings of the board of supervisors, and financial reports, and may put forward proposals or raise questions about the business operations of the company.

Section 2 Shareholders' Assembly

Article 99 The shareholders' assembly of a joint stock limited company shall be composed of all the shareholders. It is the company's organ of power, which shall exercise its powers in accordance with the law.

Article 100 The provisions regarding the powers of the shareholders' assembly of a limited liability company as prescribed in the first paragraph of Article 38 of this law shall apply to the shareholders' assembly of a joint stock limited company.

Article 101 An annual session of the shareholders' assembly shall be held each year. Under any of the following circumstances, an interim shareholders' assembly session shall be held within 2 months:
(1)The number of directors is less than two-thirds of the number of directors as required by this law or the number of directors as specified in the articles of association;
(2)The un-recovered losses of the company reach one-third of the total pain-in capital;
(3)At the request of the shareholders separately or aggregately holding 10% or more of the company''s shares;
(4)The board of directors deems it necessary;
(5)At the request of the board of supervisors; and
(6)Other circumstances as specified in the articles of association.

Article 102 A session of the shareholders' assembly shall be convened by the board of directors and shall be presided over by the chairman of the board of directors. If the chairman is unable or fails to perform his duties, the meetings thereof shall be presided over by the deputy chairman of the board of directors. If the deputy chairman of the board of directors is unable or fails to perform his duties, the meetings shall be presided over by a director jointly recommended by half or more of the directors.

If the board of directors or the acting director is unable or fails to fulfill the obligation of convening the meetings of the shareholders' assembly, the board of supervisors shall convene and preside over such meetings. If the board of supervisors does not convene or preside over such meetings, the shareholders separately or aggregately holding 1/10 or more of the shares may convene and preside over such meetings on their own initiative.

Article 103 For a shareholders' assembly meeting to be held, a notice shall be given to each shareholder 20 days in advance, which shall state the time and place of the meeting, and the matters to be deliberated at the meeting. For an interim meeting of the shareholders' assembly, a notice shall be given to each shareholder 15 days in advance. For the issue of unregistered stocks, the time and place of the meeting and the matters to be deliberated at the meeting shall be announced 30 days in advance.

The shareholders separately or aggregately holding 3% or more of the shares of the company may put forward a written interim proposal to the board of directors 10 days before a shareholders' assembly is held. The board of directors may notify other shareholders within 2

days and submit the interim proposal to the meeting of the shareholders' assembly for deliberation. The contents of an interim proposal shall fall within the scope to be decided by the shareholders' assembly, and the interim proposal shall have a clear topic for discussion and matters to be decided.

The shareholders' assembly shall not make any decision on any matter not listed in the notice as mentioned in the preceding two paragraphs. If the holders of unregistered stocks attend the shareholders' assembly, they shall have their stocks preserved in the company during the period from 5 days before the meeting is held to the day when the shareholders' assembly is closed.

Article 104 When a shareholder attends a meeting of the shareholders' assembly, he shall have one voting right for each share he holds. However, the company has no voting right for its own shares it holds. When any resolution is to be made by the shareholders' assembly, it shall be adopted by shareholders representing more than half of the voting rights of the shareholders in presence. However, when the shareholders' assembly makes a decision to modify the articles of association, or to increase or reduce the registered capital, or a resolution about the merger, split-up, dissolution or change of the company form, resolution shall be adopted by shareholders representing 2/3 or more of the voting rights of the shareholders in presence.

Article 105 For the important matters such as company transfer, being assignee of any important asset or providing guaranty for any other person, which shall be decided through the shareholders' assembly under this Law and the articles of association, the board of directors shall timely call a shareholders' assembly for voting.

Article 106 When the shareholders' assembly elects directors or supervisors, it may, under the articles of association or resolution of the shareholders' assembly, adopt a cumulative voting system. The term "cumulative voting system" as mentioned in this Law refers to a system of voting by shareholders for the election of directors or supervisors at a meeting of the shareholders' assembly in which the shareholder can multiply his voting rights by the number of candidates and vote them all for one candidate for director or supervisor.

Article 107 A shareholder may entrust an agent to attend a shareholders' assembly. The agent shall present a proxy issued by the shareholder to the company and shall exercise his voting rights within the authorization scope.

Article 108 The shareholders' assembly shall prepare minutes regarding the decisions about the matters discussed by it. The chair of the meeting and the directors in presence shall affix their signatures to the minutes, which shall be preserved together with the book of signatures of the shareholders in presence as well as the power of attorney thereof.

Section 3 Board of Directors and Manager

Article 109 A joint stock limited company shall set up a board of directors, which shall be composed of 5-19 persons.

The board of directors may include representatives of the company's employees. The representatives of the employees who serve as board directors shall be democratically elected through the assembly of the representatives of the employees, assembly of employees or otherwise.

The provisions in Article 46 of this Law on the term of office of the directors of a limited liability company shall apply to the director of a joint stock limited company.

The provisions in Article 47 of this Law on the functions of the board of directors of a limited liability company shall apply to the board of directors of a joint stock limited company.

Article 110 The board of directors shall have one chairman and may have a deputy chairman. The chairman and deputy chairmen shall be elected by more than half of all the directors.

The chairman of the board of directors shall call and preside over the meetings of the board of directors and check the implementation of the resolutions of the board of directors. The deputy chairman shall assist the chairman to work. If the chairman is unable or fails to perform his duties, the deputy chairman shall perform such duties. If the deputy chairman of the board of directors is unable or fails to perform his duties, a director who is jointly recommended by half or more of the directors shall perform such duties.

Article 111 The board of directors shall convene at least two meetings every year and shall give a notice to all directors and supervisors 10 days before it holds a meeting. The shareholders representing 1/10 or more of the voting rights, or 1/3 of the directors, or the board of supervisors may put forward a proposal on holding an interim meeting of the board of directors. The chairman of the board of directors shall, within 10 days after he receives such a proposal, call and preside over a meeting of the board of directors. If the board of directors holds an interim meeting, it may separately decide the method and time limit for the notification about convening meetings of the board of directors.

Article 112 No meeting of the board of directors may be held unless more than half of the directors are present. When the board of directors makes a resolution, it shall be adopted by more than half of all the directors.

For the voting on a resolution of the board of directors, a director shall have one vote only.

Article 113 The meetings of the board of directors shall be attended by the directors in person. Where any director is unable to attend the meeting for a certain reason, he may, by issuing a written proxy, entrust another director to attend the meeting on his behalf, and the proxy shall state the scope of authorization.
The board of directors shall prepare minutes regarding the resolutions on the matters discussed at the meeting, which shall be signed by the directors in presence. The directors shall be responsible for the resolutions of the board of directors. Where a resolution of the board of directors is in violation of any law, administrative regulation, articles of association, or

resolution of the shareholders' assembly and causes any serious loss to the company, the directors who participate in adopting the resolution shall make compensation. However, if a director is proven to have expressed his objection to the vote on such resolution and his objection was recorded in the minutes, then the director may be exempted from liability.

Article 114 A joint stock limited company may have a manager, who shall be hired or dismissed by the board of directors.
The provisions of Article 50 of this Law on the powers of the manager of a limited liability company shall apply to the manager of a joint stock limited company.

Article 115 The board of directors of a company may decide to appoint a member of the board of directors to concurrently take up the post of the manager.

Article 116 No company may, directly or via its subsidiary, lend money to any of its directors, supervisors or senior managers.

Article 117 A Company shall regularly disclose to its shareholders the information about remunerations obtained by the directors, supervisors and senior managers from the company.

Section 4 Board of Supervisors

Article 118 A joint stock limited company shall set up a board of supervisors, which shall be composed of at least 3 persons.

The board of supervisors shall include representatives of shareholders and an appropriate percentage of representatives of the company's employees. The percentage of the representatives of employees shall account for no less than 1/3 of all the supervisors, but the concrete percentage shall be specified in the articles of association. The representatives of employees who serve as members of the board of supervisors shall be democratically elected through the assembly of representatives of the company's employees, shareholders' assembly or by other means. The board of supervisors shall have one chairman and may have a deputy chairman. The chairman and deputy chairman shall elected by more than half of all the supervisors. The chairman of the board of supervisors shall call and preside over the meetings of the board of supervisors. If the chairman of the board of supervisors is unable or fails to perform his duties, the deputy chairman of the board of supervisors shall call and preside over the meeting of the board of supervisors. If the deputy chairman of the board of supervisors is unable or fails to perform the duties, a supervisor jointly recommended by half or more of the supervisors shall call and preside over the meetings of the board of supervisors.

No director or senior manager may concurrently act as a supervisor.

The provisions of Article 53 of this Law on the term of office of the supervisors of a limited liability company shall apply to the supervisors of a joint stock limited company.

Article 119 The provisions of Articles 54 and 55 of this Law on the functions of a limited liability company shall apply to the board of supervisors of a joint stock limited company/

The expenses necessary for the board of supervisors to exercise its functions shall be borne by the company.

Article 120 The board of supervisors shall hold at least one meeting every 6 months. The supervisors may propose to call interim meetings of the board of supervisors.

The discussion methods and voting procedures of the board of supervisors shall be specified in the articles of association unless it is otherwise provided for by this Law.

The board of supervisors shall prepare minutes for the decisions about the matters discussed at the meeting, which shall be signed by the supervisors in presence.

Section 5 Special Provisions on the Organizational Setup of A Listed Company

Article 121 The term "listed company" as mentioned in this Law refers to the joint stock limited companies whose stocks are listed and traded in a stock exchange.

Article 122 Where a listed company purchases or sells any important asset, or provides a guaranty of which the amount exceeds 30% of its total assets, a resolution shall be made by the shareholders' assembly and shall be adopted by shareholders representing 2/3 of the voting rights of the shareholders in presence.

Article 123 A listed company shall have independent directors. The concrete measures shall be formulated by the State Council.

Article 124 A listed company may have a secretary of the board of directors, who shall be responsible for the preparation of the sessions of shareholders' assembly and meetings of the board of directors, preservation of documents, management of the company's stock rights, information disclosure, etc.

Article 125 Where any of the directors has any relationship with the enterprise involved in the matter to be decided at the meeting of the board of directors, he shall not vote on this resolution, nor may he vote on behalf of any other person. The meeting of the board of directors shall not be held unless more than half of the unrelated directors are present at the meeting. A resolution of the board of directors shall be adopted by more than half of the unrelated directors. If the number of unrelated directors in presence is less than 3 persons, the matter shall be submitted to the shareholders' assembly of the listed company for deliberation.

Chapter V Issuance and Transfer of Shares of A Joint Stock Limited Company

Section 1 Issuance of Shares

Article 126 The capital of a joint stock limited company shall be divided into shares, and all the shares shall be of equal value.

The shares of the company are represented by stocks. A stock is a certificate issued by the company to certify the share held by a shareholder.

Article 127 The issuance of shares shall comply with the principle of fairness and impartiality. The shares of the same class shall have the same rights and benefits. The stocks issued at the same time shall be equal in price and shall be subject to the same conditions. The price of each share purchased by any organization or individual shall be the same.

Article 128 The stocks may be issued at a price equal to or in excess of par value, but not below par value.

Article 129 The stocks shall be in paper form or in other forms prescribed by the securities regulatory institution of the State Council.

A stock shall state the following major items:
(1)The company name;
(2)The company's date of establishment;
(3)The class and par value of the stock, as well as the number of shares it represents; and
(4)The serial number of the stock.

The stock shall bear the signature of the legal representative and the seal of the company.

The stocks held by the promoters shall be marked with the words "promoters' stocks".

Article 130 The stocks issued by a company may be registered stocks or unregistered stocks.

The stocks issued to promoters or legal persons shall be registered stocks, which shall state the names of such promoters or legal persons, and shall not be registered in any other person's name or the names of any representative.

Article 131 A company that issues registered stocks shall prepare a register of shareholders, which shall state the following:
(1)The name and domicile of each shareholder;
(2)The number of shares held by each shareholder;
(3)The serial numbers of the stocks held by each shareholder; and
(4)The date on which each shareholder acquired his shares.

A company issuing unregistered stocks shall record the amount, serial numbers and issuance date of the stocks.

Article 132 For the company's issuance of other shares not provided for in this Law, the State Council may formulate separate provisions.

Article 133 After a joint stock limited company is established, it shall formally deliver the stocks to the shareholders. No company may deliver any stock to the shareholders prior to its establishment.

Article 134 Where a company intends to issue new stocks, it shall, under its articles of association, make a resolution about the following matters through the shareholders' assembly or board of directors:
(1)The class and amount of new stocks;
(2)The issuing price of the new stocks;
(3)The beginning and ending dates for the issuance of new stocks; and
(4)The class and amount of the new stocks to be issued to the original shareholders.

Article 135 When a company publicly issues new stocks upon approval of the securities regulatory institution, it shall publish a new stock prospectus and its financial reports, and shall make a stock subscription form.

The provisions of Articles 88 and 89 of this Law shall apply to the public offering of new stocks of a company.

Article 136 When a company issues new stocks, it may make a pricing plan according to its business operations and financial status.

Article 137 After a company raises enough capital, it shall go through modification registration in the company registration authority and make an public announcement.

Section 2 Transfer of Shares

Article 138 The shares held by the stockholders may be transferred in accordance with the law.

Article 139 Where a stockholder intends to transfer its shares, it shall transfer its shares in a lawfully established stock exchange or by any other means as prescribed by the State Council.

Article 140 The transfer of a registered stock shall be effected by the stockholder's endorsement or by any other means prescribed by the relevant laws or administrative regulations. After the transfer, the company shall record the name and domicile of the transferee in the register of shareholders. Within 20 days before an assembly of shareholders is held, or within 5 days prior to the benchmark date decided by the company for the distribution of dividends, no modification registration may be made to the register of shareholders as mentioned in the preceding paragraph. However, if any law provides otherwise for the modification registration of the register of shareholders of listed companies, the latter shall prevail.

Article 141 The transfer of an unregistered stock takes effect as soon as the stockholder delivers the stock to the transferee.

Article 142 The shares of a company held by the promoters of this company shall not be transferred within 1 year after the date of the establishment of the company. The shares issued before the company publicly issues shares shall not be transferred within 1 year from the day when the stocks of the company get listed and are traded in a stock exchange.

The directors, supervisors and senior managers of the company shall declare to the company the shares held by them and the changes thereof. During the term of office, the shares transferred by any of them each year shall not exceed 25% of the total shares of the company he holds. The shares of the company held by the aforesaid persons shall not be transferred within 1 year from the day when the stocks of the company get listed and are traded in a stock exchange. After any of the aforesaid persons is removed from his post, he shall not transfer the shares of the company he holds. The articles of association may have other restrictions on the transfer of shares held by the directors, supervisors and senior managers.

Article 143 A company shall not purchase its own shares, however, except for any of the following circumstances:
(1)To decrease the registered capital of the company;
(2)To merge another company holding shares of this company;
(3)To award the employees of this company with shares; or
(4)It is requested by any shareholder to purchase his shares because this shareholder raises any objection to the company's resolution on merger or split-up made at any session of the assembly of shareholders.

Where a company needs to purchase its own shares for any of the reasons as mentioned in Items (1) through (3) of the preceding paragraph, it shall be subject to a resolution of the shareholders' assembly. After the company purchases its own shares pursuant to the provisions of the preceding paragraph, it shall, under the circumstance as mentioned in Item (1), write them off within 10 days after the purchase; while under either circumstance as mentioned in Item (2) or (4), transfer them or write them off within 6 months.

The shares purchased by the company in accordance with Item (3) of the preceding paragraph shall not exceed 5% of the total shares already issued by this company. The fund used for the share acquisition shall be paid from the after-tax profits of the company. The shares purchased by the company shall be transferred to the employees within 1 year.

No company may accept any subject matter taking the stocks of this company as a pledge.

Article 144 Where any registered stocks are stolen, lost or destroyed, the shareholder may request the people''s court to declare these stocks invalid in accordance with the public notice procedure prescribed in the Civil Procedural Law of the People''s Republic of China. After the people's court has invalidated these stocks, the shareholder may file an application to the company for the issuance of new stocks.

Article 145 The stocks of a listed company shall get listed and traded in accordance with the relevant laws, administrative regulations, as well as the dealing rules of the stock exchange.

Article 146 A listed company shall, in pursuance of the laws and administrative regulations, publicize its financial status, business operations and important lawsuits, and shall publish its financial reports once every six months in each fiscal year.

Chapter VI Qualifications and Obligations of the Directors, Supervisors and Senior Management of A Company

Article 147 Anyone who is under any of the following circumstances shall not assume the post of a director, supervisor or senior manager of a company:
(1)Being without civil capacity or with only limited civil capacity;
(2)Having been sentenced to any criminal penalty due to an offence of corruption, bribery, encroachment of property, misappropriation of property or disrupting the economic order of the socialist market and 5 years have not elapsed since the completion date of the execution of the penalty; or he has ever been deprived of his political rights due to any crime and 3 years have not elapsed since the completion date of the execution of the penalty;
(3)He was a former director, factory director or manager of a company or enterprise which was bankrupt and liquidated, whereby he was personally liable for the bankruptcy of such company or enterprise, and three years have not elapsed since the date of completion of the bankruptcy and liquidation of the company or enterprise;
(4)He was the legal representative of a company or enterprise, but the business license of this company or enterprise was revoked and this company or enterprise was ordered to close due to a violation of the law, whereby he is personally liable for the revocation, and three years have not elapsed since the date of the revocation of the business license thereof;
(5)He has a relatively large amount of debt which is due but uncleared.

Where a company elects or appoints any director or supervisor, or hires any senior manager by violating the provisions in the preceding paragraph, the election, appointment or hiring shall be invalidated. Where any director, supervisor or senior manager, during his term of office, is under any of the circumstances as mentioned in the preceding paragraph, the company shall remove him from his post.

Article 148 The directors, supervisors and senior managers shall comply with the laws, administrative regulations, and articles of association. They shall bear the obligations of fidelity and diligence to the company.

No director, supervisor or senior manager may take any bribe or other illegal gains by taking the advantage of his powers, or encroach on the property of the company.

Article 149 No director or senior manager may commit any of the following acts:
(1)Misappropriating the company's fund;
(2)Depositing the company's fund into an account in his own name or in any other individual's

name;

(3)Without consent of the shareholders' meeting, shareholders' assembly or board of directors, loaning the company's fund to others or providing any guaranty to any other person by using the company's property as in violation of the articles of association;

(4)Signing a contract or dealing with this company by violating the articles of association or without consent of the shareholders' meeting or shareholders' assembly;

(5)Without consent of the shareholders' meeting or shareholders' assembly, seeking business opportunities for himself or any other person by taking advantages of his powers, or operating for himself or for any other person any like business of the company he works for;

(6)Taking commissions on the transactions between others and this company into his own pocket;

(7)Illegally disclosing the company's secrets;

(8)Other acts inconsistent with the obligation of fidelity to the company. The income of any director or senior manager from any act in violation of the preceding paragraph shall belong to the company.

Article 150 Where any director, supervisor or senior manager violates any law, administrative regulation, or the articles of association during the course of performing his duties, if any loss is caused to the company, he shall be liable for compensation.

Article 151 If the shareholder's meeting or shareholders' assembly demands a director, supervisor or senior manager to attend the meeting as a non-voting representative, he shall do so and shall answer the shareholders' inquiries.

The directors and senior managers shall faithfully offer relevant information and materials to the board of supervisors or the supervisor of the limited liability company with no board of supervisors, none of them may impede the board of supervisors or supervisor from exercising its (his) powers.

Article 152 Where a director or senior manager is under the circumstance as mentioned in Article 150 of this Law, the shareholder(s) of the limited liability company or joint stock limited company separately or aggregately holding 1% or more of the total shares of the company for 180 consecutive days or more may request in writing the board of supervisors or the supervisor of the limited liability company with no board of supervisors to initiate a lawsuit in the people's court. If the supervisor is under the circumstance as mentioned in Article 150 of this Law, the aforesaid shareholder(s) may request in writing the board of directors or the acting director of the limited liability company with no board of directors to lodge an action in the people's court.

If the board of supervisors, or supervisor of a limited liability company with no board of supervisors, or board of directors or acting director refuses to lodge a lawsuit after it (he) receives a written request as mentioned in the preceding paragraph, or if it or he fails to initiate a lawsuit within 30 days after it receives the request, or if, in an emergency, the failure to lodge an action immediately will cause unrecoverable damages to the interests of the company, the shareholder(s) as listed in the preceding paragraph may, on their own behalf, directly lodge a

lawsuit in the people's court.

If the legitimate rights and interests of a company are impaired and any losses are caused to the company, the shareholders as mentioned in the preceding paragraph may initiate a lawsuit in the people's court according to the provisions of the preceding two paragraphs.

Article 153 If any director or senior manager damages the shareholders' interests by violating any law, administrative regulation, or the articles of association, the shareholders may lodge a lawsuit in the people's court.

Chapter VII Corporate Bonds

Article 154 The term "corporate bonds" as mentioned in this Law refers to the negotiable instruments that are issued by a company under the statutory procedures with guaranteed payment of the principal plus interest by a specified future date. To issue corporate bonds, a company shall satisfy the issuance requirements of the Securities Law of the People's Republic of China.

Article 155 After an application for issuing corporate bonds has been approved by the department authorized by the State Council, the company shall publish its bond issuance plan, which shall mainly state:
(1)the company's name;
(2)the purposes of use of the corporate bonds;
(3)the total amount of corporate bonds and par value thereof;
(4)the method for determining the interest rate of the bonds;
(5)the time limit and method for paying the principal plus interest;
(6)guaranty of the bonds;
(7)issuing price of the bonds, beginning and ending dates of the issuance;
(8)net assets of the company;
(9)total amount of corporate bonds having been issued but not yet due; and
(10)underwriters of the corporate bonds.

Article 156 The physical bonds issued by a company shall state the company's name, par value, interest rate, time limit for repayment, etc., and shall bear the signature of legal representative and seal of the company.

Article 157 The corporate bonds may be registered or unregistered bonds.

Article 158 A company shall prepare keep the stubs of corporate bonds.
If the company issues registered corporate bonds, the stubs thereof shall state:
(1)the name and domicile of the bondholders;
(2)the dates on which the bondholder acquires the bonds and the serial number of the bonds;
(3)the total amount of the bonds, par value, interest rate, time limit and method for repayment of principal plus interest; and

(4)the date on which the bonds are issued.

If the company issues unregistered corporate bonds, the stubs thereof shall state the total amount of the bonds, interest rate, time limit and method for repayment, issuance date and serial numbers of the bonds.

Article 159 The registration and settlement institution of registered corporate bonds shall establish bylaws on the registration, preservation, interest payment and acceptance of bonds.

Article 160 The corporate bonds may be transferred. The transfer price shall be negotiated between the transferor and transferee.

The transfer of any corporate bonds, which get listed and are traded in a stock exchange, shall follow the dealing rules of the stock exchange.

Article 161 The transfer of registered corporate bonds shall be effected by the bondholder"s endorsement or by other methods prescribed by the relevant laws and administrative regulations. In the case of transfer of registered bonds, the company shall record the transferee's name and domicile in the stub of corporate bonds.
The transfer of unregistered corporate bonds takes effect as soon as the bondholder delivers the bonds to the transferee.

Article 162 A listed company may, upon a resolution of the shareholders' assembly, issue corporate bonds that may be converted into stocks and shall work out concrete conversion measures in the corporate bond issuance plan. To issue corporate bonds that may be converted into stocks, a listed company shall file an application with the securities regulatory institution for examination and approval. The corporate bonds that may be converted into stocks shall be marked with the words "convertible corporate bonds" and the number of convertible company bonds shall be specified in the company"s record of bondholders.

Article 163 Where any convertible company bonds are issued, the company shall exchange its stocks for the bonds held by the bondholders in the prescribed method of conversion, provided that the bondholders have the option on whether or not to convert their bonds.

Chapter VIII Financial Affairs and Accounting of A Company

Article 164 A company shall establish its own financial and accounting bylaws in accordance with the laws, administrative regulations, and provisions of the treasury department of the State Council.

Article 165 A company shall, after the end of each fiscal year, formulate a financial report and shall have it audited by an accounting firm. The financial report shall be work out in accordance with the laws, administrative regulations, and provisions of the treasury department of the State Council.

Article 166 A limited liability company shall submit the financial report to each shareholder within the time limit as prescribed in the articles of association. The financial report of a joint stock limited company shall be ready for the consultation of the shareholders at the company 20 days before the annual meeting of the shareholders' assembly is held. A joint stock limited company of public offer stocks shall make a public announcement about its financial report.

Article 167 Where a company distributes its after-tax profits of the current year, it shall draw 10 percent of the profits as the company's statutory common reserve. It may stop drawing if the aggregate balance of the common reserve has already accounted for over 50 percent of the company's registered capital.
If the aggregate balance of the company's statutory common reserve is not enough to make up for the losses of the company of the previous year, the current year's profits shall first be used for making up the losses before the statutory common reserve is drawn therefrom according to the provisions of the preceding paragraph.

After the company has drawn statutory common reserve from the after-tax profits, it may, upon a resolution made by the shareholders' assembly, draw a discretionary common reserve from the after-tax profits. After the losses have been made up and common reserves have been drawn, the remaining profits shall be distributed to shareholders according to Article 35 of this Law in the case of a limited liability company and according to the number of shares held by shareholders as in the case of a joint stock company limited.

If the shareholders' meeting, shareholders' assembly or board of directors distributes the profits by violating the provisions of the preceding paragraph before the losses are made up and the statutory common reserves are drawn, the profits distributed must be refunded to the company. No profit may be distributed for the company's shares held by this company.

Article 168 The premium of a joint stock limited company from the issuance of stocks at a price above the par value of the stocks, and other incomes listed in the capital reserve under provisions of the treasury department of the State Council shall be listed as the company's capital reserve.

Article 169 The company's capital reserves shall be used for making up losses, expanding the production and business scale or increasing the registered capital of the company, but the capital reserve shall not be used for making up the company's losses.

When the statutory common reserve is changed to capital, the remainder of the common reserve shall not be less than 25 % of the registered capital prior to the increase.

Article 170 Where a company plans to hire or dismiss any accountant's firm to undertake the auditing of the company, a resolution shall be made by the shareholders' meeting or shareholders' assembly or the board of directors according to the provisions of the articles of association.

Where the shareholders' meeting or shareholders' assembly or the board of directors carries out a voting of the dismissal of any accountant's firm, it shall allow the accountant's firm to state its own opinions.

Article 171 A company shall provide to the accountant's firm it hires truthful and complete accounting vouchers, account books, financial and accounting statements, and other accounting materials, and may not refuse to do so or conceal any of them or make any false statements.

Article 172 Except for the statutory account books, no company may set up other account books.

No company asset may be deposited into any individual's account.

Chapter IX Merger and Split-up of Company; Increase and Deduction of Registered Capital

Article 173 A company merger may be effected by way of merger or consolidation.
In the case of merger, a company absorbs any other company and the absorbed company is dissolved; in the case of consolidation, two or more companies combine together for the establishment of a new one, and the existing ones are dissolved.

Article 174 To carry out a corporate merger, both parties to the merger shall conclude an agreement with each other and formulate balance sheets and checklists of properties. The companies involved shall, within ten days as of making the decision of merger, notify the creditors, and shall make a public announcement on a newspaper within 30 days. The creditors may, within 30 days as of receipt of the notice or within 45 days as of the issuance of the public announcement if it fails to receive a notice, demand the company to clear off its debts or to provide corresponding guaranties.

Article 175 To carry out a merger, the credits and debts of the companies involved shall be succeeded by the company that survives the merger or by the newly established company.

Article 176 To split a company, the properties thereof shall be divided accordingly. To split the company, balance sheets and checklists of properties shall be worked out. The company shall, within 10 days as of the day when the decision of split-up is made, inform the creditors and shall make a public announcement on a newspaper within 30 days.

Article 177 The post-split companies shall bear several and joint liabilities for the debts of a company before it is split up, unless it is otherwise prescribed by the company and the creditors before the split-up with regard to the clearing of debts in written agreement.

Article 178 Where a company finds it necessary to reduce its registered capital, it must work out balance sheets and checklists of properties.
The company shall, within ten days as of the day when the decision of reducing registered capital, notify the creditors and make a public announcement in a newspaper within 30 days. The creditors shall, within 30 days as of receipt of a notice or within 45 days as of the issuance

of the public announcement if it fails to receive a notice, be entitled to demand the company to clear off its debts or to provide corresponding guaranties. The registered capital of the company after reducing its registered capital is reduced shall not be any lower than the bottom line requirement as prescribed by law.

Article 179 Where a limited liability company increases its registered capital, the capital contributions of the shareholders for the increased amount shall be governed by the relevant provisions of the present Law regarding the capital contribution for the establishment of a limited liability company.
Where a joint stock limited company issues new stocks for increasing its registered capital, the subscription to new stocks by shareholders shall be governed by the relevant provisions of the present Law regarding the payment of stock money for the establishment of a joint stock limited company.

Article 180 Where, in the process of merger or split-up of a company, any of the registered items is changed, the company shall go through modification registration with the company registration authority. If it is dissolved, it shall be deregistered according to law. If any new company is established, it shall go through the procedures for company establishment according to law.
In the case of increasing or reducing its registered capital, a company shall go through modification registration with the company registration authority according to law.

Chapter X Dissolution and Liquidation of Company

Article 181 A company may be dissolved where:
(1) the term of business operation as prescribed by the articles of association expires or any of the matters for dissolution as prescribed in the articles of association of the company appears;
(2) the shareholders' meeting or the shareholders' assembly decides to dissolve it;
(3) it is necessary to be dissolved due to merger or split-up of the company;
(4) its business license is canceled or it is ordered to close down or to be dissolved according to law; or
(5) it is decided by the people's court to be dissolved according to Article 183 of this Law.

Article 182 Where any of the circumstances as prescribed in Article 181 (1) of this Law occurs, a company may continue to exist by amending its articles of association.
To amend its articles of association according to the provisions of the preceding paragraph, the consent of the shareholders who hold two thirds or more of the voting rights shall be obtained if it is a limited liability company, and the consent of two thirds or more of the voting rights the shareholders who attend the meeting of the shareholders assembly shall be obtained if it is a joint stock limited company.

Article 183 Where any company meets any serious difficulty in its operations or management so that the interests of the shareholders will face heavy loss if it continues to exist and it cannot be solved by any other means, the shareholders who hold ten percent or more of the voting rights of

all the shareholders of the company may plead the people's court to dissolve the company.

Article 184 Where any company is dissolved according to the provisions of Article 181 (1), (2), (4), or (5) of this Law, a liquidation group shall be formed within fifteen days as of the occurrence of the cause of dissolution so as to carry out a liquidation. The liquidation group of a limited liability company shall be composed of the shareholders, while that of a joint stock limited company shall be composed of the directors or any other people as determined by the shareholders' assembly. Where no liquidation group is formed within the time limit, the creditors may plead the people's court to designate relevant persons to form a liquidation group. The people's court shall accept such request and form a liquidation group so as to carry out a liquidation in a timely manner.

Article 185 The liquidation group may exercise the following functions during the process of liquidation:
(1) liquidating the properties of the company, producing balance sheets and asset checklists;
(2) notifying creditors by notice or public announcement;
(3) handling and liquidating the businesses of the company that have not been completed;
(4) clearing off the outstanding taxes and the taxes incurred in the process of liquidation;
(5) clearing off credits and debts;
(6) disposing of the residual properties; and
(7) participating in the civil proceedings of the company.

Article 186 The liquidation group shall, within ten days as of its formation, notify the creditors, and shall make a public announcement within 60 days on newspapers. Creditors shall, within thirty days as of receipt of a notice or within 45 days as of the issuance of the public announcement in the case of failing to receiving a notice, declare credits against the liquidation group.
To declare credits, a creditor shall describe the relevant matters and provide relevant evidential materials. The liquidation group shall record down the credits declared, and may not clear off any of the debt of any creditor during the period of credit declaration.

Article 187 The liquidation group shall, after liquidating the properties of the company and producing balance sheets and checklists of properties, make a plan of liquidation, and report it to the shareholders' meeting or the shareholders' assembly or the people's court for confirmation.
After paying off the liquidation expenses, wages of employees, social insurance premiums and legal indemnities, the outstanding taxes and the debts of the company, the residual properties may, in the case of a limited liability company, be distributed according to the proportion of capital contribution of the shareholders, or, in the case of a joint stock limited company,distributed according to the proportion of stocks held by the shareholders. During the term of liquidation, the company continues to exist, but may not carry out any business operation that has nothing to do with liquidation. None of the properties of the company may be distributed to any shareholder before they are used for the clearing off as described in the preceding paragraph.

Article 188 If the liquidation group finds that the properties of the company is not sufficient for clearing off the debts after liquidating the properties of the company, producing balance sheets and checklists of properties, it shall file an application to the people's court for bankruptcy.

Once the people's court makes a ruling declaring the company bankrupt, the liquidation group shall hand over the liquidation matters to the people's court.

Article 189 After the liquidation of the company is completed, the liquidation group shall formulate a liquidation report, which shall be submitted to the shareholders' meeting or the shareholders' assembly or the people's court for confirmation, and shall be submitted to the company registration authority for writing off its registration. It shall also make a public announcement about its termination.

Article 190 The members of the liquidation group shall devote themselves to their duties and perform their obligations of liquidation according to law.

None of the members of the liquidation group may take advantage of his position to take any bribe or any other illegal proceeds, nor may he misappropriate any of the properties of the company.

Where any of the members of the liquidation group causes any loss to the company or any creditor by intention or due to gross negligence, he shall make corresponding compensations.

Article 191 Where a company is declared bankrupt according to law, it shall carry out a bankruptcy liquidation according to the legal provisions concerning bankruptcy liquidation.

Chapter XI Branches of Foreign Companies

Article 192 The term "foreign company" as mentioned in this Law refers to a company established beyond the territory of China according to any foreign law.

Article 193 A foreign company which plans to establish any branch within the territory of China shall submit an application with the competent authority of China, and shall submit relevant documents such as the articles of incorporation, the company registration certificate as issued by the country of establishment, etc., and shall go through registration formalities with the company registration authority according to law and obtain a business license.

The measures for the examination and approval of the branches of foreign companies shall be separately formulated by the State Council.

Article 194 Where a foreign company establishes any branch within the territory of China, it must designate a representative or agent within the territory of China to take charge of the branch, and shall allocate to the branch funds which are in match with the business activities it is engaged in.

Article 195 The branches of foreign companies shall indicate in its name the nationality and the form of liability of the foreign company concerned.

The branch of a foreign company shall provide the articles of incorporation of the foreign

company concerned at its own place.

Article 196 A branch of a foreign company established within the territory of China does not have the status of a legal person.
A foreign company shall bear civil liabilities for the business operations of its branches carried out within the territory of China.

Article 197 The branches of foreign companies which are established upon approval shall abide by the laws of China in their business activities within the territory of China, and may not injure the social public interests of China, and the lawful rights and interests thereof shall be protected by Chinese law.

Article 198 Where a foreign company relinquishes any of its branches within the territory of China, it must clear off the debts thereof according to law, and shall carry out a liquidation according to the provisions of this Law regarding the procedures for the liquidation of companies. Before the debts are cleared off, it may not transfer any of the properties of the branch out of China.

Chapter XII Legal Liabilities

Article 199 Where anyone obtains the registration of any company by fabricating his registered capital, submitting false materials or by any other fraudulent means so as to conceal any important facts, he shall be ordered by the company registration authority to correct. In the case of fabricating his registered capital, he shall be fined not less than 5% but not more than 15% of the fabricated registered capital; in the case of submitting false materials or by any other fraudulent means so that any important facts are concealed, he shall be fined not less than 5,000 yuan but not more than 50,000 yuan; if the circumstances are serious, the company registration certificate shall be revoked or the business license shall be canceled.

Article 200 Any of the promoters or shareholders of a company who makes any false capital contribution or fails to deliver or fails to deliver in good time the money or non-monetary properties used as capital contribution shall be ordered by the company registration authority to correct and shall be fined not less than 5% but not more than 15% of the sum of false capital contribution.

Article 201 Where any promoter or shareholder unlawfully take away its capital contribution after the company is established, he shall be ordered by the company registration authority to correct, and shall be fined not less than 5% but not more than 15% of the capital contribution he has unlawfully taken away.

Article 202 Any company which establishes another set of account books apart from legally prescribed account books as in violation of the present Law shall be ordered by the treasury department of the people's government at the county level or above to correct, and shall be fined not less than 50,000 yuan but not more than 500, 000 yuan.

Article 203 Where any company makes any false records or conceals any important facts in such materials as financial and accounting statements submitted to the relevant departments in charge, the relevant department in charge shall impose a fine of not more than 30, 000 yuan but not more than 300, 000 yuan upon the directly liable persons in charge and other directly liable persons.

Article 204 Where any company fails to draw legal accumulative funds according to the present Law, it shall be ordered by the treasury department of the people's government at the county level or above to make up the amount it is due, and may be fined up to 200, 000 yuan.

Article 205 Where any company fails to notify its creditors by notice or by public announcement in the process of merger, split, reducing its registered capital or liquidation, it shall be ordered by the company registration authority to correct, and may be fined not less than 10, 000 yuan but not more than 100, 000 yuan.

Where, in the process of liquidation, any company hides any of its properties or makes any false record in its balance sheet or property checklist or distributes any of the company's property before clearing off its debts, it shall be ordered by the company registration authority to correct, and may be fined not less than 5% but not more than 10% of the value of the company properties it has hidden or distributed prior to the clearing of company debts, and the directly liable person-in-charge as well other directly liable persons may be fined not less than 10, 000 yuan but not more than100, 000 yuan.

Article 206 Where, in the process of liquidation, any company carries out any business activity which has nothing to do with the liquidation, it shall be admonished by the company registration authority and its illegal proceeds shall be confiscated.

Article 207 Where the liquidation group fails to submit a liquidation report to the company registration authority according to the provisions of the present Law or where any important fact is concealed or there is any important omission in the liquidation report it submits, it shall be ordered by the company registration authority to correct.

Where any member of the liquidation group takes advantage of his power to seek unlawful benefits for himself or any of his relatives or procures any unlawful gains or misappropriates any of the company's properties, he shall be ordered by the company registration authority to return the company property with his illegal gains being confiscated, and shall be fined 1 up to 5 times the illegal proceeds.

Article 208 Where any institution that undertakes the appraisal or verification of assets or the verification of certificates provides any false materials, its illegal proceeds shall be confiscated by the company registration authority, and it shall be fined 1 up to 5 times the illegal proceeds, and may be ordered by the competent administrative department to suspend its business operations or to cancel the qualifications certificates of the directly liable persons, and its business license shall be canceled.

Where any institution that undertakes the appraisal or verification of assets or the verification of

certificates has any important omission in the report it submits, it shall be ordered by the company registration authority to correct; if the circumstances are serious, it shall be fined 1 up to 5 times the proceeds it has obtained, and may be ordered by the competent administrative department to suspend its business operations, to cancel the qualifications certificate of the directly liable persons, and its business license may be canceled.

Where the appraisal result or proof of asset verification or certificate verification as provided by any institution that undertakes the appraisal or verification of assets or the verification of certificates is proved to be untrue, which has caused any loss to the creditors of the company, it shall bear the compensation liabilities within the sum which is found to be untrue, unless it could prove that it has no fault in the incurrence of the loss.

Article 209 Where any company registration authority registers any application which does not meet the conditions as provided for in the present Law or fails to register any application which meets the conditions as prescribed in the present Law, the directly liable person-in-charge and other directly liable persons shall be given an administrative sanction.

Article 210 Where the superior organ of any company registration authority forces the latter to register any application that does not meet the conditions as prescribed in the present Law or to refuse to any application that meets the conditions as provided for in the present Law or covers up for any illegal registration, the directly liable person-in-charge and other directly liable persons shall be given an administrative sanction according to law.

Article 211 Where anyone who fails to register as a limited liability company or joint stock limited company according to law but carries out its business operations in the name of a limited liability company or joint stock limited company or who fails to register as a subsidiary of any limited liability company or joint stock limited company according to law but carries out its business operations in the name of a subsidiary of any limited liability company or joint stock limited company, it shall be ordered by the company registration authority to correct or be clamped down on, and may be fined not more than 100,000 yuan.

Article 212 Where any company fails to start its business operations six months after it is established without justifiable reasons or suspends its business operations on its own initiative for consecutively six months after it has started business operations, its business license may be canceled by the company registration authority.

Where any registered item of any company changes, and the company fails to go through the corresponding modification procedures according to the present Law, it shall be ordered by the company registration authority to make modification registration within a time limit; if it still fails to make the registration, it shall be fined not less than 10, 000 yuan but not more than 100, 000 yuan.

Article 213 Where any foreign company violates this Law by unlawfully establishing any branch within China, it shall be ordered by the company registration authority to correct or to close down, and may be fined not less than 50,000 yuan but not more than 200, 000 yuan.

Article 214 Where anyone commits, in the name of any company, any serious violation of law so that the security of the state or the public interest of the society is injured, the business license of the company shall be revoked.

Article 215 Where any company violates any provision of this Law, it shall bear the corresponding civil liabilities of compensation, and shall pay the corresponding fines and pecuniary penalties; if the property thereof is not enough to pay for the compensations, it shall bear civil liabilities first.

Article 216 Where any company that violates the present Law and any crime is constituted, it shall be subject to criminal liabilities.

Chapter XIII Supplementary Provisions

Article 217 Definitions of the following terms:

(1) A "senior management person" refers to the manager, vice manager, person in charge of finance, the secretary of the board of directors of a listed company, or any other person as provided for in the articles of association.

(2) A "controlling shareholder" refers to a shareholder whose capital contribution occupies 5% or more in the total capital of a limited liability company or a shareholder whose stocks occupies more than 50% of the total equity stocks of a joint stock limited company or a shareholder whose capital contribution or proportion of stock is less than 50% but who enjoys a voting right according to its capital contribution or the stocks it holds is large enough to impose an big impact upon the resolution of the shareholders' meeting or the shareholders' assembly.

(3) An "actual controller" refers to anyone who is not a shareholder but is able to hold actual control of the acts of the company by means of investment relations, agreements or any other arrangements.

(4) "Connection relationship" refers to the relationship between the controlling shareholder, actual controller, director, supervisor, or senior management person of a company and the enterprise directly or indirectly controlled thereby and any other relationship that may lead to the transfer of any interest of the company. However, the enterprises controlled by the state do not incur a connection relationship therebetween simply because their shares are controlled by the state.

Article 218 The limited liability companies and joint stock limited companies invested by foreign investors shall be governed by the present Law. Where there are otherwise different provisions in any law regarding foreign investment, such provisions shall prevail.

Article 219 This Law shall become effective on January 1, 2006.

| 【法规标题】中华人民共和国公司法(2005 修订) | |
|---|---|
| 【发布部门】全国人大常委会 | 【发文字号】主席令 2005 年第 42 号 |
| 【批准部门】 | 【批准日期】 |
| 【发布日期】2005.10.27 | 【实施日期】2006.01.01 |
| 【时效性】现行有效 | 【效力级别】法律 |
| 【法规类别】公司综合规定 | 【唯一标志】60597 |

## 中华人民共和国主席令

## （第 42 号）

《中华人民共和国公司法》已由中华人民共和国第十届全国人民代表大会常务委员会第十八次会议于 2005 年 10 月 27 日修订通过，现将修订后的《中华人民共和国公司法》公布，自 2006 年 1 月 1 日起施行。

中华人民共和国主席　胡锦涛

2005 年 10 月 27 日

中华人民共和国公司法

（1993 年 12 月 29 日第八届全国人民代表大会常务委员会第五次会议通过　根据 1999 年 12 月 25 日第九届全国人民代表大会常务委员会第十三次会议《关于修改〈中华人民共和国公司法〉的决定》第一次修正　根据 2004 年 8 月 28 日第十届全国人民代表大会常务委员会第十一次会议《关于修改〈中华人民共和国公司法〉的决定》第二次修正　2005 年 10 月 27 日第十届全国人民代表大会常务委员会第十八次会议修订）

目录

第一章　总则

第二章　有限责任公司的设立和组织机构

第一节　设立

第二节　组织机构

第三节  一人有限责任公司的特别规定

第四节  国有独资公司的特别规定

第三章  有限责任公司的股权转让

第四章  股份有限公司的设立和组织机构

第一节  设立

第二节  股东大会

第三节  董事会、经理

第四节  监事会

第五节  上市公司组织机构的特别规定

第五章  股份有限公司的股份发行和转让

第一节  股份发行

第二节  股份转让

第六章  公司董事、监事、高级管理人员的资格和义务

第七章  公司债券

第八章  公司财务、会计

第九章  公司合并、分立、增资、减资

第十章  公司解散和清算

第十一章  外国公司的分支机构

第十二章  法律责任

第十三章  附则

## 第一章  总则

**第一条**  为了规范公司的组织和行为，保护公司、股东和债权人的合法权益，维护社会经济秩序，促进社会主义市场经济的发展，制定本法。

**第二条**  本法所称公司是指依照本法在中国境内设立的有限责任公司和股份有限公司。

**第三条**  公司是企业法人，有独立的法人财产，享有法人财产权。公司以其全部财产对公司的债务承担

责任。

有限责任公司的股东以其认缴的出资额为限对公司承担责任；股份有限公司的股东以其认购的股份为限对公司承担责任。

**第四条** 公司股东依法享有资产收益、参与重大决策和选择管理者等权利。

**第五条** 公司从事经营活动，必须遵守法律、行政法规，遵守社会公德、商业道德，诚实守信，接受政府和社会公众的监督，承担社会责任。

公司的合法权益受法律保护，不受侵犯。

**第六条** 设立公司，应当依法向公司登记机关申请设立登记。符合本法规定的设立条件的，由公司登记机关分别登记为有限责任公司或者股份有限公司；不符合本法规定的设立条件的，不得登记为有限责任公司或者股份有限公司。

法律、行政法规规定设立公司必须报经批准的，应当在公司登记前依法办理批准手续。

公众可以向公司登记机关申请查询公司登记事项，公司登记机关应当提供查询服务。

**第七条** 依法设立的公司，由公司登记机关发给公司营业执照。公司营业执照签发日期为公司成立日期。

公司营业执照应当载明公司的名称、住所、注册资本、实收资本、经营范围、法定代表人姓名等事项。

公司营业执照记载的事项发生变更的，公司应当依法办理变更登记，由公司登记机关换发营业执照。

**第八条** 依照本法设立的有限责任公司，必须在公司名称中标明有限责任公司或者有限公司字样。

依照本法设立的股份有限公司，必须在公司名称中标明股份有限公司或者股份公司字样。

**第九条** 有限责任公司变更为股份有限公司，应当符合本法规定的股份有限公司的条件。股份有限公司变更为有限责任公司，应当符合本法规定的有限责任公司的条件。

有限责任公司变更为股份有限公司的，或者股份有限公司变更为有限责任公司的，公司变更前的债权、债务由变更后的公司承继。

**第十条** 公司以其主要办事机构所在地为住所。

**第十一条** 设立公司必须依法制定公司章程。公司章程对公司、股东、董事、监事、高级管理人员具有约束力。

**第十二条** 公司的经营范围由公司章程规定，并依法登记。公司可以修改公司章程，改变经营范围，但是应当办理变更登记。

公司的经营范围中属于法律、行政法规规定须经批准的项目，应当依法经过批准。

**第十三条** 公司法定代表人依照公司章程的规定，由董事长、执行董事或者经理担任，并依法登记。公

司法定代表人变更，应当办理变更登记。

**第十四条**　公司可以设立分公司。设立分公司，应当向公司登记机关申请登记，领取营业执照。分公司不具有法人资格，其民事责任由公司承担。

公司可以设立子公司，子公司具有法人资格，依法独立承担民事责任。

**第十五条**　公司可以向其他企业投资；但是，除法律另有规定外，不得成为对所投资企业的债务承担连带责任的出资人。

**第十六条**　公司向其他企业投资或者为他人提供担保，依照公司章程的规定，由董事会或者股东会、股东大会决议；公司章程对投资或者担保的总额及单项投资或者担保的数额有限额规定的，不得超过规定的限额。

公司为公司股东或者实际控制人提供担保的，必须经股东会或者股东大会决议。

前款规定的股东或者受前款规定的实际控制人支配的股东，不得参加前款规定事项的表决。该项表决由出席会议的其他股东所持表决权的过半数通过。

**第十七条**　公司必须保护职工的合法权益，依法与职工签订劳动合同，参加社会保险，加强劳动保护，实现安全生产。

公司应当采用多种形式，加强公司职工的职业教育和岗位培训，提高职工素质。

**第十八条**　公司职工依照《中华人民共和国工会法》组织工会，开展工会活动，维护职工合法权益。公司应当为本公司工会提供必要的活动条件。公司工会代表职工就职工的劳动报酬、工作时间、福利、保险和劳动安全卫生等事项依法与公司签订集体合同。

公司依照宪法和有关法律的规定，通过职工代表大会或者其他形式，实行民主管理。

公司研究决定改制以及经营方面的重大问题、制定重要的规章制度时，应当听取公司工会的意见，并通过职工代表大会或者其他形式听取职工的意见和建议。

**第十九条**　在公司中，根据中国共产党章程的规定，设立中国共产党的组织，开展党的活动。公司应当为党组织的活动提供必要条件。

**第二十条**　公司股东应当遵守法律、行政法规和公司章程，依法行使股东权利，不得滥用股东权利损害公司或者其他股东的利益；不得滥用公司法人独立地位和股东有限责任损害公司债权人的利益。

公司股东滥用股东权利给公司或者其他股东造成损失的，应当依法承担赔偿责任。

公司股东滥用公司法人独立地位和股东有限责任，逃避债务，严重损害公司债权人利益的，应当对公司债务承担连带责任。

第二十一条 公司的控股股东、实际控制人、董事、监事、高级管理人员不得利用其关联关系损害公司利益。

违反前款规定，给公司造成损失的，应当承担赔偿责任。

第二十二条 公司股东会或者股东大会、董事会的决议内容违反法律、行政法规的无效。

股东会或者股东大会、董事会的会议召集程序、表决方式违反法律、行政法规或者公司章程，或者决议内容违反公司章程的，股东可以自决议作出之日起六十日内，请求人民法院撤销。

股东依照前款规定提起诉讼的，人民法院可以应公司的请求，要求股东提供相应担保。

公司根据股东会或者股东大会、董事会决议已办理变更登记的，人民法院宣告该决议无效或者撤销该决议后，公司应当向公司登记机关申请撤销变更登记。

## 第二章  有限责任公司的设立和组织机构

## 第一节  设立

第二十三条 设立有限责任公司，应当具备下列条件：

（一）股东符合法定人数；

（二）股东出资达到法定资本最低限额；

（三）股东共同制定公司章程；

（四）有公司名称，建立符合有限责任公司要求的组织机构；

（五）有公司住所。

第二十四条 有限责任公司由五十个以下股东出资设立。

第二十五条 有限责任公司章程应当载明下列事项：

（一）公司名称和住所；

（二）公司经营范围；

（三）公司注册资本；

（四）股东的姓名或者名称；

（五）股东的出资方式、出资额和出资时间；

（六）公司的机构及其产生办法、职权、议事规则；

（七）公司法定代表人；

（八）股东会会议认为需要规定的其他事项。

股东应当在公司章程上签名、盖章。

**第二十六条**　有限责任公司的注册资本为在公司登记机关登记的全体股东认缴的出资额。公司全体股东的首次出资额不得低于注册资本的百分之二十，也不得低于法定的注册资本最低限额，其余部分由股东自公司成立之日起两年内缴足；其中，投资公司可以在五年内缴足。

有限责任公司注册资本的最低限额为人民币三万元。法律、行政法规对有限责任公司注册资本的最低限额有较高规定的，从其规定。

**第二十七条**　股东可以用货币出资，也可以用实物、知识产权、土地使用权等可以用货币估价并可以依法转让的非货币财产作价出资；但是，法律、行政法规规定不得作为出资的财产除外。

对作为出资的非货币财产应当评估作价，核实财产，不得高估或者低估作价。法律、行政法规对评估作价有规定的，从其规定。

全体股东的货币出资金额不得低于有限责任公司注册资本的百分之三十。

**第二十八条**　股东应当按期足额缴纳公司章程中规定的各自所认缴的出资额。股东以货币出资的，应当将货币出资足额存入有限责任公司在银行开设的账户；以非货币财产出资的，应当依法办理其财产权的转移手续。

股东不按照前款规定缴纳出资的，除应当向公司足额缴纳外，还应当向已按期足额缴纳出资的股东承担违约责任。

**第二十九条**　股东缴纳出资后，必须经依法设立的验资机构验资并出具证明。

**第三十条**　股东的首次出资经依法设立的验资机构验资后，由全体股东指定的代表或者共同委托的代理人向公司登记机关报送公司登记申请书、公司章程、验资证明等文件，申请设立登记。

**第三十一条**　有限责任公司成立后，发现作为设立公司出资的非货币财产的实际价额显著低于公司章程所定价额的，应当由交付该出资的股东补足其差额；公司设立时的其他股东承担连带责任。

**第三十二条**　有限责任公司成立后，应当向股东签发出资证明书。

出资证明书应当载明下列事项：

（一）公司名称；

（二）公司成立日期；

（三）公司注册资本；

（四）股东的姓名或者名称、缴纳的出资额和出资日期；

（五）出资证明书的编号和核发日期。

出资证明书由公司盖章。

**第三十三条**  有限责任公司应当置备股东名册，记载下列事项：

（一）股东的姓名或者名称及住所；

（二）股东的出资额；

（三）出资证明书编号。

记载于股东名册的股东，可以依股东名册主张行使股东权利。

公司应当将股东的姓名或者名称及其出资额向公司登记机关登记；登记事项发生变更的，应当办理变更登记。未经登记或者变更登记的，不得对抗第三人。

**第三十四条**  股东有权查阅、复制公司章程、股东会会议记录、董事会会议决议、监事会会议决议和财务会计报告。

股东可以要求查阅公司会计账簿。股东要求查阅公司会计账簿的，应当向公司提出书面请求，说明目的。公司有合理根据认为股东查阅会计账簿有不正当目的，可能损害公司合法利益的，可以拒绝提供查阅，并应当自股东提出书面请求之日起十五日内书面答复股东并说明理由。公司拒绝提供查阅的，股东可以请求人民法院要求公司提供查阅。

**第三十五条**  股东按照实缴的出资比例分取红利；公司新增资本时，股东有权优先按照实缴的出资比例认缴出资。但是，全体股东约定不按照出资比例分取红利或者不按照出资比例优先认缴出资的除外。

**第三十六条**  公司成立后，股东不得抽逃出资。

## 第二节  组织机构

**第三十七条**  有限责任公司股东会由全体股东组成。股东会是公司的权力机构，依照本法行使职权。

**第三十八条**  股东会行使下列职权：

（一）决定公司的经营方针和投资计划；

（二）选举和更换非由职工代表担任的董事、监事，决定有关董事、监事的报酬事项；

（三）审议批准董事会的报告；

（四）审议批准监事会或者监事的报告；

（五）审议批准公司的年度财务预算方案、决算方案；

（六）审议批准公司的利润分配方案和弥补亏损方案；

（七）对公司增加或者减少注册资本作出决议；

（八）对发行公司债券作出决议；

（九）对公司合并、分立、解散、清算或者变更公司形式作出决议；

（十）修改公司章程；

（十一）公司章程规定的其他职权。

对前款所列事项股东以书面形式一致表示同意的，可以不召开股东会会议，直接作出决定，并由全体股东在决定文件上签名、盖章。

**第三十九条**　首次股东会会议由出资最多的股东召集和主持，依照本法规定行使职权。

**第四十条**　股东会会议分为定期会议和临时会议。

定期会议应当依照公司章程的规定按时召开。代表十分之一以上表决权的股东，三分之一以上的董事，监事会或者不设监事会的公司的监事提议召开临时会议的，应当召开临时会议。

**第四十一条**　有限责任公司设立董事会的，股东会会议由董事会召集，董事长主持；董事长不能履行职务或者不履行职务的，由副董事长主持；副董事长不能履行职务或者不履行职务的，由半数以上董事共同推举一名董事主持。

有限责任公司不设董事会的，股东会会议由执行董事召集和主持。

董事会或者执行董事不能履行或者不履行召集股东会会议职责的，由监事会或者不设监事会的公司的监事召集和主持；监事会或者监事不召集和主持的，代表十分之一以上表决权的股东可以自行召集和主持。

**第四十二条**　召开股东会会议，应当于会议召开十五日前通知全体股东；但是，公司章程另有规定或者全体股东另有约定的除外。

股东会应当对所议事项的决定作成会议记录，出席会议的股东应当在会议记录上签名。

**第四十三条**　股东会会议由股东按照出资比例行使表决权；但是，公司章程另有规定的除外。

**第四十四条**　股东会的议事方式和表决程序，除本法有规定的外，由公司章程规定。

股东会会议作出修改公司章程、增加或者减少注册资本的决议，以及公司合并、分立、解散或者变更

公司形式的决议，必须经代表三分之二以上表决权的股东通过。

**第四十五条** 有限责任公司设董事会，其成员为三人至十三人；但是，本法第五十一条另有规定的除外。

两个以上的国有企业或者两个以上的其他国有投资主体投资设立的有限责任公司，其董事会成员中应当有公司职工代表；其他有限责任公司董事会成员中可以有公司职工代表。董事会中的职工代表由公司职工通过职工代表大会、职工大会或者其他形式民主选举产生。

董事会设董事长一人，可以设副董事长。董事长、副董事长的产生办法由公司章程规定。

**第四十六条** 董事任期由公司章程规定，但每届任期不得超过三年。董事任期届满，连选可以连任。

董事任期届满未及时改选，或者董事在任期内辞职导致董事会成员低于法定人数的，在改选出的董事就任前，原董事仍应当依照法律、行政法规和公司章程的规定，履行董事职务。

**第四十七条** 董事会对股东会负责，行使下列职权：

（一）召集股东会会议，并向股东会报告工作；

（二）执行股东会的决议；

（三）决定公司的经营计划和投资方案；

（四）制订公司的年度财务预算方案、决算方案；

（五）制订公司的利润分配方案和弥补亏损方案；

（六）制订公司增加或者减少注册资本以及发行公司债券的方案；

（七）制订公司合并、分立、解散或者变更公司形式的方案；

（八）决定公司内部管理机构的设置；

（九）决定聘任或者解聘公司经理及其报酬事项，并根据经理的提名决定聘任或者解聘公司副经理、财务负责人及其报酬事项；

（十）制定公司的基本管理制度；

（十一）公司章程规定的其他职权。

**第四十八条** 董事会会议由董事长召集和主持；董事长不能履行职务或者不履行职务的，由副董事长召集和主持；副董事长不能履行职务或者不履行职务的，由半数以上董事共同推举一名董事召集和主持。

**第四十九条** 董事会的议事方式和表决程序，除本法有规定的外，由公司章程规定。

董事会应当对所议事项的决定作成会议记录，出席会议的董事应当在会议记录上签名。

董事会决议的表决，实行一人一票。

**第五十条** 有限责任公司可以设经理，由董事会决定聘任或者解聘。经理对董事会负责，行使下列职权：

（一）主持公司的生产经营管理工作，组织实施董事会决议；

（二）组织实施公司年度经营计划和投资方案；

（三）拟订公司内部管理机构设置方案；

（四）拟订公司的基本管理制度；

（五）制定公司的具体规章；

（六）提请聘任或者解聘公司副经理、财务负责人；

（七）决定聘任或者解聘除应由董事会决定聘任或者解聘以外的负责管理人员；

（八）董事会授予的其他职权。

公司章程对经理职权另有规定的，从其规定。

经理列席董事会会议。

**第五十一条**  股东人数较少或者规模较小的有限责任公司，可以设一名执行董事，不设董事会。执行董事可以兼任公司经理。

执行董事的职权由公司章程规定。

**第五十二条**  有限责任公司设监事会，其成员不得少于三人。股东人数较少或者规模较小的有限责任公司，可以设一至二名监事，不设监事会。

监事会应当包括股东代表和适当比例的公司职工代表，其中职工代表的比例不得低于三分之一，具体比例由公司章程规定。监事会中的职工代表由公司职工通过职工代表大会、职工大会或者其他形式民主选举产生。

监事会设主席一人，由全体监事过半数选举产生。监事会主席召集和主持监事会会议；监事会主席不能履行职务或者不履行职务的，由半数以上监事共同推举一名监事召集和主持监事会会议。

董事、高级管理人员不得兼任监事。

**第五十三条**  监事的任期每届为三年。监事任期届满，连选可以连任。

监事任期届满未及时改选，或者监事在任期内辞职导致监事会成员低于法定人数的，在改选出的监事就任前，原监事仍应当依照法律、行政法规和公司章程的规定，履行监事职务。

**第五十四条**  监事会、不设监事会的公司的监事行使下列职权：

（一）检查公司财务；

（二）对董事、高级管理人员执行公司职务的行为进行监督，对违反法律、行政法规、公司章程或者股东会决议的董事、高级管理人员提出罢免的建议；

（三）当董事、高级管理人员的行为损害公司的利益时，要求董事、高级管理人员予以纠正；

（四）提议召开临时股东会会议，在董事会不履行本法规定的召集和主持股东会会议职责时召集和主持股东会会议；

（五）向股东会会议提出提案；

（六）依照本法第一百五十二条的规定，对董事、高级管理人员提起诉讼；

（七）公司章程规定的其他职权。

**第五十五条**　监事可以列席董事会会议，并对董事会决议事项提出质询或者建议。

监事会、不设监事会的公司的监事发现公司经营情况异常，可以进行调查；必要时，可以聘请会计师事务所等协助其工作，费用由公司承担。

**第五十六条**　监事会每年度至少召开一次会议，监事可以提议召开临时监事会会议。

监事会的议事方式和表决程序，除本法有规定的外，由公司章程规定。

监事会决议应当经半数以上监事通过。

监事会应当对所议事项的决定作成会议记录，出席会议的监事应当在会议记录上签名。

**第五十七条**　监事会、不设监事会的公司的监事行使职权所必需的费用，由公司承担。

### 第三节　一人有限责任公司的特别规定

**第五十八条**　一人有限责任公司的设立和组织机构，适用本节规定；本节没有规定的，适用本章第一节、第二节的规定。

本法所称一人有限责任公司，是指只有一个自然人股东或者一个法人股东的有限责任公司。

**第五十九条**　一人有限责任公司的注册资本最低限额为人民币十万元。股东应当一次足额缴纳公司章程规定的出资额。

一个自然人只能投资设立一个一人有限责任公司。该一人有限责任公司不能投资设立新的一人有限责任公司。

**第六十条**　一人有限责任公司应当在公司登记中注明自然人独资或者法人独资，并在公司营业执照中载明。

**第六十一条**　一人有限责任公司章程由股东制定。

**第六十二条**  一人有限责任公司不设股东会。股东作出本法第三十八条第一款所列决定时,应当采用书面形式,并由股东签名后置备于公司。

**第六十三条**  一人有限责任公司应当在每一会计年度终了时编制财务会计报告,并经会计师事务所审计。

**第六十四条**  一人有限责任公司的股东不能证明公司财产独立于股东自己的财产的,应当对公司债务承担连带责任。

### 第四节  国有独资公司的特别规定

**第六十五条**  国有独资公司的设立和组织机构,适用本节规定;本节没有规定的,适用本章第一节、第二节的规定。

本法所称国有独资公司,是指国家单独出资、由国务院或者地方人民政府授权本级人民政府国有资产监督管理机构履行出资人职责的有限责任公司。

**第六十六条**  国有独资公司章程由国有资产监督管理机构制定,或者由董事会制订报国有资产监督管理机构批准。

**第六十七条**  国有独资公司不设股东会,由国有资产监督管理机构行使股东会职权。国有资产监督管理机构可以授权公司董事会行使股东会的部分职权,决定公司的重大事项,但公司的合并、分立、解散、增加或者减少注册资本和发行公司债券,必须由国有资产监督管理机构决定;其中,重要的国有独资公司合并、分立、解散、申请破产的,应当由国有资产监督管理机构审核后,报本级人民政府批准。

前款所称重要的国有独资公司,按照国务院的规定确定。

**第六十八条**  国有独资公司设董事会,依照本法第四十七条、第六十七条的规定行使职权。董事每届任期不得超过三年。董事会成员中应当有公司职工代表。

董事会成员由国有资产监督管理机构委派;但是,董事会成员中的职工代表由公司职工代表大会选举产生。

董事会设董事长一人,可以设副董事长。董事长、副董事长由国有资产监督管理机构从董事会成员中指定。

**第六十九条**  国有独资公司设经理,由董事会聘任或者解聘。经理依照本法第五十条规定行使职权。

经国有资产监督管理机构同意，董事会成员可以兼任经理。

**第七十条**　国有独资公司的董事长、副董事长、董事、高级管理人员，未经国有资产监督管理机构同意，不得在其他有限责任公司、股份有限公司或者其他经济组织兼职。

**第七十一条**　国有独资公司监事会成员不得少于五人，其中职工代表的比例不得低于三分之一，具体比例由公司章程规定。

监事会成员由国有资产监督管理机构委派；但是，监事会成员中的职工代表由公司职工代表大会选举产生。监事会主席由国有资产监督管理机构从监事会成员中指定。

监事会行使本法第五十四条第（一）项至第（三）项规定的职权和国务院规定的其他职权。

## 第三章　有限责任公司的股权转让

**第七十二条**　有限责任公司的股东之间可以相互转让其全部或者部分股权。

股东向股东以外的人转让股权，应当经其他股东过半数同意。股东应就其股权转让事项书面通知其他股东征求同意，其他股东自接到书面通知之日起满三十日未答复的，视为同意转让。其他股东半数以上不同意转让的，不同意的股东应当购买该转让的股权；不购买的，视为同意转让。

经股东同意转让的股权，在同等条件下，其他股东有优先购买权。两个以上股东主张行使优先购买权的，协商确定各自的购买比例；协商不成的，按照转让时各自的出资比例行使优先购买权。

公司章程对股权转让另有规定的，从其规定。

**第七十三条**　人民法院依照法律规定的强制执行程序转让股东的股权时，应当通知公司及全体股东，其他股东在同等条件下有优先购买权。其他股东自人民法院通知之日起满二十日不行使优先购买权的，视为放弃优先购买权。

**第七十四条**　依照本法第七十二条、第七十三条转让股权后，公司应当注销原股东的出资证明书，向新股东签发出资证明书，并相应修改公司章程和股东名册中有关股东及其出资额的记载。对公司章程的该项修改不需再由股东会表决。

**第七十五条**　有下列情形之一的，对股东会该项决议投反对票的股东可以请求公司按照合理的价格收购其股权：

（一）公司连续五年不向股东分配利润，而公司该五年连续盈利，并且符合本法规定的分配利润条件

的；

（二）公司合并、分立、转让主要财产的；

（三）公司章程规定的营业期限届满或者章程规定的其他解散事由出现，股东会会议通过决议修改章

程使公司存续的。

自股东会会议决议通过之日起六十日内，股东与公司不能达成股权收购协议的，股东可以自股东会会

议决议通过之日起九十日内向人民法院提起诉讼。

**第七十六条**  自然人股东死亡后，其合法继承人可以继承股东资格；但是，公司章程另有规定的除外。

## 第四章  股份有限公司的设立和组织机构

### 第一节  设立

**第七十七条**  设立股份有限公司，应当具备下列条件：

（一）发起人符合法定人数；

（二）发起人认购和募集的股本达到法定资本最低限额；

（三）股份发行、筹办事项符合法律规定；

（四）发起人制订公司章程，采用募集方式设立的经创立大会通过；

（五）有公司名称，建立符合股份有限公司要求的组织机构；

（六）有公司住所。

**第七十八条**  股份有限公司的设立，可以采取发起设立或者募集设立的方式。

发起设立，是指由发起人认购公司应发行的全部股份而设立公司。

募集设立，是指由发起人认购公司应发行股份的一部分，其余股份向社会公开募集或者向特定对象募

集而设立公司。

**第七十九条**  设立股份有限公司，应当有二人以上二百人以下为发起人，其中须有半数以上的发起人在

中国境内有住所。

**第八十条**  股份有限公司发起人承担公司筹办事务。

发起人应当签订发起人协议，明确各自在公司设立过程中的权利和义务。

**第八十一条** 股份有限公司采取发起设立方式设立的，注册资本为在公司登记机关登记的全体发起人认购的股本总额。公司全体发起人的首次出资额不得低于注册资本的百分之二十，其余部分由发起人自公司成立之日起两年内缴足；其中，投资公司可以在五年内缴足。在缴足前，不得向他人募集股份。

股份有限公司采取募集方式设立的，注册资本为在公司登记机关登记的实收股本总额。

股份有限公司注册资本的最低限额为人民币五百万元。法律、行政法规对股份有限公司注册资本的最低限额有较高规定的，从其规定。

**第八十二条** 股份有限公司章程应当载明下列事项：

（一）公司名称和住所；

（二）公司经营范围；

（三）公司设立方式；

（四）公司股份总数、每股金额和注册资本；

（五）发起人的姓名或者名称、认购的股份数、出资方式和出资时间；

（六）董事会的组成、职权和议事规则；

（七）公司法定代表人；

（八）监事会的组成、职权和议事规则；

（九）公司利润分配办法；

（十）公司的解散事由与清算办法；

（十一）公司的通知和公告办法；

（十二）股东大会会议认为需要规定的其他事项。

**第八十三条** 发起人的出资方式，适用本法第二十七条的规定。

**第八十四条** 以发起设立方式设立股份有限公司的，发起人应当书面认足公司章程规定其认购的股份；一次缴纳的，应即缴纳全部出资；分期缴纳的，应即缴纳首期出资。以非货币财产出资的，应当依法办理其财产权的转移手续。

发起人不依照前款规定缴纳出资的，应当按照发起人协议承担违约责任。

发起人首次缴纳出资后，应当选举董事会和监事会，由董事会向公司登记机关报送公司章程、由依法设定的验资机构出具的验资证明以及法律、行政法规规定的其他文件，申请设立登记。

**第八十五条** 以募集设立方式设立股份有限公司的，发起人认购的股份不得少于公司股份总数的百分之

三十五；但是，法律、行政法规另有规定的，从其规定。

**第八十六条** 发起人向社会公开募集股份，必须公告招股说明书，并制作认股书。认股书应当载明本法第八十七条所列事项，由认股人填写认购股数、金额、住所，并签名、盖章。认股人按照所认购股数缴纳股款。

**第八十七条** 招股说明书应当附有发起人制订的公司章程，并载明下列事项：

（一）发起人认购的股份数；

（二）每股的票面金额和发行价格；

（三）无记名股票的发行总数；

（四）募集资金的用途；

（五）认股人的权利、义务；

（六）本次募股的起止期限及逾期未募足时认股人可以撤回所认股份的说明。

**第八十八条** 发起人向社会公开募集股份，应当由依法设立的证券公司承销，签订承销协议。

**第八十九条** 发起人向社会公开募集股份，应当同银行签订代收股款协议。

代收股款的银行应当按照协议代收和保存股款，向缴纳股款的认股人出具收款单据，并负有向有关部门出具收款证明的义务。

**第九十条** 发行股份的股款缴足后，必须经依法设立的验资机构验资并出具证明。发起人应当自股款缴足之日起三十日内主持召开公司创立大会。创立大会由发起人、认股人组成。

发行的股份超过招股说明书规定的截止期限尚未募足的，或者发行股份的股款缴足后，发起人在三十日内未召开创立大会的，认股人可以按照所缴股款并加算银行同期存款利息，要求发起人返还。

**第九十一条** 发起人应当在创立大会召开十五日前将会议日期通知各认股人或者予以公告。创立大会应有代表股份总数过半数的发起人、认股人出席，方可举行。

创立大会行使下列职权：

（一）审议发起人关于公司筹办情况的报告；

（二）通过公司章程；

（三）选举董事会成员；

（四）选举监事会成员；

（五）对公司的设立费用进行审核；

（六）对发起人用于抵作股款的财产的作价进行审核；

（七）发生不可抗力或者经营条件发生重大变化直接影响公司设立的，可以作出不设立公司的决议。

创立大会对前款所列事项作出决议，必须经出席会议的认股人所持表决权过半数通过。

**第九十二条**　发起人、认股人缴纳股款或者交付抵作股款的出资后，除未按期募足股份、发起人未按期召开创立大会或者创立大会决议不设立公司的情形外，不得抽回其股本。

**第九十三条**　董事会应于创立大会结束后三十日内，向公司登记机关报送下列文件，申请设立登记：

（一）公司登记申请书；

（二）创立大会的会议记录；

（三）公司章程；

（四）验资证明；

（五）法定代表人、董事、监事的任职文件及其身份证明；

（六）发起人的法人资格证明或者自然人身份证明；

（七）公司住所证明。

以募集方式设立股份有限公司公开发行股票的，还应当向公司登记机关报送国务院证券监督管理机构的核准文件。

**第九十四条**　股份有限公司成立后，发起人未按照公司章程的规定缴足出资的，应当补缴；其他发起人承担连带责任。

股份有限公司成立后，发现作为设立公司出资的非货币财产的实际价额显著低于公司章程所定价额的，应当由交付该出资的发起人补足其差额；其他发起人承担连带责任。

**第九十五条**　股份有限公司的发起人应当承担下列责任：

（一）公司不能成立时，对设立行为所产生的债务和费用负连带责任；

（二）公司不能成立时，对认股人已缴纳的股款，负返还股款并加算银行同期存款利息的连带责任；

（三）在公司设立过程中，由于发起人的过失致使公司利益受到损害的，应当对公司承担赔偿责任。

**第九十六条**　有限责任公司变更为股份有限公司时，折合的实收股本总额不得高于公司净资产额。有限责任公司变更为股份有限公司，为增加资本公开发行股份时，应当依法办理。

**第九十七条**　股份有限公司应当将公司章程、股东名册、公司债券存根、股东大会会议记录、董事会会议记录、监事会会议记录、财务会计报告置备于本公司。

**第九十八条**　股东有权查阅公司章程、股东名册、公司债券存根、股东大会会议记录、董事会会议决议、监事会会议决议、财务会计报告，对公司的经营提出建议或者质询。

## 第二节　股东大会

**第九十九条**　股份有限公司股东大会由全体股东组成。股东大会是公司的权力机构,依照本法行使职权。

**第一百条**　本法第三十八条第一款关于有限责任公司股东会职权的规定,适用于股份有限公司股东大会。

**第一百零一条**　股东大会应当每年召开一次年会。有下列情形之一的,应当在两个月内召开临时股东大会:

(一) 董事人数不足本法规定人数或者公司章程所定人数的三分之二时;

(二) 公司未弥补的亏损达实收股本总额三分之一时;

(三) 单独或者合计持有公司百分之十以上股份的股东请求时;

(四) 董事会认为必要时;

(五) 监事会提议召开时;

(六) 公司章程规定的其他情形。

**第一百零二条**　股东大会会议由董事会召集,董事长主持;董事长不能履行职务或者不履行职务的,由副董事长主持;副董事长不能履行职务或者不履行职务的,由半数以上董事共同推举一名董事主持。

董事会不能履行或者不履行召集股东大会会议职责的,监事会应当及时召集和主持;监事会不召集和主持的,连续九十日以上单独或者合计持有公司百分之十以上股份的股东可以自行召集和主持。

**第一百零三条**　召开股东大会会议,应当将会议召开的时间、地点和审议的事项于会议召开二十日前通知各股东;临时股东大会应当于会议召开十五日前通知各股东;发行无记名股票的,应当于会议召开三十日前公告会议召开的时间、地点和审议事项。

单独或者合计持有公司百分之三以上股份的股东,可以在股东大会召开十日前提出临时提案并书面提交董事会;董事会应当在收到提案后二日内通知其他股东,并将该临时提案提交股东大会审议。临时提案的内容应当属于股东大会职权范围,并有明确议题和具体决议事项。

股东大会不得对前两款通知中未列明的事项作出决议。

无记名股票持有人出席股东大会会议的,应当于会议召开五日前至股东大会闭会时将股票交存于公司。

**第一百零四条**　股东出席股东大会会议,所持每一股份有一表决权。但是,公司持有的本公司股份没有表决权。

股东大会作出决议，必须经出席会议的股东所持表决权过半数通过。但是，股东大会作出修改公司章程、增加或者减少注册资本的决议，以及公司合并、分立、解散或者变更公司形式的决议，必须经出席会议的股东所持表决权的三分之二以上通过。

**第一百零五条**  本法和公司章程规定公司转让、受让重大资产或者对外提供担保等事项必须经股东大会作出决议的，董事会应当及时召集股东大会会议，由股东大会就上述事项进行表决。

**第一百零六条**  股东大会选举董事、监事，可以依照公司章程的规定或者股东大会的决议，实行累积投票制。

本法所称累积投票制，是指股东大会选举董事或者监事时，每一股份拥有与应选董事或者监事人数相同的表决权，股东拥有的表决权可以集中使用。

**第一百零七条**  股东可以委托代理人出席股东大会会议，代理人应当向公司提交股东授权委托书，并在授权范围内行使表决权。

**第一百零八条**  股东大会应当对所议事项的决定作成会议记录，主持人、出席会议的董事应当在会议记录上签名。会议记录应当与出席股东的签名册及代理出席的委托书一并保存。

### 第三节  董事会、经理

**第一百零九条**  股份有限公司设董事会，其成员为五人至十九人。

董事会成员中可以有公司职工代表。董事会中的职工代表由公司职工通过职工代表大会、职工大会或者其他形式民主选举产生。

本法第四十六条关于有限责任公司董事任期的规定，适用于股份有限公司董事。

本法第四十七条关于有限责任公司董事会职权的规定，适用于股份有限公司董事会。

**第一百一十条**  董事会设董事长一人，可以设副董事长。董事长和副董事长由董事会以全体董事的过半数选举产生。

董事长召集和主持董事会会议，检查董事会决议的实施情况。副董事长协助董事长工作，董事长不能履行职务或者不履行职务的，由副董事长履行职务；副董事长不能履行职务或者不履行职务的，由半数以上董事共同推举一名董事履行职务。

**第一百一十一条**  董事会每年度至少召开两次会议，每次会议应当于会议召开十日前通知全体董事和监

事。

代表十分之一以上表决权的股东、三分之一以上董事或者监事会，可以提议召开董事会临时会议。董事长应当自接到提议后十日内，召集和主持董事会会议。

董事会召开临时会议，可以另定召集董事会的通知方式和通知时限。

**第一百一十二条** 董事会会议应有过半数的董事出席方可举行。董事会作出决议，必须经全体董事的过半数通过。

董事会决议的表决，实行一人一票。

**第一百一十三条** 董事会会议，应由董事本人出席；董事因故不能出席，可以书面委托其他董事代为出席，委托书中应载明授权范围。

董事会应当对会议所议事项的决定作成会议记录，出席会议的董事应当在会议记录上签名。

董事应当对董事会的决议承担责任。董事会的决议违反法律、行政法规或者公司章程、股东大会决议，致使公司遭受严重损失的，参与决议的董事对公司负赔偿责任。但经证明在表决时曾表明异议并记载于会议记录的，该董事可以免除责任。

**第一百一十四条** 股份有限公司设经理，由董事会决定聘任或者解聘。

本法第五十条关于有限责任公司经理职权的规定，适用于股份有限公司经理。

**第一百一十五条** 公司董事会可以决定由董事会成员兼任经理。

**第一百一十六条** 公司不得直接或者通过子公司向董事、监事、高级管理人员提供借款。

**第一百一十七条** 公司应当定期向股东披露董事、监事、高级管理人员从公司获得报酬的情况。

### 第四节　监事会

**第一百一十八条** 股份有限公司设监事会，其成员不得少于三人。

监事会应当包括股东代表和适当比例的公司职工代表，其中职工代表的比例不得低于三分之一，具体比例由公司章程规定。监事会中的职工代表由公司职工通过职工代表大会、职工大会或者其他形式民主选举产生。

监事会设主席一人，可以设副主席。监事会主席和副主席由全体监事过半数选举产生。监事会主席召集和主持监事会会议；监事会主席不能履行职务或者不履行职务的，由监事会副主席召集和主持监事会会

议：监事会副主席不能履行职务或者不履行职务的，由半数以上监事共同推举一名监事召集和主持监事会

会议。

　　董事、高级管理人员不得兼任监事。

　　本法第五十三条关于有限责任公司监事任期的规定，适用于股份有限公司监事。

　　**第一百一十九条**　本法第五十四条、第五十五条关于有限责任公司监事会职权的规定，适用于股份有限

公司监事会。

　　监事会行使职权所必需的费用，由公司承担。

　　**第一百二十条**　监事会每六个月至少召开一次会议。监事可以提议召开临时监事会会议。

　　监事会的议事方式和表决程序，除本法有规定的外，由公司章程规定。

　　监事会决议应当经半数以上监事通过。

　　监事会应当对所议事项的决定作成会议记录，出席会议的监事应当在会议记录上签名。

## 第五节　上市公司组织机构的特别规定

　　**第一百二十一条**　本法所称上市公司，是指其股票在证券交易所上市交易的股份有限公司。

　　**第一百二十二条**　上市公司在一年内购买、出售重大资产或者担保金额超过公司资产总额百分之三十

的，应当由股东大会作出决议，并经出席会议的股东所持表决权的三分之二以上通过。

　　**第一百二十三条**　上市公司设立独立董事，具体办法由国务院规定。

　　**第一百二十四条**　上市公司设董事会秘书，负责公司股东大会和董事会会议的筹备、文件保管以及公司

股东资料的管理，办理信息披露事务等事宜。

　　**第一百二十五条**　上市公司董事与董事会会议决议事项所涉及的企业有关联关系的，不得对该项决议行

使表决权，也不得代理其他董事行使表决权。该董事会会议由过半数的无关联关系董事出席即可举行，董

事会会议所作决议须经无关联关系董事过半数通过。出席董事会的无关联关系董事人数不足三人的，应将

该事项提交上市公司股东大会审议。

## 第五章　股份有限公司的股份发行和转让

## 第一节  股份发行

**第一百二十六条**  股份有限公司的资本划分为股份，每一股的金额相等。

公司的股份采取股票的形式。股票是公司签发的证明股东所持股份的凭证。

**第一百二十七条**  股份的发行，实行公平、公正的原则，同种类的每一股份应当具有同等权利。

同次发行的同种类股票，每股的发行条件和价格应当相同；任何单位或者个人所认购的股份，每股应当支付相同价额。

**第一百二十八条**  股票发行价格可以按票面金额，也可以超过票面金额，但不得低于票面金额。

**第一百二十九条**  股票采用纸面形式或者国务院证券监督管理机构规定的其他形式。

股票应当载明下列主要事项：

（一）公司名称；

（二）公司成立日期；

（三）股票种类、票面金额及代表的股份数；

（四）股票的编号。

股票由法定代表人签名，公司盖章。

发起人的股票，应当标明发起人股票字样。

**第一百三十条**  公司发行的股票，可以为记名股票，也可以为无记名股票。

公司向发起人、法人发行的股票，应当为记名股票，并应当记载该发起人、法人的名称或者姓名，不得另立户名或者以代表人姓名记名。

**第一百三十一条**  公司发行记名股票的，应当置备股东名册，记载下列事项：

（一）股东的姓名或者名称及住所；

（二）各股东所持股份数；

（三）各股东所持股票的编号；

（四）各股东取得股份的日期。

发行无记名股票的，公司应当记载其股票数量、编号及发行日期。

**第一百三十二条**  国务院可以对公司发行本法规定以外的其他种类的股份，另行作出规定。

**第一百三十三条**  股份有限公司成立后，即向股东正式交付股票。公司成立前不得向股东交付股票。

第一百三十四条　公司发行新股，股东大会应当对下列事项作出决议：

（一）新股种类及数额；

（二）新股发行价格；

（三）新股发行的起止日期；

（四）向原有股东发行新股的种类及数额。

第一百三十五条　公司经国务院证券监督管理机构核准公开发行新股时，必须公告新股招股说明书和财务会计报告，并制作认股书。

本法第八十八条、第八十九条的规定适用于公司公开发行新股。

第一百三十六条　公司发行新股，可以根据公司经营情况和财务状况，确定其作价方案。

第一百三十七条　公司发行新股募足股款后，必须向公司登记机关办理变更登记，并公告。

## 第二节　股份转让

第一百三十八条　股东持有的股份可以依法转让。

第一百三十九条　股东转让其股份，应当在依法设立的证券交易场所进行或者按照国务院规定的其他方式进行。

第一百四十条　记名股票，由股东以背书方式或者法律、行政法规规定的其他方式转让；转让后由公司将受让人的姓名或者名称及住所记载于股东名册。

股东大会召开前二十日内或者公司决定分配股利的基准日前五日内，不得进行前款规定的股东名册的变更登记。但是，法律对上市公司股东名册变更登记另有规定的，从其规定。

第一百四十一条　无记名股票的转让，由股东将该股票交付给受让人后即发生转让的效力。

第一百四十二条　发起人持有的本公司股份，自公司成立之日起一年内不得转让。公司公开发行股份前已发行的股份，自公司股票在证券交易所上市交易之日起一年内不得转让。

公司董事、监事、高级管理人员应当向公司申报所持有的本公司的股份及其变动情况，在任职期间每年转让的股份不得超过其所持有本公司股份总数的百分之二十五；所持本公司股份自公司股票上市交易之日起一年内不得转让。上述人员离职后半年内，不得转让其所持有的本公司股份。公司章程可以对公司董事、监事、高级管理人员转让其所持有的本公司股份作出其他限制性规定。

**第一百四十三条** 公司不得收购本公司股份。但是，有下列情形之一的除外：

（一）减少公司注册资本；

（二）与持有本公司股份的其他公司合并；

（三）将股份奖励给本公司职工；

（四）股东因对股东大会作出的公司合并、分立决议持异议，要求公司收购其股份的。

公司因前款第（一）项至第（三）项的原因收购本公司股份的，应当经股东大会决议。公司依照前款规定收购本公司股份后，属于第（一）项情形的，应当自收购之日起十日内注销；属于第（二）项、第（四）项情形的，应当在六个月内转让或者注销。

公司依照第一款第（三）项规定收购的本公司股份，不得超过本公司已发行股份总额的百分之五；用于收购的资金应当从公司的税后利润中支出；所收购的股份应当在一年内转让给职工。

公司不得接受本公司的股票作为质押权的标的。

**第一百四十四条** 记名股票被盗、遗失或者灭失，股东可以依照《中华人民共和国民事诉讼法》规定的公示催告程序，请求人民法院宣告该股票失效。人民法院宣告该股票失效后，股东可以向公司申请补发股票。

**第一百四十五条** 上市公司的股票，依照有关法律、行政法规及证券交易所交易规则上市交易。

**第一百四十六条** 上市公司必须依照法律、行政法规的规定，公开其财务状况、经营情况及重大诉讼，在每会计年度内半年公布一次财务会计报告。

## 第六章 公司董事、监事、高级管理人员的资格和义务

**第一百四十七条** 有下列情形之一的，不得担任公司的董事、监事、高级管理人员：

（一）无民事行为能力或者限制民事行为能力；

（二）因贪污、贿赂、侵占财产、挪用财产或者破坏社会主义市场经济秩序，被判处刑罚，执行期满未逾五年，或者因犯罪被剥夺政治权利，执行期满未逾五年；

（三）担任破产清算的公司、企业的董事或者厂长、经理，对该公司、企业的破产负有个人责任的，自该公司、企业破产清算完结之日起未逾三年；

（四）担任因违法被吊销营业执照、责令关闭的公司、企业的法定代表人，并负有个人责任的，自该

公司、企业被吊销营业执照之日起未逾三年；

（五）个人所负数额较大的债务到期未清偿。

公司违反前款规定选举、委派董事、监事或者聘任高级管理人员的，该选举、委派或者聘任无效。

董事、监事、高级管理人员在任职期间出现本条第一款所列情形的，公司应当解除其职务。

**第一百四十八条** 董事、监事、高级管理人员应当遵守法律、行政法规和公司章程，对公司负有忠实义务和勤勉义务。

董事、监事、高级管理人员不得利用职权收受贿赂或者其他非法收入，不得侵占公司的财产。

**第一百四十九条** 董事、高级管理人员不得有下列行为：

（一）挪用公司资金；

（二）将公司资金以其个人名义或者以其他个人名义开立账户存储；

（三）违反公司章程的规定，未经股东会、股东大会或者董事会同意，将公司资金借贷给他人或者以公司财产为他人提供担保；

（四）违反公司章程的规定或者未经股东会、股东大会同意，与本公司订立合同或者进行交易；

（五）未经股东会或者股东大会同意，利用职务便利为自己或者他人谋取属于公司的商业机会，自营或者为他人经营与所任职公司同类的业务；

（六）接受他人与公司交易的佣金归为己有；

（七）擅自披露公司秘密；

（八）违反对公司忠实义务的其他行为。

董事、高级管理人员违反前款规定所得的收入应当归公司所有。

**第一百五十条** 董事、监事、高级管理人员执行公司职务时违反法律、行政法规或者公司章程的规定，给公司造成损失的，应当承担赔偿责任。

**第一百五十一条** 股东会或者股东大会要求董事、监事、高级管理人员列席会议的，董事、监事、高级管理人员应当列席并接受股东的质询。

董事、高级管理人员应当如实向监事会或者不设监事会的有限责任公司的监事提供有关情况和资料，不得妨碍监事会或者监事行使职权。

**第一百五十二条** 董事、高级管理人员有本法第一百五十条规定的情形的，有限责任公司的股东、股份有限公司连续一百八十日以上单独或者合计持有公司百分之一以上股份的股东，可以书面请求监事会或者不设监事会的有限责任公司的监事向人民法院提起诉讼；监事有本法第一百五十条规定的情形的，前述股

东可以书面请求董事会或者不设董事会的有限责任公司的执行董事向人民法院提起诉讼。

监事会、不设监事会的有限责任公司的监事，或者董事会、执行董事收到前款规定的股东书面请求后拒绝提起诉讼，或者自收到请求之日起三十日内未提起诉讼，或者情况紧急、不立即提起诉讼将会使公司利益受到难以弥补的损害的，前款规定的股东有权为了公司的利益以自己的名义直接向人民法院提起诉讼。

他人侵犯公司合法权益，给公司造成损失的，本条第一款规定的股东可以依照前两款的规定向人民法院提起诉讼。

**第一百五十三条**　董事、高级管理人员违反法律、行政法规或者公司章程的规定，损害股东利益的，股东可以向人民法院提起诉讼。

## 第七章　公司债券

**第一百五十四条**　本法所称公司债券，是指公司依照法定程序发行、约定在一定期限还本付息的有价证券。

公司发行公司债券应当符合《中华人民共和国证券法》规定的发行条件。

**第一百五十五条**　发行公司债券的申请经国务院授权的部门核准后，应当公告公司债券募集办法。

公司债券募集办法中应当载明下列主要事项：

（一）公司名称；

（二）债券募集资金的用途；

（三）债券总额和债券的票面金额；

（四）债券利率的确定方式；

（五）还本付息的期限和方式；

（六）债券担保情况；

（七）债券的发行价格、发行的起止日期；

（八）公司净资产额；

（九）已发行的尚未到期的公司债券总额；

（十）公司债券的承销机构。

**第一百五十六条**　公司以实物券方式发行公司债券的，必须在债券上载明公司名称、债券票面金额、利

率、偿还期限等事项，并由法定代表人签名，公司盖章。

**第一百五十七条**　公司债券，可以为记名债券，也可以为无记名债券。

**第一百五十八条**　公司发行公司债券应当置备公司债券存根簿。

发行记名公司债券的，应当在公司债券存根簿上载明下列事项：

（一）债券持有人的姓名或者名称及住所；

（二）债券持有人取得债券的日期及债券的编号；

（三）债券总额，债券的票面金额、利率、还本付息的期限和方式；

（四）债券的发行日期。

发行无记名公司债券的，应当在公司债券存根簿上载明债券总额、利率、偿还期限和方式、发行日期及债券的编号。

**第一百五十九条**　记名公司债券的登记结算机构应当建立债券登记、存管、付息、兑付等相关制度。

**第一百六十条**　公司债券可以转让，转让价格由转让人与受让人约定。

公司债券在证券交易所上市交易的，按照证券交易所的交易规则转让。

**第一百六十一条**　记名公司债券，由债券持有人以背书方式或者法律、行政法规规定的其他方式转让；转让后由公司将受让人的姓名或者名称及住所记载于公司债券存根簿。

无记名公司债券的转让，由债券持有人将该债券交付给受让人后即发生转让的效力。

**第一百六十二条**　上市公司经股东大会决议可以发行可转换为股票的公司债券，并在公司债券募集办法中规定具体的转换办法。上市公司发行可转换为股票的公司债券，应当报国务院证券监督管理机构核准。

发行可转换为股票的公司债券，应当在债券上标明可转换公司债券字样，并在公司债券存根簿上载明可转换公司债券的数额。

**第一百六十三条**　发行可转换为股票的公司债券的，公司应当按照其转换办法向债券持有人换发股票，但债券持有人对转换股票或者不转换股票有选择权。

## 第八章　公司财务、会计

**第一百六十四条**　公司应当依照法律、行政法规和国务院财政部门的规定建立本公司的财务、会计制度。

**第一百六十五条**　公司应当在每一会计年度终了时编制财务会计报告，并依法经会计师事务所审计。

财务会计报告应当依照法律、行政法规和国务院财政部门的规定制作。

**第一百六十六条** 有限责任公司应当依照公司章程规定的期限将财务会计报告送交各股东。

股份有限公司的财务会计报告应当在召开股东大会年会的二十日前置备于本公司，供股东查阅；公开发行股票的股份有限公司必须公告其财务会计报告。

**第一百六十七条** 公司分配当年税后利润时，应当提取利润的百分之十列入公司法定公积金。公司法定公积金累计额为公司注册资本的百分之五十以上的，可以不再提取。

公司的法定公积金不足以弥补以前年度亏损的，在依照前款规定提取法定公积金之前，应当先用当年利润弥补亏损。

公司从税后利润中提取法定公积金后，经股东会或者股东大会决议，还可以从税后利润中提取任意公积金。

公司弥补亏损和提取公积金后所余税后利润，有限责任公司依照本法第三十五条的规定分配；股份有限公司按照股东持有的股份比例分配，但股份有限公司章程规定不按持股比例分配的除外。

股东会、股东大会或者董事会违反前款规定，在公司弥补亏损和提取法定公积金之前向股东分配利润的，股东必须将违反规定分配的利润退还公司。

公司持有的本公司股份不得分配利润。

**第一百六十八条** 股份有限公司以超过股票票面金额的发行价格发行股份所得的溢价款以及国务院财政部门规定列入资本公积金的其他收入，应当列为公司资本公积金。

**第一百六十九条** 公司的公积金用于弥补公司的亏损、扩大公司生产经营或者转为增加公司资本。但是，资本公积金不得用于弥补公司的亏损。

法定公积金转为资本时，所留存的该项公积金不得少于转增前公司注册资本的百分之二十五。

**第一百七十条** 公司聘用、解聘承办公司审计业务的会计师事务所，依照公司章程的规定，由股东会、股东大会或者董事会决定。

公司股东会、股东大会或者董事会就解聘会计师事务所进行表决时，应当允许会计师事务所陈述意见。

**第一百七十一条** 公司应当向聘用的会计师事务所提供真实、完整的会计凭证、会计账簿、财务会计报告及其他会计资料，不得拒绝、隐匿、谎报。

**第一百七十二条** 公司除法定的会计账簿外，不得另立会计账簿。

对公司资产，不得以任何个人名义开立账户存储。

## 第九章  公司合并、分立、增资、减资

**第一百七十三条**  公司合并可以采取吸收合并或者新设合并。

一个公司吸收其他公司为吸收合并，被吸收的公司解散。两个以上公司合并设立一个新的公司为新设合并，合并各方解散。

**第一百七十四条**  公司合并，应当由合并各方签订合并协议，并编制资产负债表及财产清单。公司应当自作出合并决议之日起十日内通知债权人，并于三十日内在报纸上公告。债权人自接到通知书之日起三十日内，未接到通知书的自公告之日起四十五日内，可以要求公司清偿债务或者提供相应的担保。

**第一百七十五条**  公司合并时，合并各方的债权、债务，应当由合并后存续的公司或者新设的公司承继。

**第一百七十六条**  公司分立，其财产作相应的分割。

公司分立，应当编制资产负债表及财产清单。公司应当自作出分立决议之日起十日内通知债权人，并于三十日内在报纸上公告。

**第一百七十七条**  公司分立前的债务由分立后的公司承担连带责任。但是，公司在分立前与债权人就债务清偿达成的书面协议另有约定的除外。

**第一百七十八条**  公司需要减少注册资本时，必须编制资产负债表及财产清单。

公司应当自作出减少注册资本决议之日起十日内通知债权人，并于三十日内在报纸上公告。债权人自接到通知书之日起三十日内，未接到通知书的自公告之日起四十五日内，有权要求公司清偿债务或者提供相应的担保。

公司减资后的注册资本不得低于法定的最低限额。

**第一百七十九条**  有限责任公司增加注册资本时，股东认缴新增资本的出资，依照本法设立有限责任公司缴纳出资的有关规定执行。

股份有限公司为增加注册资本发行新股时，股东认购新股，依照本法设立股份有限公司缴纳股款的有关规定执行。

**第一百八十条**  公司合并或者分立，登记事项发生变更的，应当依法向公司登记机关办理变更登记；公司解散的，应当依法办理公司注销登记；设立新公司的，应当依法办理公司设立登记。

公司增加或者减少注册资本，应当依法向公司登记机关办理变更登记。

## 第十章  公司解散和清算

**第一百八十一条**  公司因下列原因解散：

（一）公司章程规定的营业期限届满或者公司章程规定的其他解散事由出现；

（二）股东会或者股东大会决议解散；

（三）因公司合并或者分立需要解散；

（四）依法被吊销营业执照、责令关闭或者被撤销；

（五）人民法院依照本法第一百八十三条的规定予以解散。

**第一百八十二条**  公司有本法第一百八十一条第（一）项情形的，可以通过修改公司章程而存续。

依照前款规定修改公司章程，有限责任公司须经持有三分之二以上表决权的股东通过，股份有限公司须经出席股东大会会议的股东所持表决权的三分之二以上通过。

**第一百八十三条**  公司经营管理发生严重困难，继续存续会使股东利益受到重大损失，通过其他途径不能解决的，持有公司全部股东表决权百分之十以上的股东，可以请求人民法院解散公司。

**第一百八十四条**  公司因本法第一百八十一条第（一）项、第（二）项、第（四）项、第（五）项规定而解散的，应当在解散事由出现之日起十五日内成立清算组，开始清算。有限责任公司的清算组由股东组成，股份有限公司的清算组由董事或者股东大会确定的人员组成。逾期不成立清算组进行清算的，债权人可以申请人民法院指定有关人员组成清算组进行清算。人民法院应当受理该申请，并及时组织清算组进行清算。

**第一百八十五条**  清算组在清算期间行使下列职权：

（一）清理公司财产，分别编制资产负债表和财产清单；

（二）通知、公告债权人；

（三）处理与清算有关的公司未了结的业务；

（四）清缴所欠税款以及清算过程中产生的税款；

（五）清理债权、债务；

（六）处理公司清偿债务后的剩余财产；

（七）代表公司参与民事诉讼活动。

**第一百八十六条**  清算组应当自成立之日起十日内通知债权人，并于六十日内在报纸上公告。债权人应

当自接到通知书之日起三十日内，未接到通知书的自公告之日起四十五日内，向清算组申报其债权。

债权人申报债权，应当说明债权的有关事项，并提供证明材料。清算组应当对债权进行登记。

在申报债权期间，清算组不得对债权人进行清偿。

**第一百八十七条**　清算组在清理公司财产、编制资产负债表和财产清单后，应当制定清算方案，并报股东会、股东大会或者人民法院确认。

公司财产在分别支付清算费用、职工的工资、社会保险费用和法定补偿金，缴纳所欠税款，清偿公司债务后的剩余财产，有限责任公司按照股东的出资比例分配，股份有限公司按照股东持有的股份比例分配。

清算期间，公司存续，但不得开展与清算无关的经营活动。公司财产在未依照前款规定清偿前，不得分配给股东。

**第一百八十八条**　清算组在清理公司财产、编制资产负债表和财产清单后，发现公司财产不足清偿债务的，应当依法向人民法院申请宣告破产。

公司经人民法院裁定宣告破产后，清算组应当将清算事务移交给人民法院。

**第一百八十九条**　公司清算结束后，清算组应当制作清算报告，报股东会、股东大会或者人民法院确认，并报送公司登记机关，申请注销公司登记，公告公司终止。

**第一百九十条**　清算组成员应当忠于职守，依法履行清算义务。

清算组成员不得利用职权收受贿赂或者其他非法收入，不得侵占公司财产。

清算组成员因故意或者重大过失给公司或者债权人造成损失的，应当承担赔偿责任。

**第一百九十一条**　公司被依法宣告破产的，依照有关企业破产的法律实施破产清算。

## 第十一章　外国公司的分支机构

**第一百九十二条**　本法所称外国公司是指依照外国法律在中国境外设立的公司。

**第一百九十三条**　外国公司在中国境内设立分支机构，必须向中国主管机关提出申请，并提交其公司章程、所属国的公司登记证书等有关文件，经批准后，向公司登记机关依法办理登记，领取营业执照。

外国公司分支机构的审批办法由国务院另行规定。

**第一百九十四条**　外国公司在中国境内设立分支机构，必须在中国境内指定负责该分支机构的代表人或者代理人，并向该分支机构拨付与其所从事的经营活动相适应的资金。

对外国公司分支机构的经营资金需要规定最低限额的，由国务院另行规定。

**第一百九十五条** 外国公司的分支机构应当在其名称中标明该外国公司的国籍及责任形式。

外国公司的分支机构应当在本机构中置备该外国公司章程。

**第一百九十六条** 外国公司在中国境内设立的分支机构不具有中国法人资格。

外国公司对其分支机构在中国境内进行经营活动承担民事责任。

**第一百九十七条** 经批准设立的外国公司分支机构，在中国境内从事业务活动，必须遵守中国的法律，不得损害中国的社会公共利益，其合法权益受中国法律保护。

**第一百九十八条** 外国公司撤销其在中国境内的分支机构时，必须依法清偿债务，依照本法有关公司清算程序的规定进行清算。未清偿债务之前，不得将其分支机构的财产移至中国境外。

## 第十二章 法律责任

**第一百九十九条** 违反本法规定，虚报注册资本、提交虚假材料或者采取其他欺诈手段隐瞒重要事实取得公司登记的，由公司登记机关责令改正，对虚报注册资本的公司，处以虚报注册资本金额百分之五以上百分之十五以下的罚款；对提交虚假材料或者采取其他欺诈手段隐瞒重要事实的公司，处以五万元以上五十万元以下的罚款；情节严重的，撤销公司登记或者吊销营业执照。

**第二百条** 公司的发起人、股东虚假出资，未交付或者未按期交付作为出资的货币或者非货币财产的，由公司登记机关责令改正，处以虚假出资金额百分之五以上百分之十五以下的罚款。

**第二百零一条** 公司的发起人、股东在公司成立后，抽逃其出资的，由公司登记机关责令改正，处以所抽逃出资金额百分之五以上百分之十五以下的罚款。

**第二百零二条** 公司违反本法规定，在法定的会计账簿以外另立会计账簿的，由县级以上人民政府财政部门责令改正，处以五万元以上五十万元以下的罚款。

**第二百零三条** 公司在依法向有关主管部门提供的财务会计报告等材料上作虚假记载或者隐瞒重要事实的，由有关主管部门对直接负责的主管人员和其他直接责任人员处以三万元以上三十万元以下的罚款。

**第二百零四条** 公司不依照本法规定提取法定公积金的，由县级以上人民政府财政部门责令如数补足应当提取的金额，可以对公司处以二十万元以下的罚款。

**第二百零五条** 公司在合并、分立、减少注册资本或者进行清算时，不依照本法规定通知或者公告债权

人的，由公司登记机关责令改正，对公司处以一万元以上十万元以下的罚款。

公司在进行清算时，隐匿财产，对资产负债表或者财产清单作虚假记载或者在未清偿债务前分配公司财产的，由公司登记机关责令改正，对公司处以隐匿财产或者未清偿债务前分配公司财产金额百分之五以上百分之十以下的罚款；对直接负责的主管人员和其他直接责任人员处以一万元以上十万元以下的罚款。

**第二百零六条**　公司在清算期间开展与清算无关的经营活动的，由公司登记机关予以警告，没收违法所得。

**第二百零七条**　清算组不依照本法规定向公司登记机关报送清算报告，或者报送清算报告隐瞒重要事实或者有重大遗漏的，由公司登记机关责令改正。

清算组成员利用职权徇私舞弊、谋取非法收入或者侵占公司财产的，由公司登记机关责令退还公司财产，没收违法所得，并可以处以违法所得一倍以上五倍以下的罚款。

**第二百零八条**　承担资产评估、验资或者验证的机构提供虚假材料的，由公司登记机关没收违法所得，处以违法所得一倍以上五倍以下的罚款，并可以由有关主管部门依法责令该机构停业、吊销直接责任人员的资格证书，吊销营业执照。

承担资产评估、验资或者验证的机构因过失提供有重大遗漏的报告的，由公司登记机关责令改正，情节较重的，处以所得收入一倍以上五倍以下的罚款，并可以由有关主管部门依法责令该机构停业、吊销直接责任人员的资格证书，吊销营业执照。

承担资产评估、验资或者验证的机构因其出具的评估结果、验资或者验证证明不实，给公司债权人造成损失的，除能够证明自己没有过错的外，在其评估或者证明不实的金额范围内承担赔偿责任。

**第二百零九条**　公司登记机关对不符合本法规定条件的登记申请予以登记，或者对符合本法规定条件的登记申请不予登记的，对直接负责的主管人员和其他直接责任人员，依法给予行政处分。

**第二百一十条**　公司登记机关的上级部门强令公司登记机关对不符合本法规定条件的登记申请予以登记，或者对符合本法规定条件的登记申请不予登记的，或者对违法登记进行包庇的，对直接负责的主管人员和其他直接责任人员依法给予行政处分。

**第二百一十一条**　未依法登记为有限责任公司或者股份有限公司，而冒用有限责任公司或者股份有限公司名义的，或者未依法登记为有限责任公司或者股份有限公司的分公司，而冒用有限责任公司或者股份有限公司的分公司名义的，由公司登记机关责令改正或者予以取缔，可以并处十万元以下的罚款。

**第二百一十二条**　公司成立后无正当理由超过六个月未开业的，或者开业后自行停业连续六个月以上的，可以由公司登记机关吊销营业执照。

公司登记事项发生变更时，未依照本法规定办理有关变更登记的，由公司登记机关责令限期登记；逾期不登记的，处以一万元以上十万元以下的罚款。

**第二百一十三条** 外国公司违反本法规定，擅自在中国境内设立分支机构的，由公司登记机关责令改正或者关闭，可以并处五万元以上二十万元以下的罚款。

**第二百一十四条** 利用公司名义从事危害国家安全、社会公共利益的严重违法行为的，吊销营业执照。

**第二百一十五条** 公司违反本法规定，应当承担民事赔偿责任和缴纳罚款、罚金的，其财产不足以支付时，先承担民事赔偿责任。

**第二百一十六条** 违反本法规定，构成犯罪的，依法追究刑事责任。

## 第十三章 附则

**第二百一十七条** 本法下列用语的含义：

（一）高级管理人员，是指公司的经理、副经理、财务负责人，上市公司董事会秘书和公司章程规定的其他人员。

（二）控股股东，是指其出资额占有限责任公司资本总额百分之五十以上或者其持有的股份占股份有限公司股本总额百分之五十以上的股东；出资额或者持有股份的比例虽然不足百分之五十，但依其出资额或者持有的股份所享有的表决权已足以对股东会、股东大会的决议产生重大影响的股东。

（三）实际控制人，是指虽不是公司的股东，但通过投资关系、协议或者其他安排，能够实际支配公司行为的人。

（四）关联关系，是指公司控股股东、实际控制人、董事、监事、高级管理人员与其直接或者间接控制的企业之间的关系，以及可能导致公司利益转移的其他关系。但是，国家控股的企业之间不仅因为同受国家控股而具有关联关系。

**第二百一十八条** 外商投资的有限责任公司和股份有限公司适用本法；有关外商投资的法律另有规定的，适用其规定。

**第二百一十九条** 本法自 2006 年 1 月 1 日起施行。