UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
OCEAN LINE HOLDINGS LIMITED   :
     :
    Plaintiff,   :    07 Civ. 8123 (DC)
     :
  - against -   :
     :
CHINA NATIONAL CHARTERING   :
CORP. a/k/a SINOCHART,   :
     :
    Defendant,   :
-------------------------------------------------X

## DECLARATION OF JIANG PING
## IN SUPPORT OF DEFENDANT'S
## MOTION TO VACATE MARITIME ATTACHMENT

I, Jiang Ping, declare under penalty of perjury under the laws of the United States of America as follows:

1.     I was born in Ningbo City, Zhejiang Province. I am a Tenured Professor of Law of China University of Political Science and Law ("CUPL") and I am also a Supervisor of Ph.D. candidates in Law and Supervisor of Postdoctoral candidates. I am entitled to the Government Special Subsidy by the State Council of People's Republic of China (the "PRC").

2.     From 1948 to 1949, I studied in School of Journalism of Yanching University. I went to the Law School of Moscow University in 1951 and graduated in 1956. Upon returning to China, I worked in Beijing College of Political Science and Law (the predecessor of CUPL) as the director of the Department of Civil Law Education and Research. I was appointed as the Vice Dean of Beijing College of Political Science and Law in 1983, and as the Vice Principal of CUPL in 1984. I was then appointed as the Principle of CUPL in 1988.

3.   In 1988, I was elected as delegate of the 7th National People's Congress ("NPC") of the PRC, member of the Standing Committee of the 7th NPC, Vice Chairperson of the Law Commission of the 7th NPC. From 1988 to 1992, I was the Vice President of China Law Society. From 1995 up to now, I have been the Director of Beijing Arbitration Commission. I was appointed as the President of the China Society of Comparative Law in 2000. I am also the Consultant of China International Economic and Trade Arbitration Committee, arbitrator, and member of the Experts Committee.

4.   I participated in the drafting of General Principles of the Civil Law of the PRC (the "Civil Law"), and was the head of the Drafting Group of the Trust Law and the Contract Law of the PRC.

5.   I was the Principal for drafting the Civil Code of the PRC.   I was the Principal of the Expert Drafting Group of the Property Law of the PRC.   I was also substantially involved in drafting the Company Law and the Partnership Enterprise Law of the PRC and other legislations.

6.   I have been the visiting professor of Universiteit Gent, Belgium, University of Hong Kong, Rome Tor Vergata University, Aoyama Gakuin University and Columbia University, the USA, lecturing on Chinese civil law, Roman law and company law and other subjects.

7.   I was awarded an Honorary Doctor's Degree by Universiteit Gent, Belgium in 1987. In 1995, I was appointed as an Honorary Professor by Pontificia Universidad Católica del Peru. In 2000, I was awarded an Honorary Doctor Degree by Rome Tor Vergata University.

8.   I have been asked by Lennon, Murphy & Lennon via the Hong Kong lawyers, Richards Butler for the Defendant in this case to provide a legal opinion on the issue as to whether the Defendant China National Chartering Corporation ("Sinochart") is owned by the PRC.

9.   I have read copies of the following documents which have been provided to me:

   i.    the Declaration of Mr. Chen Weidong with exhibits;

ii.   the Declaration of Mr. Peter Gutowski;

iii.   the Declaration of Mr. Donald Clarke with exhibits;

iv.   the Declaration of Mr. Jacques Delisle with exhibits;

v.   the Declaration of Mr. Luke Parsons with exhibits;

vi.   the Declaration of Mr. Song Dihuang with exhibits; and

vii.   the Declaration of Ms. Xing Naiqun with exhibits;

10.   Based upon my understanding of Chinese law and the documents provided to me, I would like to set out my opinions as to the above issue as follows.

## Enterprise legal person under Chinese law

11.   Article 41 of the General Principles of the Civil Law of the People's Republic (Exhibit 1) ("Civil Law"), which was adopted by the National People's Congress in 1986 and came into force in 1987, states:

> "An enterprise owned by the whole people or under collective ownership shall be qualified as a legal person when it has sufficient funds as stipulated by the state; has articles of association, an organization and premises; has the ability to independently bear civil liability; and has been approved and registered by the competent authority. A Chinese-foreign equity joint venture, Chinese-foreign contractual joint venture or foreign-capital enterprise established within the People's Republic of China shall be qualified as a legal person in China if it has the qualifications of a legal person and has been approved and registered by the administrative agency for industry and commerce in according with the law."

12.   In addition to the enterprises provided in the above Civil Law, Article 2 and Article 3 of the Administrative Regulations of the PRC Governing the Registration of Legal Corporation promulgated by the Chinese State Council on June 3, 1988 (Exhibit 2) provide that, joint ownership enterprises, private enterprises and other enterprises which are required by law for the registration of enterprise legal persons, shall also complete the registration for enterprise legal persons if they have the qualifications of legal persons, and cannot be engaged in business operation until they are qualified as legal persons.

**Capacity for civil rights and capacity for civil conduct of enterprise legal persons**

13. Article 36 of the Civil Law states:

> "A legal person shall be an organization that has capacity for civil rights and capacity for civil conduct and independently enjoys civil rights and assumes civil obligations in accordance with the law. A legal person's capacity for civil rights and capacity for civil conduct shall begin when the legal person is established and shall end when the legal person terminates."

14. Article 48 of the Civil Law states:

> "An enterprise owned by the whole people, as legal person, shall bear civil liability with the property that the state authorizes it to manage. An enterprise under collective ownership, as legal person, shall bear civil liability with the property it owns. A Chinese-foreign equity joint venture, Chinese-foreign contractual joint venture or foreign-capital enterprise as legal person shall bear civil liability with the property it owns, except as stipulated otherwise by law."

15. Based upon the above provisions, under Chinese law, an enterprise legal person will have capacity of civil rights and capacity for civil conduct when it is established, and it can independently enjoys civil rights and assumes civil obligations with the property it owns or with the property that the state authorizes it to operate and manage (for an enterprise legal person under the system of ownership by the whole people).

**Incorporated enterprise legal persons and non-incorporated enterprise legal persons**

16. In 1993, China enacted the Company Law of the PRC ("the Company Law"), which has been revised for a few times thereafter. The latest revision (Exhibit 3) was enacted in 2006.

17. Article 2 of the Company Law states: "The term 'company' as mentioned in this Law refers to a limited liability company or a joint stock company limited set up within the territory of the People's Republic of China according to the provisions of this Law." Article 3 of the Company Law reads: "A company is an enterprise legal person, which has independent legal person property and

enjoys the right to legal person property. It shall bear the liabilities for its debts with all its property. " Article 8 of the Company Law states: "A limited liability company established according to this Law shall include the words 'limited liability company' or 'limited company' in its name. A joint stock limited company established according to this Law shall include the words 'joint stock limited company' or 'joint stock company'. "

18. Therefore, under Chinese law, enterprises can be classified into two main categories according to the formation of enterprises: incorporated enterprise legal persons and non-incorporated enterprise legal persons. Incorporated enterprise legal persons are subject to the Company Law, and they shall establish, organize and conduct business in accordance with the Company Law, while non-incorporated enterprise legal persons are not governed by the Company Law.

**Right to property of incorporated enterprise legal person**

19. Article 3 of the Company Law states:

"A company is an enterprise legal person, which has independent legal person property and enjoys the right to legal person property. It shall bear liabilities for its debts with all its property. "

20. Consequently, all assets of an incorporated enterprise legal person shall be owned by the company. Any other person, including shareholders of the company, do not enjoy the ownership to the property of the company. Similarly, the assets in state owned companies, state owned holding companies and state owned joint stock companies which are established by incorporation under the Company Law shall also be owned by the companies. The state, as the investor and shareholder, shall only enjoy the rights in shares, while not the ownership to the property of the companies.

**Ownership to the property of an enterprise under the system of ownership by the whole people and operational and managerial rights of an enterprise**

21. The Constitution of the People's Republic of China (Article 7) provides, inter alia, that the state-owned economy system of China is the socialist economy system of ownership by the whole people (Exhibit 4). Hence, under Chinese law, there is no difference between "the state-owned" and "the ownership by whole people".

22. Different from state owned companies, state owned holding companies and state owned joint stock companies which are established by incorporation under the Company Law, state-owned enterprises whose nature is the system of ownership by the whole people (i.e. enterprises under the system of ownership by the whole people) follow the principle of the separation of ownership and operational rights of the property, i.e. the property of enterprises shall be owned by the whole people of the PRC, in effect by the state; while enterprises themselves do not have the ownership to their assets, but only operational and managerial rights.

23. Article 48 of the Civil Law states:

"An enterprise owned by the whole people, as legal person, shall bear civil liability with the property that the state authorizes it to operate and manage."

24. Article 2 of Law of the PRC on Industrial Enterprises Owned by the Whole People ("the Law of IEOWP", Exhibit 5) which was enacted in 1988 further states inter alia:

"The property of the enterprise shall be owned by the whole people, and shall be operated and managed by the enterprise with the authorization of the state in line with the principle of the separation of ownership and managerial authority. The enterprise shall enjoy the rights to possess, utilize and dispose of, according to law, the property which the state has authorized it to operate and manage."

25. It is worthwhile to point out that Article 71 of the Civil Law states:

"'Property ownership' means the owner's rights to lawfully possess, utilize, profit from and dispose of his property."

But the Law of IEOWP provides that an enterprise shall enjoy the rights to "possess, utilize and dispose of, according to law," the property which the state has authorized it to operate and manage, i.e. except for rights to profit, the enterprise is entitled to all the other three rights. However, it does not indicate that an enterprise under the system of ownership by the whole people shall possess the legal ownership to its property, or be "granted the majority of the ownership rights" as expressed in the Declaration of Mr. Chen Weidong submitted in this case by the Plaintiff, Ocean Line. (See the 16th paragraph of his declaration). The purpose of the law confering on an enterprise such rights,

is not to confer the ownership on the enterprise, but for the convenience of the operation and management of the enterprise.

## How to determine the form and the economic nature of an enterprise legal person

26.    In China, an enterprise must go to the registry administration for registration, and cannot be qualified as an enterprise legal person until it is approved and registered by the administration and obtain the business license for an enterprise legal person. All-levels Administration for Industry and Commerce in China are the authorities for the registration of enterprise legal persons.

27.    As for an incorporated enterprise legal person, according to the PRC Administration of Company Registration Regulations (Exhibit 6), the form of a company must be registered, i.e. it must be registered either as a limited liability company or as a joint stock limited company, and moreover, on the business license for an enterprise legal person issued to the company, it also states the form of the company.

28.    As for a non-incorporated enterprise legal person, according to the Administrative Regulations of the PRC Governing the Registration of Legal Corporations    (Exhibit 2), the registry administration must examine and approve the economic nature of the enterprise, i.e. an enterprise under the system of ownership by the whole people, or an enterprise under the system of collective ownership or an enterprise of other nature (i.e. a   Chinese-foreign equity   joint venture,   foreign-capital enterprise, etc), and proceed with the registration.   On the business license for an enterprise legal person issued to the enterprise, it also states the economic nature of the enterprise legal person after examination and approval.

29.    Except for the registry administration, any other entities are not authorized to examine and approve the form and economic nature of an enterprise legal person. Therefore, in my opinion, to determine the form and economic nature of an enterprise legal person (i.e. whether an enterprise legal person is an incorporated enterprise legal person, or non-incorporated enterprise legal person; whether an incorporated enterprise legal person is a limited liability

company, or a joint stock limited company; whether an non-incorporated enterprise legal person is an enterprise under the system of ownership by the whole people, or an enterprise of other nature) it must refer to what an Administration for Industry and Commerce has approved and registered for the enterprise legal person. Any other documents or evidences shall not be the legal basis on determining the form and economic nature of an enterprise legal person. Any conclusion drawn from these documents or evidence with regard to the form or economic nature of an enterprise legal person, if it is inconsistent with what the registry administration has registered, shall not have any legal effect.

30.    I would like to mention that the Articles of Association of an enterprise do not regulate any external matters and neither can they determine the economic nature of the enterprise under Chinese law.

**Conclusion: the economic nature of Sinochart and the ownership of its property**

31.    Based upon the above, in my opinion, since the business license of Sinochart expressly states that it is "under the system of ownership by the whole people," Sinochart is in nature an enterprise under the system of ownership by the whole people.    Any conclusion to the contrary drawn from other documents or evidence, is inconsistent with the provisions of Chinese law, and thus does not have any legal effect and cannot be accepted.

32.    As Sinochart is an enterprise under the system of ownership by the whole people of China, its property is by law owned by the whole people of the PRC, i.e. the Chinese state. Any conclusion drawn from other documents or evidence that Sinochart is not owned by the Chinese whole people, i.e. the Chinese state, is inconsistent with the provisions of Chinese law.

33.    The Company Law of the People's Republic of China regulates those incorporated enterprise legal persons which are established as limited liability companies and joint stock limited companies.    It does not govern those non-incorporated enterprise legal persons. As above-mentioned, Sinochart is an enterprise under the system of ownership by the whole people and thus as a non-incorporated enterprise legal person, Sinochart is not subject to the Company Law but is governed by the Law of IEOWP. It follows that Sinochart is not possibly owned by Sinotrans under Chinese law.

34.    However, unless otherwise stipulated by law, both legal persons incorporated under the Company Law and not incorporated under the Company Law externally assume civil liabilities independently but as legal persons, their rights and obligations are equal to each other.

35.  I make this declaration based upon my own personal knowledge and upon the documents available to me.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on _____ November, 2007 in Beijing, China.

_____
Jiang-Ping