Declaration of Weidong CHEN

# Exhibit 14

# 企业集团登记证

企 业 集 团 名 称　中国对外贸易运输集团

（简 称）　中国外运集团

母 公 司 名 称　中国对外贸易运输（集团）总公司

母 公 司 住 所　北京市海淀区西直门北大街甲４３号金运大厦Ａ座

编　号　100066

母公司注册号　100000100000170

集团最初设立日期：1993年05月26日

发 证 机 关

二〇〇一



# Certificate of Registry of Enterprise Group

Name of Enterprise Group:  China National Foreign Trade Transportation Group

(Short name):  Sinotrans Group

Name of Parent Company:  China National Foreign Trade Transportation (Group) Corporation

Address of Parent Company:  Flat A, Jin Yun Building, No. 43 Jia, North Avenue, Xi Zhi Men, Haidian District, Beijing

No.: 100066
Registration No. of Parent Company: 100001000170

Date of Initial Establishment of the Group: 26 August 1993

Issuing Authority: State Administration of Industry and Commerce (stamped)

[date illegible in Chinese] 2001

Declaration of Weidong CHEN

# Exhibit 15

打印本页

国务院国有资产监督管理委员会、财政部令

（第3号）

　　《企业国有产权转让管理暂行办法》已经国务院国有资产监督管理委员会主任办公会议审议通过，现予公布，自2004年2月1日起施行。

国务院国有资产监督管理委员会主任　李荣融
财政部部长　金人庆
二〇〇三年十二月三十一日

企业国有产权转让管理暂行办法

第一章　总则

　　第一条　为规范企业国有产权转让行为，加强企业国有产权交易的监督管理，促进企业国有资产的合理流动、国有经济布局和结构的战略性调整，防止企业国有资产流失，根据《企业国有资产监督管理暂行条例》和国家有关法律、行政法规的规定，制定本办法。

　　第二条　国有资产监督管理机构、持有国有资本的企业（以下统称转让方）将所持有的企业国有产权有偿转让给境内外法人、自然人或者其他组织（以下统称受让方）的活动适用本办法。
　　金融类企业国有产权转让和上市公司的国有股权转让，按照国家有关规定执行。
　　本办法所称企业国有产权，是指国家对企业以各种形式投入形成的权益、国有及国有控股企业各种投资所形成的应享有的权益，以及依法认定为国家所有的其他权益。

　　第三条　企业国有产权转让应当遵守国家法律、行政法规和政策规定，有利于国有经济布局和结构的战略性调整，促进国有资本优化配置，坚持公开、公平、公正的原则，保护国家和其他各方合法权益。

　　第四条　企业国有产权转让应当在依法设立的产权交易机构中公开进行，不受地区、行业、出资或者隶属关系的限制。国家法律、行政法规另有规定的，从其规定。

　　第五条　企业国有产权转让可以采取拍卖、招投标、协议转让以及国家法律、行政法规规定的其他方式进行。

　　第六条　转让的企业国有产权权属应当清晰。权属关系不明确或者存在权属纠纷的企业国有产权不得转让。被设置为担保物权的企业国有产权转让，应当符合《中华人民共和国担保法》的有关规定。

第七条　国有资产监督管理机构负责企业国有产权转让的监督管理工作。

## 第二章　企业国有产权转让的监督管理

第八条　国有资产监督管理机构对企业国有产权转让履行下列监管职责：

（一）按照国家有关法律、行政法规的规定，制定企业国有产权交易监管制度和办法；

（二）决定或者批准所出资企业国有产权转让事项，研究、审议重大产权转让事项并报本级人民政府批准；

（三）选择确定从事企业国有产权交易活动的产权交易机构；

（四）负责企业国有产权交易情况的监督检查工作；

（五）负责企业国有产权转让信息的收集、汇总、分析和上报工作；

（六）履行本级政府赋予的其他监管职责。

本办法所称所出资企业是指国务院，省、自治区、直辖市人民政府，设区的市、自治州级人民政府授权国有资产监督管理机构履行出资人职责的企业。

第九条　所出资企业对企业国有产权转让履行下列职责：

（一）按照国家有关规定，制定所属企业的国有产权转让管理办法，并报国有资产监督管理机构备案；

（二）研究企业国有产权转让行为是否有利于提高企业的核心竞争力，促进企业的持续发展，维护社会的稳定；

（三）研究、审议重要子企业的重大国有产权转让事项，决定其他子企业的国有产权转让事项；

（四）向国有资产监督管理机构报告有关国有产权转让情况。

第十条　企业国有产权转让可按下列基本条件选择产权交易机构：

（一）遵守国家有关法律、行政法规、规章以及企业国有产权交易的政策规定；

（二）履行产权交易机构的职责，严格审查企业国有产权交易主体的资格和条件；

（三）按照国家有关规定公开披露产权交易信息，并能够定期向国有资产监督管理机构报告企业国有产权交易情况；

（四）具备相应的交易场所、信息发布渠道和专业人员，能够满足企业国有产权交易活动的需要；

（五）产权交易操作规范，连续3年没有将企业国有产权拆细后连续交易行为以及其他违法、违规记录。

## 第三章　企业国有产权转让的程序

第十一条　企业国有产权转让应当做好可行性研究，按照内部决策程序进行审议，并形成书面决议。

国有独资企业的产权转让，应当由总经理办公会议审议。国有独资公司的产权转让，应

当由董事会审议；没有设立董事会的，由总经理办公会议审议。涉及职工合法权益的，应当听取转让标的企业职工代表大会的意见，对职工安置等事项应当经职工代表大会讨论通过。

　　第十二条　按照本办法规定的批准程序，企业国有产权转让事项经批准或者决定后，转让方应当组织转让标的企业按照有关规定开展清产核资，根据清产核资结果编制资产负债表和资产移交清册，并委托会计师事务所实施全面审计（包括按照国家有关规定对转让标的企业法定代表人的离任审计）。资产损失的认定与核销，应当按照国家有关规定办理。

　　转让所出资企业国有产权导致转让方不再拥有控股地位的，由同级国有资产监督管理机构组织进行清产核资，并委托社会中介机构开展相关业务。

　　社会中介机构应当依法独立、公正地执业业务。企业和个人不得干预社会中介机构的正常执业行为。

　　第十三条　在清产核资和审计的基础上，转让方应当委托具有相关资质的资产评估机构依照国家有关规定进行资产评估。评估报告经核准或者备案后，作为确定企业国有产权转让价格的参考依据。

　　在产权交易过程中，当交易价格低于评估结果的90%时，应当暂停交易，在获得相关产权转让批准机构同意后方可继续进行。

　　第十四条　转让方应当将产权转让公告委托产权交易机构刊登在省级以上公开发行的经济或者金融类报刊和产权交易机构的网站上，公开披露有关企业国有产权转让信息，广泛征集受让方。产权转让公告期为20个工作日。

　　转让方披露的企业国有产权转让信息应当包括下列内容：

　　（一）转让标的的基本情况；

　　（二）转让标的企业的产权构成情况；

　　（三）产权转让行为的内部决策及批准情况；

　　（四）转让标的企业近期经审计的主要财务指标数据；

　　（五）转让标的企业资产评估核准或者备案情况；

　　（六）受让方应当具备的基本条件；

　　（七）其他需披露的事项。

　　第十五条　在征集受让方时，转让方可以对受让方的资质、商业信誉、经营情况、财务状况、管理能力、资产规模等提出必要的受让条件。

　　受让方一般应当具备下列条件：

　　（一）具有良好的财务状况和支付能力；

　　（二）具有良好的商业信用；

　　（三）受让方为自然人的，应当具有完全民事行为能力；

　　（四）国家法律、行政法规规定的其他条件。

　　第十六条　受让方为外国及我国香港特别行政区、澳门特别行政区、台湾地区的法人、自然人或者其他组织的，受让企业国有产权应当符合国务院公布的《指导外商投资方向规定》及其他有关规定。

　　第十七条　经公开征集产生两个以上受让方时，转让方应当与产权交易机构协商，根据

转让标的的具体情况采取拍卖或者招投标方式组织实施产权交易。

采取拍卖方式转让企业国有产权的,应当按照《中华人民共和国拍卖法》及有关规定组织实施。

采取招投标方式转让企业国有产权的,应当按照国家有关规定组织实施。

企业国有产权转让成交后,转让方与受让方应当签订产权转让合同,并应当取得产权交易机构出具的产权交易凭证。

第十八条 经公开征集只产生一个受让方或者按照有关规定经国有资产监督管理机构批准的,可以采取协议转让的方式。

采取协议转让方式的,转让方应当与受让方进行充分协商,依法妥善处理转让中所涉及的相关事项后,草签产权转让合同,并按照本办法第十一条规定的程序进行审议。

第十九条 企业国有产权转让合同应当包括下列主要内容:
(一)转让与受让双方的名称与住所;
(二)转让标的的企业国有产权的基本情况;
(三)转让标的的企业涉及的职工安置方案;
(四)转让标的的企业涉及的债权、债务处理方案;
(五)转让方式、转让价格、价款支付时间及方式及付款条件;
(六)产权交割事项;
(七)转让涉及的有关税费负担;
(八)合同争议的解决方式;
(九)合同各方的违约责任;
(十)合同变更和解除的条件;
(十一)转让和受让双方认为必要的其他条款。

转让企业国有产权导致转让方不再拥有控股地位的,在签订产权转让合同时,转让方应当与受让方协商提出企业重组方案,包括在同等条件下对转让标的的企业职工的优先安置方案。

第二十条 企业国有产权转让的全部价款,受让方应当按照产权转让合同的约定支付。

转让价款原则上应当一次付清。如金额较大、一次付清确有困难的,可以采取分期付款的方式。采取分期付款方式的,受让方首期付款不得低于总价款的30%,并在合同生效之日起5个工作日内支付;其余款项应当提供合法的担保,并应当按同期银行贷款利率向转让方支付延期付款期间利息,付款期限不得超过1年。

第二十一条 转让企业国有产权涉及国有划拨土地使用权转让和由国家出资形成的探矿权、采矿权转让的,应当按照国家有关规定另行办理相关手续。

第二十二条 转让企业国有产权导致转让方不再拥有控股地位的,应当按照有关政策规定处理好与职工的劳动关系,解决转让标的的企业拖欠职工的工资、欠缴的各项社会保险费以及其他有关费用,并做好企业职工各项社会保险关系的接续工作。

第二十三条 转让企业国有产权取得的净收益,按照国家有关规定处理。

第二十四条　企业国有产权转让成交后，转让和受让双方应当凭产权交易机构出具的产权交易凭证，按照国家有关规定及时办理相关产权登记手续。

### 第四章　企业国有产权转让的批准程序

第二十五条　国有资产监督管理机构决定所出资企业的国有产权转让。其中，转让企业国有产权致使国家不再拥有控股地位的，应当报本级人民政府批准。

第二十六条　所出资企业决定其子企业的国有产权转让。其中，重要子企业的重大国有产权转让事项，应当报同级国有资产监督管理机构会签财政部门后批准。其中，涉及政府社会公共管理审批事项的，需预先报经政府有关部门审批。

第二十七条　转让企业国有产权涉及上市公司国有股性质变化或者实际控制权转移的，应当同时遵守国家法律、行政法规和相关监管部门的规定。
对非上市股份有限公司国有股权转让管理，国家另有规定的，从其规定。

第二十八条　决定或者批准企业国有产权转让行为，应当审查下列书面文件：
（一）转让企业国有产权的有关决议文件；
（二）企业国有产权转让方案；
（三）转让方和转让标的企业国有资产产权登记证；
（四）律师事务所出具的法律意见书；
（五）受让方应当具备的基本条件；
（六）批准机构要求的其他文件。

第二十九条　企业国有产权转让方案一般应当载明下列内容：
（一）转让标的企业国有产权的基本情况；
（二）企业国有产权转让行为的有关论证情况；
（三）转让标的企业涉及的、经企业所在地劳动保障行政部门审核的职工安置方案；
（四）转让标的企业涉及的债权、债务包括拖欠职工债务的处理方案；
（五）企业国有产权转让收益处置方案；
（六）企业国有产权转让公告的主要内容。
转让企业国有产权导致转让方不再拥有控股地位的，应当附送经债权金融机构书面同意的相关债权债务协议、职工代表大会审议职工安置方案的决议等。

第三十条　对于国民经济关键行业、领域中对受让方有特殊要求的，企业实施资产重组中将企业国有产权转让给所属控股企业的国有产权转让，经省级以上国有资产监督管理机构批准后，可以采取协议转让方式转让国有产权。

第三十一条　企业国有产权转让事项经批准或者决定后，如转让和受让双方调整产权转让比例或者企业国有产权转让方案有重大变化的，应当按照规定程序重新报批。

### 第五章　法律责任

第三十二条　在企业国有产权转让过程中，转让方、转让标的企业和受让方有下列行为之一的，国有资产监督管理机构或者企业国有产权转让相关批准机构应当要求转让方终止产权转让活动，必要时应当依法向人民法院提起诉讼，确认转让行为无效。

（一）未按本办法有关规定在产权交易机构中进行交易的；

（二）转让方、转让标的企业不履行相应的内部决策程序、批准程序或者超越权限、擅自转让企业国有产权的；

（三）转让方、转让标的企业故意隐匿应当纳入评估范围的资产，或者向中介机构提供虚假会计资料，导致审计、评估结果失真，以及未经审计、评估，造成国有资产流失的；

（四）转让方与受让方串通，低价转让国有产权，造成国有资产流失的；

（五）转让方、转让标的企业未按规定妥善安置职工、接续社会保险关系、处理拖欠职工各项债务以及未补缴欠缴的各项社会保险费，侵害职工合法权益的；

（六）转让方未按规定落实转让标的企业的债权债务，非法转移债权或者逃避债务清偿责任的；以企业国有产权作为担保的，转让该国有产权时，未经担保权人同意的。

（七）受让方采取欺诈、隐瞒等手段影响转让方的选择以及产权转让合同签订的；

（八）受让方在产权转让竞价、拍卖中，恶意串通压低价格，造成国有资产流失的。

对以上行为中转让方、转让标的企业负有直接责任的主管人员和其他直接责任人员，由国有资产监督管理机构或者相关企业按照人事管理权限给予警告，情节严重的，给予纪律处分，造成国有资产损失的，应当负赔偿责任；由于受让方的责任造成国有资产流失的，受让方应当依法赔偿转让方的经济损失；构成犯罪的，依法移送司法机关追究刑事责任。

第三十三条　社会中介机构在企业国有产权转让的审计、评估和法律服务中违规执业的，由国有资产监督管理机构将有关情况通报其行业主管机关，建议给予相应处罚；情节严重的，可要求企业不得再委托其进行企业国有产权转让的相关业务。

第三十四条　产权交易机构在企业国有产权交易中弄虚作假或者玩忽职守，损害国家利益或者交易双方合法权益的，依法追究直接责任人员的责任，国有资产监督管理机构将不再选择其从事企业国有产权交易的相关业务。

第三十五条　企业国有产权转让批准机构及其有关人员违反本办法，擅自批准或者在批准中以权谋私，造成国有资产流失的，由有关部门按照干部管理权限，给予纪律处分；构成犯罪的，依法移送司法机关追究刑事责任。

### 第六章　附则

第三十六条　境外企业国有产权转让管理办法另行制定。

第三十七条　政企尚未分开的单位以及其他单位所持有的企业国有产权转让，由主管财政部门批准，具体比照本办法执行。

第三十八条　本办法由国务院国有资产监督管理委员会负责解释；涉及有关部门的，由

国资委商有关部门解释。

第三十九条　本办法自二00四年二月一日起施行。

chl_51196

_____

文件提供：law.chinalawinfo.com 北大法宝-《中国法律检索系统》Tel:010-8268 9699

【PRINT】

## Interim Measures for the Management of the Transfer of the State-owned Property Right of Enterprises

| | |
|---|---|
| Promulgation date: | 12-31-2003 |
| Effective date: | 02-01-2004 |
| Department: | Ministry of Finance. State Asset Supervision and Administration Commission |
| Subject: | State-owned Assets |

Order of the State-owned Assets Supervisory and Regulatory Commission of the State Council and the Ministry of Finance

(No. 3)

The Interim Measures for the Management of the Transfer of the State-owned Property Right of Enterprises were adopted at the executive meeting of the directors of the State-owned Assets Supervisory and Regulatory Commission of the State Council. They are hereby promulgated and shall be implemented as of February 1, 2004.

Li Rongrong Director of the State-owned Assets Supervisory and Regulatory Commission of the State Council

Jin Renqing Minister of the Ministry of Finance

December 31, 2003

Interim Measures for the Management of the Transfer of the State-owned Property Right of Enterprises

Chapter I. General Provisions

Article 1 In order to regulate the transfer of the state-owned property right of enterprises, to strengthen the supervision over and regulation of the transactions of state-owned property right of enterprises, to promote the rational flow of the state-owned assets of enterprises, to improve the strategic adjustment of state-owned economic distribution and structure. and to prevent the loss of state-owned assets, the present Measures are formulated in accordance with the Interim Measures for the Supervision and Regulation of State-Owned Assets of the Enterprises. the relevant laws and administrative regulations of the state.

Article 2 The present Measures shall be applicable to the activities that the state-owned assets supervision and regulation institutions and the enterprises holding state-owned capital (hereinafter referred to as the transferors) transfer the state-owned property of enterprises to overseas or domestic legal persons, natural persons or other organizations (hereinafter referred to as the transferees) on the non-gratuitous basis.

The transfer of the state-owned property right of financial enterprises and that of listed companies shall be in line with the relevant regulations of the state.

The term "the state-owned property right of enterprises" as mentioned in the present Measures refers to the rights and interests formed by various investments put into the enterprises by the state. the enjoyable rights and interests formed by various investments of the state-owned and state controlling companies, and other rights and interests that shall be determined as state-owned in accordance with the law.

Article 3 The transfer of the state-owned property right of enterprises shall be in line with the laws, administrative regulations and policies of the state, shall be advantageous to the strategic adjustment of state-owned economic distribution and structure, to promoting the optimized allocation of state-owned capital, shall adhere to the principle of openness, fairness and impartiality, and shall protect the lawful rights and interests of the state and all the other parties concerned.

Article 4 The transfer of the state-owned property right of an enterprise shall be openly completed in a property transaction institution established in accordance with the law, shall not be subject to the limitations on the basis of geographical location, capital contribution or subordination. If it is otherwise provided for in the laws and the administrative regulations, the relevant laws and administrative regulations shall prevail.

Article 5 The transfer of the state-owned property right of an enterprise may be completed by auction, bidding, agreement or other means.

Article 6 The ownership of the to-be-transferred state-owned property right of an enterprise shall be clear. The state-owned property right of an enterprise shall not be transferred if its ownership is ambiguous or under dispute. The transfer of the state-owned property of an enterprise used as guarantee shall be in line with the relevant provisions of the Guarantee Law of the People's Republic of China.

Article 7 The state-owned assets supervision and regulation institutions shall be responsible for the supervision and management over the transfer of the state-owned property right of enterprises.

Chapter II. The Supervision and Management over the State-owned Property right of Enterprises

Article 8 A state-owned assets supervision and regulation institution shall exercise the following functions in supervising the transfer of the state-owned property right of enterprises:

(1) To formulate supervision rules and measures for transactions of the state-owned property right of enterprises in accordance with relevant laws and administrative regulations of the state:

(2) To decide or approve the transfer of state-owned property right of the enterprises to which it has made capital contribution ("contributed enterprise"), to discuss and deliberate the items related to a significant transfer of property right and report to the people's government of the same level for approval;

(3) To select and determine the property transaction institutions engaged in transactions of the state-owned property right of enterprises;

(4) To be responsible for the supervision over and inspection of the transactions of the state-owned property

right of enterprises;

(5) To be responsible for collecting, consolidating, analyzing and reporting the information about the transfer of state-owned property right of enterprises and reporting the information; and

(6) To exercise other supervision functions as granted by the government of the same level.

The term "contributed enterprise" as mentioned in the present Measures refers to an enterprise for which the state-owned assets supervision and regulation institutions shall exercise the functions of a contributor upon the authorization of the State Council, the people's government of the provinces, the autonomous region, the municipalities directly under the Central Government, and the people's governments at the level of the districted cities or the autonomous prefectures.

Article 9 A contributed enterprise shall perform the following duties in transferring the state-owned property right:

(1) To formulate measures for the management of the transfer of the state-owned property of the enterprise and report the measures to the state-owned assets supervision and regulation institution for archival purposes;

(2) To study whether the transfer of the state-owned property right is advantageous to enhancing the core competitive ability of the enterprise, promoting the sustainable development of the enterprise and maintaining the stability of the society;

(3) To study and deliberate the important matters involving the transfer of the state-owned property right of its subordinate enterprises, and decide the transfer of the state-owned property right of its subordinate enterprises; and

(4) To report the information about the transfer of the state-owned property right to the state-owned assets supervision and regulation institution.

Article 10 A property right transaction institution may be chosen for the transfer of the state-owned property right of enterprises if it:

(1) complies with the relevant laws, administrative regulations, rules and policies on the transaction of the state-owned property right of enterprises;

(2) performs the duties of the property right transaction institution, strictly examines the qualifications and conditions of the subject of any transfer of the state-owned property right of an enterprise;

(3) discloses the property right transaction information in accordance with the relevant regulations of the state, and can regularly report the information of the transactions of the state-owned property right of enterprises to the state-owned assets supervision and regulation institutions;

(4) has corresponding transaction sites, information disclosure channels and professional personnel, and is able

to meet the requirements for the transactions of the state-owned property right; and

(5) deals with the property right transactions properly, has no continuous transaction after dividing the state-owned property right of an enterprise into small parts or has no bad record due to violating the laws or regulations for 3 consecutive years.

Chapter III. Procedures for the Transfer of State-owned Property right

Article 11 The transfer of the state-owned property right of an enterprise shall be based on a good feasibility study, be deliberated under the internal decision-making procedures and be decided in writing.

The transfer of the property right of a solely state-funded enterprise shall be deliberated at the executive meeting of the general managers. The transfer of the property right of a solely state-funded company shall be deliberated by the board of directors; if the company hasn't established a board of directors, the said transfer shall be deliberated at the executive meeting of the general managers. If the said transfer involves the legitimate rights and interests of the staff, the opinions of the employees representative assembly of the target enterprise of the said transfer shall be consulted, the relocation of the employees and other matters shall be subject to the discussion and adoption of the employees representative assembly.

Article 12 Under the approving procedures as prescribed in the present Measures, after the transfer of the state-owned property right has been approved or decided, the transferor shall organize the target enterprise of the transfer to verify the assets and capital in accordance with the relevant regulations, to create a asset-liability statement and a list of the to-be-transferred assets on the basis of the result of the assets and capital verification, to entrust an accounting firm to conduct an overall auditing (including conducting leaving-post auditing to the legal representative of the target enterprise of the transfer in accordance with the relevant regulations of the state). The determination and writing-off of the asset losses shall be handled in accordance with the relevant regulations of the state.

Where the transferor loses its holding position due to the transfer of the state-owned property right of the invested enterprise, its assets and capital shall be subject to the verification organized by the state-owned assets supervision and regulation institution, and a non-governmental intermediary institution shall be entrusted with relevant operations.

A non-governmental intermediary institution shall practice independently and impartially in pursuance of the law. No enterprise or individual may interfere with its normal work.

Article 13 On the basis of the assets and capital verification and auditing, the transferor shall authorize an asset assessment institution with corresponding qualifications to appraise the assets according to the relevant regulations of the state. Upon approval or being kept in the archives, the assessment report shall be considered as the basis for determining the transfer price of the state-owned property right of the enterprise.

In the course of a property right transfer transaction, if the transaction price is lower than 90% of the assessment result, the transaction shall be stopped for the time being, which may not be resumed until it is approved by the relevant authoritative institution for the transfer of property right.

Article 14 The transferor shall authorize a property right transaction institution to publish a property right transfer announcement through an openly released economic or financial newspaper or periodical of the province level and the website of the property right transaction institution for the purposes of disclosing the relevant information about the to-be-transferred state-owned property right of the enterprise and widely inviting transferees. The property right transfer announcement shall last 20 working days.

The transferor shall disclose the following information about the to-be-transferred state-owned property right of an enterprise:

(1) The basic information about the transfer target;

(2) The structure of the property right of the transfer target enterprise;

(3) The information about the internal decisions and approvals concerning the property right transfer;

(4) The data of the main financial indicators in the recent audit to the transfer target enterprise;

(5) The information about the approval of the asset assessment or records of the transfer target enterprise;

(6) The basic requirements for the transferee; and

(7) Other items necessary to be disclosed.

Article 15 In the course of inviting transferees, the transferor may put forward some basic requirements for the transferees' qualifications, business reputation, operations, financial status, management ability and asset scale.

A transferee shall meet the following requirements:

(1) Having good financial status and payment ability;

(2) Having good business reputation;

(3) If the transferee is a natural person, it shall have complete civil capacity; and

(4) Other requirements as provided for in the laws, administrative regulations.

Article 16 If a transferee is a legal person, natural person or any other organization of a foreign country, Hong Kong Special Administrative Region, Macao Special Administrative Region or Taiwan Region, the state-owned property right of the transferred entity shall be in line with the Regulations on Guiding Foreign Investments issued by the State Council and other relevant regulations.

Article 17 If two or more transferees appear upon open invitations, the transferor shall negotiate with the property right transaction institution so as to organize and complete the property right transaction by way of

auction or bidding in light of the actual target of the transfer.

If the transfer is made by way of auction. the transfer of the state-owned property right of an enterprise shall be in line with the Auction Law of the People's Republic of China and relevant regulations.

If by way of bidding, the transfer of the state-owned property right of an enterprise shall be in line with the relevant regulations of the State.

Where a bargain is made on the transfer of the state-owned property right of an enterprise, the transferor and the transferee shall enter into an property right transfer contract and shall acquire the property right transaction voucher issued by the property right transaction institution.

Article 18 If only one transferee appears upon open invitations. or if it is approved by the state-owned asset supervision and regulation institution in accordance with relevant regulations, the transfer may be completed on the basis of an agreement.

If the transfer is conducted on the basis of an agreement, the transferor shall fully negotiate with the transferee. shall sign a draft property right transfer contract after having properly handled the relevant matters involved in the transfer pursuant to the law, and shall deliberate the transfer according to the procedures as prescribed in Article 11 of the present Measures.

Article 19 A contract on the transfer of the state-owned property right of an enterprise shall contain:

(1) the name and address of the transferor and the transferee;

(2) the basic information of the state-owned property right of the transfer target enterprise;

(3) the employees relocation program relating to the transfer target enterprise;

(4) the creditor's rights and debts treatment program relating to the transfer target enterprise;

(5) the way and price of transfer, the time, way and conditions of payment;

(6) the delivery of the property right;

(7) the sharing of the tax payments relating to the transfer;

(8) the settlement of contract disputes;

(9) the liabilities of each party for breach of contract;

(10) the conditions for modifying and canceling the contract: and

(11) other terms that both the transferor and the transferee consider as necessary.

If the transfer of the state-owned property right of an enterprise results in the transferor's loss of the controlling position, when the transferor signs the property right transfer contract, the transferor may put forward an enterprise restructure program upon negotiation with the transferee, including the priority relocation program for the employees of the transfer target enterprise under identical conditions.

Article 20 The total price of the transfer of the state-owned property right of an enterprise shall be paid by the transferee according to the stipulations in the property right transfer contract.

In principle, the transfer price shall be paid off in a lump sum. If the amount of the price is rather big and it is really difficult to be paid off in a lump sum, it may be paid by installments. Where the amount of the price is paid by installments, the initial payment shall not be less than 30% of the total price and shall be made within 5 working days from the day when the contract takes effect. The rest amount of the transfer price shall be accompanied with a lawful guaranty, the transferor shall be paid the interest of the payment by installments according to the banking loan interest rate of the same period, duration of payment by installments shall not exceed one year.

Article 21 Where the transfer of the state-owned property right of an enterprise involves the transfer of the use right of the state-owned allocated land, the exploration right or mining right formed by the contributions of the state, the relevant formalities shall be separately gone through in accordance with the pertinent regulations of the State.

Article 22 Where the transfer of the state-owned property right of an enterprise results in the transferor's loss of the controlling position, the labor relationship with the employees shall be handled properly in accordance with relevant policies, the salaries of the employees, all kinds of social insurance premiums and other relevant expenses deferred by the transfer target enterprise shall be settled, and the continuity work of all kinds of social insurances of the employees of the enterprise shall be done well.

Article 23 The net income from the transfer of the state-owned property right of an enterprise shall be dealt with in accordance with the relevant regulations of the State.

Article 24 After a bargain is made on the transfer of the property right of an enterprise, both the transferor and the transferee shall, pursuant to the relevant regulations of the State, timely undergo the property right registration formalities upon the property right transaction voucher issued by the property right transaction institution.

Chapter IV. The Procedures for the Approval of the Transfer of the State-owned Property Right of Enterprises

Article 25 The transfer of the state-owned property right of the contributed enterprises shall be decided by the state-owned assets supervision and regulation institutions. Where the transfer of the state-owned property right of an enterprise results in the State's loss of the controlling position, it shall be reported to the people's government of the same level for approval.

Article 26 The transfer of the state-owned property right of the subsidiary enterprise(s) of a contributed

enterprise shall be decided by this contributed enterprise. The significant transfer of the state-owned property right of its important subsidiary enterprise (s) shall be reported to the state-owned assets supervision and regulation institution of the same level in collaboration with the public finance department for approval. Where such a transfer relates to the social public regulation items subject to the examination and approval of the government, it shall be reported in advance to the relevant departments of the government for examination and approval.

Article 27 Where the transfer of the state-owned property right of an enterprise relates to the change of the nature of the state-owned shares of a listed company or the change of the actual controlling power, it shall be in line with the laws and administrative regulations of the State and the rules of the pertinent regulatory departments.

With regard to the regulation on the transfer of the state-owned property right of a non-listed joint-stock limited company, if it is otherwise provided for by the State, such provisions shall be followed.

Article 28 The following written documents shall be examined in deciding or approving the transfer of the state-owned property right of an enterprise:

(1) The resolution documents relating to the transfer of the state-owned property right of the enterprise;

(2) The program on the transfer of the state-owned property right of the enterprise;

(3) The state-owned property right registration certificate of the transferor and the transfer target enterprise;

(4) The legal advice given by a law firm;

(5) The basic requirement s for the transferee: and

(6) The other documented as required by the approving institution.

Article 29 As a general rule, the program on the transfer of the state-owned property right of an enterprise shall contain:

(1) the basic information about the state-owned property right of the transfer target enterprise;

(2) the information about the argumentation of the transfer of the state-owned property right of the enterprise;

(3) the employees relocation program relating to the transfer target enterprise that has been examined by the administrative department of labor security where the enterprise is located;

(4) the settlement program about the creditor's rights and debts (including the deferred salaries of the employees) relating to the transfer target enterprise;

(5) the program about the handling of the income from the transfer of the state-owned property right of the

enterprise; and

(6) the main content in the announcement of the transfer of the state-owned property right of the enterprise.

Where the transfer of the state-owned property right results from the transferor's loss of the controlling position, it shall be accompanied with the written agreement on relevant creditor's rights and debts upon approval of the financial institutions as the creditors and resolutions about the relocation of employees deliberated by the employees representatives assembly.

Article 30 With regard to the key industries or spheres of the national economy, if there are special requirements for the transferee, upon approval of the state-owned assets supervision and regulation institution at (above) the province level, the enterprise that is to transfer the state-owned property right to the holding enterprise to which it is subordinate in carrying out asset restructure may transfer the state-owned property right by way of agreement.

Article 31 After the transfer of the state-owned property right of an enterprise has been approved or has been decided, if the transferor and transferee adjust the transfer proportion of the property right, or if there is any important change in the program about the transfer of the state-owned property right of the enterprise, it shall be submitted for a new approval according to the prescribed procedures.

Chapter V. Legal Liabilities

Article 32 In transferring the state-owned property right of an enterprise, where the transferor, the transfer target enterprise and the transferee are under any of the following circumstances, the state-owned assets supervision and regulation institution or the relevant approving institution of the transfer of the state-owned property right of enterprises shall demand the transferor to stop the transfer of the property right, and shall file a lawsuit in the people's court where necessary so as to make the transfer null and void:

(1) Failing to conduct the transaction in a property right transaction institution in accordance with the relevant provisions of the present Measures;

(2) The transferor or transfer target enterprise fails to observe the corresponding internal decision-making procedures, approving procedures or override their power and transfer the state-owned property right without permission;

(3) The transferor or the transfer target enterprise deliberately hides the assets that shall be listed into the assessment scope or provides false accounting materials to the intermediary institution, thus causes an untrue auditing or assessment result, or leads to the loss of state-owned assets;

(4) In collusion with the transferee, the transferor transfers the state-owned property right at a low price and leads to the loss of the state-owned assets;

(5) The transferor or the transfer target enterprise fails to properly locate the employees, to settle the continuity of the social insurances, to pay the various debts owing to the employees and to make up all kinds of the

payable insurance premiums, infringes on the legitimate rights and interests of the employees;

(6) The transferor fails to settle the creditor's rights and debts of the transfer target enterprise according to the relevant provisions, it illegally changes the creditor's rights or evade the liabilities to pay off the debts; the state-owned property right of the enterprise is set as a guaranty, the transfer of this state-owned property is subject to no approval of the guarantor;

(7) The transferee affects the transferor' selection and signing the property right transfer contract by fraudulent and concealing means; or

(8) In the price competition or auction of the transfer of property right, the transferee suppresses the price in collusion with others and leads to the loss of state-owned assets.

In any of the above-mentioned transfer acts, the direct liable persons-in-charge and other direct liable persons shall be given a warning by the state-owned assets supervision and regulation institutions or by the connected enterprise according to the personnel management powers; if the circumstance is serious, they shall be given a disciplinary sanction; where any loss of state-owned assets is caused, they shall be liable for the compensations, where any loss of state-owned assets is caused due to the transferee, the transferee shall be compensate for the economic losses of the transferor in accordance with the law; where any crime is constituted, the direct persons-in-charge and other direct liable persons shall be transferred to the judicial organ and subject to the criminal liabilities in accordance with the law.

Article 33 With regard to a social public intermediary institution that has illegal practices in the auditing, assessment or legal service relating to the transfer of the state-owned property right of an enterprise, the state-owned assets supervision and regulation institution shall inform the relevant information to the administrative organ of this industry, propose to give it corresponding punishment; if the circumstance is serious, it may demand that the enterprise not entrust the social public intermediary institution with operations relating to the transfer of the state-owned property right of the enterprise any longer.

Article 34 In a transaction of the state-owned property right of an enterprise, if the property right transaction institution practices fraud or neglects its duties, impairs the interests of the State or the legitimate rights and interests of both parties of the transaction, the direct liable persons shall be subject to the responsibilities in accordance with the law. The state-owned assets supervision and regulation institution shall not choose this property right transaction institution to engage in the operations relating to the transactions of the state-owned property right of enterprises.

Article 35 Where the approving institution of the transfer of the state-owned property right of enterprises and the relevant persons cause any loss of the state-owned assets due to their violations of the present Measures, granting any approval without authorization or seeking private interests in granting approvals, they shall be given a disciplinary sanction by the pertinent department according to the administrative rules governing cadre; if any crime is constituted, they shall be transferred to the judicial organ for criminal liabilities.

Chapter VI. Supplementary Provisions

Article 36 The administrative measures for the transfer of the state-owned property right of enterprises based abroad shall be formulated separately.

Article 37 The transfer of the state-owned property right of an enterprise without separating governmental functions from enterprise management and the transfer of the state-owned property right of an enterprise held by any other entity shall be subject to approval of the administrative department of finance. and shall be implemented by referring to the present Measures.

Article 38 The power to interpret the present Measures shall remain with the State-owned Assets Supervisory and Regulatory Commission. If any issue involving other relevant departments, the State-owned Assets Supervisory and Regulatory Commission shall make interpretations upon discussion with the other departments.

Article 39 The present Measures shall be implemented as of February 1, 2004.

©Copyright Chinalawinfo Co.,Ltd
database@chinalawinfo.com

Declaration of Weidong CHEN

# Exhibit  16



# 中国对外贸易运输(集团)总公司

（2000）运人字第 202/094 号

### 关于李甄等同志任免职的通知

各省市子公司、总公司各海外机构、各部（室）、各专业子公司：

经（集团）总公司第 36 次常董会研究决定，聘李甄同志为中国租船公司总经理；免去严虎同志中国租船公司总经理职务，免去杨莹同志副总经理职务，其工作将另行安排。

特此通知。

二〇〇〇年六月二十一日

---

本公司：自留

21 日 9 时印出        共印 91 份

---

录入：张爱丽        校对：高扬

# China National Foreign Trade Transportation (Group) Corporation

(2000) Yun Ren Zi No. 202/094

### Notice of Appointment of Mr. Li Zhen and Removal of others

To: all subsidiaries in various provinces and cities, all overseas branches of the Corporation, all departments (sections) and all subsidiaries for special business

Pursuant to the decision of the 36th ordinary board meeting, it is decided to appoint Mr. Li Zhen as the general manager of China National Chartering Corporation; to remove Mr. Yan Hu from the general manager of China National Chartering Corporation and remove Ms. Yang Ying from the deputy manager of China National Chartering Corporation. Their jobs will be arranged separately.

It is hereby notified.

China National Foreign Trade Transportation (Group) Corporation (stamped)
21 June 2000

-----------------------------------------------------------------------------------------------

Copies kept by this company
Printed out at 0900 hour on 21 June        91 copies printed in total

-----------------------------------------------------------------------------------------------

Recorded by Zhang Aili          Checked by Gao Yang

6.06 7011.00 199772

Declaration of Weidong CHEN

# Exhibit 17

与原件一致

0000044                                    机密

# 国务院国有资产监督管理委员会

# 任 免 通 知

国资任字〔2004〕50 号

---

## 关于孟宪刚等 3 人职务任免的通知

中国对外贸易运输（集团）总公司：

经研究，任命孟宪刚为中国对外贸易运输（集团）总公司董事长；免去罗开富的中国对外贸易运输（集团）总公司董事长、董事职务，退休；免去诸玉兰（女）的中国对外贸易运输（集团）总公司董事职务，不再担任中国对外贸易运输

— 1 —

(集团)总公司副总经理职务,退休。请按有关规定办理。



二〇〇四年六月十八日

---

主题词:干部任免    中国对外贸易运输(集团)总公司    通知

抄送:中组部,国务院办公厅、人事部。
      有关国有重点大型企业监事会。

---

国资委办公厅                          2004 年 7 月 6 日印发

录入:刘德敏                          校对:魏驰昊

— 2 —

0000044                                                      Confidential

## State Assets Supervision and Administrative Commission of the State Council

Notice of Appointment and Removal

Guo Zi Ren Zi [2004] No. 50

Notice of the Appointment and Removal of
Mr Meng Xiangang and Two Other Colleagues

To: China National Foreign Trade Transportation (Group) Corporation

After discussion, Mr Meng Xiangang is appointed as the Chairman of the Board of Directors of the China National Foreign Trade Transportation (Group) Corporation; Mr Luo Kaifu is removed from the position of the Chairman of the Board of Directors and Director of the China National Foreign Trade Transportation (Group) Corporation due to retirement; Ms Zhu Yulan is removed from the position of the Director and Deputy General Manager of China National Foreign Trade Transportation (Group) Corporation due to retirement. Please make arrangements according to the relevant provisions.

18 June 2004
State Assets Supervision and Administrative Commission of the State Council
(stamped)