# Exhibit 3

【法规标题】国务院国有资产监督管理委员会关于印发《企业国有产权无偿划转管理暂行办法》的通知

| | |
|---|---|
| 【发布部门】/国有资产监督管理委员会 | 【发文字号】国资发产权[2005]239号 |
| 【批准部门】 | 【批准日期】 |
| 【发布日期】2005.08.29 | 【实施日期】2005.08.29 |
| 【时效性】现行有效 | 【效力级别】部门规范性文件 |
| 【法规类别】国有资产综合规定 | 【唯一标志】59876 |

【全文】

国务院国有资产监督管理委员会关于印发

《企业国有产权无偿划转管理暂行办法》的通知

(国资发产权[2005]239号)

各中央企业,各省、自治区、直辖市及计划单列市、新疆生产建设兵团国有资产监督管理机构:

为规范企业国有产权无偿划转行为,保障企业国有产权有序流动,防止国有资产流失,我们制定了《企业国有产权无偿划转管理暂行办法》,现印发给你们,请遵照执行。在执行中有何问题,请及时反馈我委。

国务院国有资产监督管理委员会

二○○五年八月二十九日

企业国有产权无偿划转管理暂行办法

第一章 总则

第一条 为规范企业国有产权无偿划转行为,保障企业国有产权有序流动,防止国有资产流失,根据《企业国有资产监督管理暂行条例》(国务院令第378号)等有关规定,制定本办法。

第二条 本办法所称企业国有产权无偿划转，是指企业国有产权在政府机构、事业单位、国有独资企业、国有独资公司之间的无偿转移。

国有独资公司作为划入或划出一方的，应当符合《中华人民共和国公司法》的有关规定。

第三条 各级人民政府授权其国有资产监督管理机构（以下简称国资监管机构）履行出资人职责的企业（以下统称所出资企业）及其各级子企业国有产权无偿划转适用本办法。

股份有限公司国有股无偿划转，按国家有关规定执行。

第四条 企业国有产权无偿划转应当遵循以下原则：

（一）符合国家有关法律法规和产业政策的规定；

（二）符合国有经济布局和结构调整的需要；

（三）有利于优化产业结构和提高企业核心竞争力；

（四）划转双方协商一致。

第五条 被划转企业国有产权的权属应当清晰。权属关系不明确或存在权属纠纷的企业国有产权不得进行无偿划转。被设置为担保物权的企业国有产权无偿划转，应当符合《中华人民共和国担保法》的有关规定。有限责任公司国有股权的划转，还应当遵循《中华人民共和国公司法》的有关规定。

## 第二章 企业国有产权无偿划转的程序

第六条 企业国有产权无偿划转应当做好可行性研究。无偿划转可行性论证报告一般应当载明下列内容：

（一）被划转企业所处行业情况及国家有关法律法规、产业政策规定；

（二）被划转企业主业情况及与划入、划出方企业主业和发展规划的关系；

（三）被划转企业的财务状况及或有负债情况；

（四）被划转企业的人员情况；

（五）划入方对被划转企业的重组方案，包括投入计划、资金来源、效益预测及风险对策等；

（六）其他需说明的情况。

第七条 划转双方应当在可行性研究的基础上，按照内部决策程序进行审议，并形成书面决议。

划入方（划出方）为国有独资企业的，应当由总经理办公会议审议；已设立董事会的，由董事会审

2

议。划入方（划出方）为国有独资公司的，应当由董事会审议；尚未设立董事会的，由总经理办公会议审议。所涉及的职工分流安置事项，应当经被划转企业职工代表大会审议通过。

第八条  划出方应当就无偿划转事项通知本企业（单位）债权人，并制订相应的债务处置方案。

第九条  划转双方应当组织被划转企业按照有关规定开展审计或清产核资，以中介机构出具的审计报告或经划出方国资监管机构批准的清产核资结果作为企业国有产权无偿划转的依据。

第十条  划转双方协商一致后，应当签订企业国有产权无偿划转协议。划转协议应当包括下列主要内容：

（一）划入划出双方的名称与住所；

（二）被划转企业的基本情况；

（三）被划转企业国有产权数额及划转基准日；

（四）被划转企业涉及的职工分流安置方案；

（五）被划转企业涉及的债权、债务（包括拖欠职工债务）以及或有负债的处理方案；

（六）划转双方的违约责任；

（七）纠纷的解决方式；

（八）协议生效条件；

（九）划转双方认为必要的其他条款。

无偿划转事项按照本办法规定程序批准后，划转协议生效。划转协议生效以前，划转双方不得履行或者部分履行。

第十一条  划转双方应当依据相关批复文件及划转协议，进行账务调整，按规定办理产权登记等手续。

## 第三章  企业国有产权无偿划转的批准

第十二条  企业国有产权在同一国资监管机构所出资企业之间无偿划转的，由所出资企业共同报国资监管机构批准。

企业国有产权在不同国资监管机构所出资企业之间无偿划转的，依据划转双方的产权归属关系，由所出资企业分别报同级国资监管机构批准。

3

第十三条　实施政企分开的企业,其国有产权无偿划转所出资企业或其子企业持有的,由同级国资监管机构和主管部门分别批准。

第十四条　下级政府国资监管机构所出资企业国有产权无偿划转上级政府国资监管机构所出资企业或其子企业持有的,由下级政府和上级政府国资监管机构分别批准。

第十五条　企业国有产权在所出资企业内部无偿划转的,由所出资企业批准并抄报同级国资监管机构。

第十六条　批准企业国有产权无偿划转事项,应当审查下列书面材料:

(一) 无偿划转的申请文件;

(二) 总经理办公会议或董事会有关无偿划转的决议;

(三) 划转双方及被划转企业的产权登记证;

(四) 无偿划转的可行性论证报告;

(五) 划转双方签订的无偿划转协议;

(六) 中介机构出具的被划转企业划转基准日的审计报告或同级国资监管机构清产核资结果批复文件;

(七) 划出方债务处置方案;

(八) 被划转企业职代会通过的职工分流安置方案;

(九) 其他有关文件。

第十七条　企业国有产权无偿划转事项经批准后,划出方和划入方调整产权划转比例或者划转协议有重大变化的,应当按照规定程序重新报批。

第十八条　有下列情况之一的,不得实施无偿划转:

(一) 被划转企业主业不符合划入方主业及发展规划的;

(二) 中介机构对被划转企业划转基准日的财务报告出具否定意见、无法表示意见或保留意见的审计报告的;

(三) 无偿划转涉及的职工分流安置事项未经被划转企业的职工代表大会审议通过的;

(四) 被划转企业或有负债未有妥善解决方案的;

(五) 划出方债务未有妥善处置方案的。

第十九条　下列无偿划转事项,依据中介机构出具的被划转企业上一年度(或最近一次)的审计报

4

告或经国资监管机构批准的清产核资结果，直接进行账务调整，并按规定办理产权登记等手续。

（一）由政府决定的所出资企业国有产权无偿划转本级国资监管机构其他所出资企业的；

（二）由上级政府决定的所出资企业国有产权在上、下级政府国资监管机构之间的无偿划转；

（三）由划入、划出方政府决定的所出资企业国有产权在互不隶属的政府的国资监管机构之间的无偿划转；

（四）由政府决定的实施政企分开的企业，其国有产权无偿划转国资监管机构持有的；

（五）其他由政府或国资监管机构根据国有经济布局、结构调整和重组需要决定的无偿划转事项。

第四章 附则

第二十条 企业国有产权无偿向境外划转及境外企业国有产权无偿划转办法另行制定。

第二十一条 企业实物资产等无偿划转参照本办法执行。

第二十二条 本办法自公布之日起施行。

5

Notice of the State-owned Assets Supervision and Administration Commission of the State Council on Printing and Distributing the Interim Measures for the Administration of Gratuitous Transfer of State-owned Property Rights of Enterprises

| Promulgation date: | 08-29-2005 | Department: | State Asset Supervision and Administration Commission |
|---|---|---|---|
| Effective date: | 08-29-2005 | Subject: | State-owned Assets |

Notice of the State-owned Assets Supervision and Administration Commission of the State Council on Printing and Distributing the Interim Measures for the Administration of Gratuitous Transfer of State-owned Property Rights of Enterprises

(No. 239 [2005] of the State-owned Assets Supervision and Administration Commission)

All the enterprises directly under the Central Government, and the state-owned assets supervision and administration organs of all the provinces, autonomous regions, municipalities directly under the Central Government, cities under separate state planning and Sinkiang Production and Construction Corps.

In order to regulate the gratuitous transfer of state-owned property rights of enterprises, safeguard the orderly flow of state-owned property rights of enterprises and prevent the loss of state-owned assets, we have formulated the Interim Measures for the Administration of Gratuitous Transfer of State-owned Property Rights of Enterprises, which are hereby printed and distributed to you, please implement them accordingly. Any problem encountered in the implementation thereof shall be reflected to this Commission in a timely manner.

State-owned Assets Supervision and Administration Commission

August 29, 2005

Interim Measures for the Administration of Gratuitous Transfer of State-owned Property Rights of Enterprises

Chapter I General Provisions

Article 1 In order to regulate the gratuitous transfer of state-owned property rights of enterprises, safeguard the orderly flow of state-owned property rights of enterprises and prevent the loss of state-owned assets, these Measures are formulated in accordance with the Interim Regulation on

1

the Supervision and Administration of State-Owned Assets of Enterprises (Order No. 378 of the State Council) and other relevant provisions.

Article 2 The "gratuitous transfer of state-owned property rights of enterprises" as mentioned in these Measures refers to the gratuitous transfer of state-owned property rights of enterprises between government organs, public institutions, solely state-owned enterprises or solely state-owned companies.

Any solely state-owned company as the transferee or transferor shall accord with the relevant provisions as prescribed in the Company Law of the People's Republic of China.

Article 3 The gratuitous transfer of state-owned property rights of the enterprises for which the people's governments at all levels have authorized their respective state-owned assets supervision and administration organs to perform the duties of capital contributors (hereinafter referred to in general as the contributed enterprises) and their subsidiary enterprises at all levels shall be governed by these Measures.

The gratuitous transfer of state-owned shares of joint-stock limited companies shall be implemented according to the relevant provisions of the state.

Article 4 The gratuitous transfer of state-owned property rights of enterprises shall be governed by the following principles:

(1) complying with the relevant laws and regulations of the state and the provisions on industrial policies;

(2) complying with the requirements for the overall arrangement of state-owned economy and structural adjustment;

(3) being good for the optimization of industrial structure and improvement of core competitiveness of enterprises; and

(4) reaching consensus upon mediation by both parties to the transfer.

Article 5 It shall be clear who has the state-owned property rights of a to-be-transferred enterprise. If it is not clear or in dispute, the state-owned property rights of an enterprise shall not be gratuitously transferred. The gratuitous transfer of the state-owned property rights of an enterprise that are used as security interest shall be in line with the relevant provisions in the Guarantee Law of the People's Republic of China. The transfer of state-owned property rights of a limited-liability company shall be governed by the relevant provisions in the Company Law of the People's Republic of China.

Chapter II Procedures for the Gratuitous Transfer of State-owned Property Rights of Enterprises

Article 6 The gratuitous transfer of state-owned property rights of enterprises shall be based on a good feasibility study. As a general rule, a feasibility demonstration report on gratuitous transfer shall include:

(1) information on the industry to which the to-be-transferred enterprise belongs, and the relevant laws and regulations of the state and the provisions on industrial policies;

(2) information on the main businesses of the to-be-transferred enterprise, and the connection of main businesses and development plans between the transferee and the transferor;

(3) financial status or liabilities of the to-be-transferred enterprise;

(4) personnel situation of the to-be-transferred enterprise;

(5) reorganization plans of the transferee for the to-be-transferred enterprise, including investment plans, source of funds, forecast of benefits and measures against risks, etc.; and

(6) other conditions that need to be explained.

Article 7 Both parties to the transfer shall, on the basis of a feasibility study, deliberate under the internal decision-making procedures and form a written resolution.

In case the transferee (transferor) is a solely state-funded enterprise, the transfer of property rights shall be deliberated at the executive meeting of general managers; if a board of directors has been established, the aforesaid transfer shall be deliberated by the board of directors. In case the transferee (transferor) is a solely state-funded company, the aforesaid transfer shall be deliberated by the board of directors; if the company hasn't established a board of directors, the aforesaid transfer shall be deliberated at the executive meeting of general managers. If the aforesaid transfer involves the relocation and settlement of employees, it shall be subject to the discussion and adoption at the assembly of employee representatives of the to-be-transferred enterprise.

Article 8 Any transferring enterprise (entity) shall inform its creditors of the gratuitous transfer, and shall formulate a corresponding liability disposal scheme.

Article 9 Both parties to the transfer shall organize the to-be-transferred enterprise to carry out the auditing or assets and capital verification in accordance with the relevant provisions, and shall take the audit report issued by an intermediary institution or the assets and capital verification results made by the state-owned assets supervision and administration organ in charge of the transferor as the basis of the gratuitous transfer of state-owned property rights of

enterprises.

Article 10 Both parties to the transfer shall, after reaching consensus upon mediation, sign an agreement on the gratuitous transfer of state-owned property rights of enterprises, which shall mainly include:

(1) names and domiciles of both parties to the transfer;

(2) basic information on the to-be-transferred enterprise;

(3) amount of state-owned property rights of the to-be-transferred party and the base day for the transfer;

(4) employees relocation and settlement scheme of the to-be-transferred party;

(5) creditor's rights and debts (including the deferred salaries of employees) of the to-be-transferred enterprise, or the liability disposal scheme;

(6) liabilities of both parties to the transfer for breach of contract;

(7) method for solving disputes; and

(8) conditions for the entry-into-effect of the agreement; and

(9) other necessary terms as regarded by both parties to the transfer.

After the gratuitous transfer is approved according to the procedures as prescribed in these Measures, the transfer agreement shall come into force. Prior to the entry-into-effect of the transfer agreement, both parties to the transfer shall not perform or partly perform the aforesaid agreement.

Article 11 Both parties to the transfer shall, according to the relevant official replies and the transfer agreement, carry out the accounts adjustment, and shall go through the title registration formality according to the provisions.

Chapter III Approval of the Gratuitous Transfer of State-owned Property Rights of Enterprises

Article 12 In case the state-owned property rights of enterprises are gratuitously transferred between the contributed enterprises by a same state-owned assets supervision and administration organ, the aforesaid contributed enterprises shall jointly report it to the state-owned assets supervision and administration organ for approval.

In case the state-owned property rights of enterprises are gratuitously transferred between the enterprises contributed by different state-owned assets supervision and administration organs, the contributed enterprises shall separately report it to the state-owned assets supervision and administration organs at the same level for approval.

Article 13 The gratuitous transfer of state-owned property rights of an enterprise implementing the separation of governmental functions and enterprise management to a contributed enterprise or any of its subsidiary enterprises shall be respectively subject to the approval of the state-owned assets supervision and administration organ at the same level and the department in-charge.

Article 14 The gratuitous transfer of state-owned property rights of an enterprise contributed by the state-owned assets supervision and administration organ under the government at a lower level to an enterprise contributed by the state-owned assets supervision and administration organ under the government at a higher level or any of its subsidiary enterprises shall be separately subject to the approval of the state-owned assets supervision and administration organs of the governments at the lower and higher levels.

Article 15 The gratuitous transfer of state-owned property rights of enterprises with one contributed enterprise shall be subject to the approval of the contributed enterprise, and a copy thereof shall be sent to the state-owned assets supervision and administration organ at the same level.

Article 16 The following written materials shall be examined for approving the gratuitous transfer of state-owned property rights of enterprises:

(1) application documents on gratuitous transfer;

(2) resolution of the executive meeting of general managers or the board of directors on gratuitous transfer;

(3) certificate of registration of the property rights of both parties to the transfer and the to-be-transferred enterprise;

(4) a feasibility demonstration report on gratuitous transfer;

(5) an agreement on gratuitous transfer signed by both parties to the transfer;

(6) an audit report issued by an intermediary institution on the to-be-transferred enterprise on the base day of the transfer or official replies on the assets and capital verification results by the state-owned assets supervision and administration organ at the same level;

(7) the liability disposal scheme of the transferor;

(8) employees relocation and settlement scheme adopted at the assembly of employee representatives of the to-be-transferred enterprise; and

(9) other relevant documents.

Article 17 After the gratuitous transfer of state-owned property rights of enterprises has been approved, if the transferor and transferee adjust the transferring proportion of property rights, or if there is any important change in the transfer agreement, it shall be reported for approval once again according to the prescribed procedures.

Article 18 The gratuitous transfer can not be implemented if it is under any of the following circumstances:

(1) The main businesses of the to-be-transferred enterprise are inconsistent with the main businesses or development plans of the transferee;

(2) An intermediary institution issues an audit report which contains objections, no opinions, or reserved opinions for the to-be-transferred enterprise on the base day of the transfer;

(3) The employees relocation and settlement matters relating to the gratuitous transfer have not been passed at the assembly of employee representatives of the to-be-transferred enterprise;

(4) The to-be-transferred enterprise owes debts that have not been properly dealt with; or

(5) The debts of the transferor have not been properly dealt with.

Article 19 The following matters on gratuitous transfer shall, according to the audit report for the previous year (or the latest audit report) issued by an intermediary institution on the to-be-transferred enterprise or the assets and capital verification results upon approval of the state-owned assets supervision and administration organ, be subject to the direct accounts adjustment, and the formalities on property right registration shall be handled according to the provisions:

(1) the gratuitous transfer of state-owned property rights, as decided by the government, of a contributed enterprise to any other contributed enterprise by the state-owned assets supervision and administration organ at the same level;

(2) the gratuitous transfer of state-owned property rights, as decided by the government at the higher level, of contributed enterprises between the state-owned assets supervision and administration organs under the governments at a lower and a higher level;

(3) the gratuitous transfer of state-owned property rights, as decided by the governments in charge of the transferor and the transferee, of contributed enterprises between the state-owned assets supervision and administration organs under the governments without any subordination relationship;

(4) the gratuitous transfer of state-owned property rights, as decided by the government, of an enterprise implementing the separation of governmental functions and enterprise management to the state-owned assets supervision and administration organ; or

(5) any other gratuitous transfer as decided by the government or the state-owned assets supervision and administration organ upon the strength of the overall arrangement of state-owned economy, structural adjustment or reorganization.

Chapter IV Supplementary Provisions

Article 20 The measures for the overseas gratuitous transfer of state-owned property rights of enterprises and the gratuitous transfer of state-owned property rights of overseas enterprises shall be separately formulated.

Article 21 The gratuitous transfer of physical assets of enterprises shall be implemented by referring to these Measures.

Article 22 These Measures shall come into force as of the day of promulgation.