UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
OCEAN LINE HOLDINGS LIMITED,           :       07 Civ. 08123 (DC)

               Plaintiff,                :       ECF CASE

    - against -                                :

                                  :
CHINA NATIONAL CHARTERING
CORPORATION,                                  :

               Defendant.             :
-----------------------------------------------------------X

### ATTORNEY DECLARATION OF PATRICK F. LENNON IN SUPPORT OF MOTION FOR SECURITY FOR COSTS PURSUANT TO SUPPLEMENTAL RULE E(2)(b)

Patrick F. Lennon declares under penalty of perjury of the laws of the United States of America as follows:

1. I am an attorney admitted to practice before this Honorable Court and act as counsel for the Defendant herein, China National Chartering Corporation ("Sinochart" or "Defendant").

2. I submit this Declaration based on facts and information known to me personally, as well as documents and information provided to me by Sinochart and its representatives, all of which I believe to be true and accurate.

3. The Plaintiff, OCEAN LINE HOLDINGS LIMITED (hereinafter "Ocean Line" or "Plaintiff") commenced this action sounding in admiralty seeking process of maritime attachment and garnishment (hereinafter "PMAG") pursuant to Supplemental Admiralty Rule B on September 17, 2007.

4. Plaintiff's Complaint prayed for the issuance of an ex parte Order authorizing the issuance of a PMAG against Sinochart's property located in this District in the amount of $177,520,838.00 inclusive of estimated interest, costs and attorneys fees. *See a copy of Plaintiff's Complaint (without exhibits) annexed hereto as Exhibit "1."*

5. Pursuant to service of the PMAG, various garnishee banks restrained Sinochart's property in the approximate amount of $24,564,993.12 in the Southern District of New York.

6. Sinochart subsequently offered to post security for the full amount of Plaintiff's claims ($177,520,838.00) in order to procure the release of its property.

7. Particularly, Sinochart offered to secure Plaintiff's claims by way of two guarantees (one Letter of Undertaking from the internationally well-respected marine insurer SKULD for the sum of $50,000,000.00 and one guarantee from the Bank of China for the balance, *i.e.* $127,520,838.00). *See Letter from Patrick F. Lennon dated February 4, 2008 annexed hereto as Exhibit "2."*

8. Plaintiff unreasonably declined to accept them. *See E-mail from Patrick F. Lennon confirming open and unconditional offer for security dated February 5, 2008 and E-mail from Plaintiff's counsel, Peter Gutowski, failing to accept offer dated February 4, 2008 annexed hereto as Exhibits "3" and "4" respectively.*

9. Sinochart made numerous attempts to address Plaintiff's alleged issues/concerns with the offers of security, but to no avail.

10. Plaintiff simply refused to negotiate substitute security with Defendant in good faith as is exemplified by the correspondence between the parties' counsel. *See E-mail from Patrick F. Lennon dated February 5, 2008 annexed hereto as Exhibit "5."*

11. Plaintiff's main objection to the security seemed not to be based on the *form* of that security, but instead on the *number* of guarantees offered. *See E-mail from Plaintiff's counsel dated February 6, 2008 annexed hereto as Exhibit "6."*

12. Plaintiff took issue with the fact that two guarantees were being offered, not one, but expressed no concern whatsoever that Sinochart posted two surety bonds, not one.

13. Plaintiff's refusal to negotiate alternative substitute security in good faith and its insistence that Sinochart offer one single guaranty or letter of undertaking was a thinly veiled pretext to avoid the resolution of this issue, allowing Plaintiff to continue to serve the attachment and disrupt Sinochart's business activities, all the while steadfastly resisting providing Sinochart with countersecurity, when Sinochart was offering perfectly acceptable forms of security. *See E-mail from Patrick F. Lennon dated February 6, 2008, E-mail from Patrick F. Lennon dated February 7, 2008, Response from Plaintiff's Counsel dated February 11, 2008 and E-mail from Patrick F. Lennon dated February 11, 2008 annexed hereto as Exhibits "7," "8," "9," and "10" respectively.*

14. Plaintiff's true motives in refusing the security proffered by Sinochart were made evident by its continued efforts to amend the Order of Attachment while at the same time refusing to accept valid substitute security being offered to it. *See E-mail from Plaintiff's counsel dated February 11, 2008 annexed hereto as Exhibit "11."*

15. As Plaintiff refused to accept the guarantees Sinochart offered on the exact terms and conditions Plaintiff demanded, on or about March 7, 2008 Sinochart was left with no alternative but to post two surety bonds in order to ameliorate the continued interruptions to its business as a result of the attachment order.

16. As a result of posting the bond, Defendant incurred and/or will incur the following costs:

| | |
|---|---|
| Bond costs (at 1% of the total amount of the bond for five years): | $8,876,041.90 |
| 6% interest on bond costs over five years (estimated time to resolve claims): | $1,597,687.64 |
| Bank charges for providing undertaking/collateral required by Surety company over five years: | $2,231,614.66 |
| 6% interest on bank charges over five years: | $   401,690.64 |
| Total: | **$13,107,034.84** |

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on May 14, 2008

_____
PATRICK F. LENNON

## AFFIRMATION OF SERVICE

I hereby certify that on May 14, 2008, a copy of the foregoing Declaration of Patrick F. Lennon was filed electronically and served by FedEx, return receipt mail and/or facsimile on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: _____
Patrick F. Lennon