# EXHIBIT "3"

## Patrick F. Lennon

| | |
|---|---|
| **From:** | Patrick F. Lennon |
| **Sent:** | Tuesday, February 05, 2008 9:16 AM |
| **To:** | 'GUTOWSKI, PETER' |
| **Subject:** | RE: Ocean Line Holdings v. China National - URGENT - LML ref: 1212A |
| **Importance:** | High |
| **TimeMattersID:** | MF00C9A543F8D575 |
| **TM Matter No:** | 1212a-07 |
| **TM Matter Reference:** | Ocean Line v. China National Chartering Corp. |

Dear Pete,

I have been provided with a copy of an email sent by Reed Smith Richards Butler (Hong Kong) to Ince & Co. this a.m., which is as follows:

**QUOTE**

**From:** Li, Lianjun
**Sent:** 05 February 2008 11:16
**To:** 'Ian Chetwood'
**Cc:** gwinter@winterscott.co.uk; Peter Murray; Matthew Moore
**Subject:** RE: OCEAN VICTORY

Dear Ian,

Thank you for your email of 30 January 2008. We apologize for a slight delay in response.

We trust that you have received the message from our clients US correspondent lawyers to your clients' US correspondent lawyers yesterday (copy of the message attached for your ease of reference). As you can see from the attached message, our clients' position on the securities has been reiterated. If your clients do not accept the two guarantees referred to in the attached message with our clients' reservations, our clients will put up the bonds very shortly.

In order to avoid any doubt, our clients' final open and unconditional offer is to offer a bank guarantee for the sum of US$ 127,520,838 to be issued by Bank of China Headoffice in Beijing and a Skuld LOU for the sum of US$ 50 million with the only reservation being the right to maintain the motion to vacate and for countersecurity in the US.

It appears that our clients' US lawyers did not receive a response from yours yesterday. If your clients accept our clients' offer, please ask your clients' US lawyers to contact our clients' US lawyers immediately. Given the forthcoming Chinese New York holidays, we will leave the security issues to our clients' US lawyers to deal with.

However, if your clients accept our clients' offer and also wish us to deal with the wording, etc, we are happy to do so after the Chinese New Year holidays. In such case, please let us have your confirmation to accept our clients' offer within close of business today London time.

For your guidance, the official holiday period in China is from 6 February to 14 February. The undersigned will be on annual leave next and can attend this matter after 18 February 2008.

We look forward to hearing from you.

**Best Regards**

**Lianjun Li**
**Partner**
**Richards Butler**
**in association with Reed Smith LLP**
**20F Alexandra House, 16-20 Chater Road, Central, Hong Kong**
Telephone:   (852) 2810 8008
Direct Line: (852) 2507 9857
Mobile phone: (852) 9452 7791
Fax Number:    (852) 2810 1607
Email:       lli@rsrbhk.com

*END QUOTE*

I submit that the offer now made by Sinochart is unequivocal and unconditional, with the exception of Sinochart's reservation of rights to seek vacatur of the attachment order and to seek countersecurity in the NY Rule B proceeding.

In light of the foregoing, I would appreciate hearing from you before London closes today so that we exhaust every opportunity to bring the security issues to resolution in advance of the Chinese New Year holiday, which commences tomorrow.

Kind regards,

Patrick F. Lennon

Lennon, Murphy & Lennon, LLC   www.lenmur.com
The Gray Bar Building, 420 Lexington Avenue, Ste 300, New York, NY  10170
P (212) 490-6050
F (212) 490-6070

Tide Mill Landing, 2425 Post Road, Ste 302, Southport, CT  06890
P (203) 256-8600
F (203) 256-8615

*** NOTICE *** *This message is being sent by a lawyer.  It may contain attorney-client or attorney work product information subject to legal privilege.  If you receive this message in error, please notify the sender.  Thank you.*

---

**From:** Patrick F. Lennon
**Sent:** Monday, February 04, 2008 7:02 PM
**To:** 'GUTOWSKI, PETER'
**Subject:** RE: Ocean Line Holdings v. China National

Pete,

Thanks for your reply.

First, whenever you can respond, and the sooner the better, I would be grateful.  I wish to emphasize that the posting of bonds is not an idle promise.  Rather, all arrangements have been made and we are prepared to proceed if positive indications are not received from Ocean Lines with regard to accepting the security being offered.  To that end, while I genuinely do not intend to stoke dissent, I find it highly unproductive, and even a bit disingenuous for Ocean Line to rely on the mantra that no offer has been made that is capable of acceptance.

Negotiating $180 million of security is not a simple matter. My read of the "negotiations" to date are that they have been entirely a one way street, i.e. Sinochart makes proposals and Ocean Lines responds by contending that the proposal is not capable of acceptance. I have never been involved in a case where one side makes a proposal and the other responds by contending the proposal is not capable of being accepted. If Ocean Lines has particular wording with regard to the guarantees that would be acceptable, why doesn't it simply propose terms that would be acceptable to it, taking into account Sinochart's one clear condition: no waiver of the motion to vacate and for countersecurity. With regard to this latter point, I've not personally seen any proposal, w/p message, etc. from Ocean Lines side that was not conditioned on Sinochart waiving its rights in this regard. Sinochart is NOT prepared to waive its rights in order to reach a deal on security simply because we remain confident that the court will vacate the attachment on sovereign immunity grounds. Taking this into account, if Ocean Lines has a genuine interest in resolving the security issues, please urge Ocean Lines to propose whatever terms it would accept with regard to the bank guarantee/LOU proposal. Unless Sinochart receives an indication that Ocean Lines is amenable in principle to accepting alternate security in this form before the Chinese New Year holiday, i.e. tomorrow, Sinochart will proceed with the bond option.

Second, I see nothing to be gained by arguing with you over the question of whether Sinochart is entitled to security for the costs of the bond. Suffice it to say, I am confident that the law allows for recovery of such costs, especially where other options were explored and there was no alternative but for the defendant to post the bond. In other words, where the plaintiff refuses to accept alternate, cost saving security, the law is clear, costs of posting a surety bond are not only recoverable, but should be secured under Rule E(2).

Third, and finally, I should advise that I spoke with Judge Chin's clerk this afternoon. He will be issuing a referral to the magistrate judge tomorrow for mediation of the security issues. However, in light of the impending Chinese New Year and my comments above, it seems that the referral may be too late.

The only thing I can suggest in terms of possibly moving matters forward on a constructive level is a teleconference between you, me and the solicitors. Short of that, there are just too many filters involved.

Best regards,

Patrick F. Lennon

Lennon, Murphy & Lennon, LLC   www.lenmur.com
The Gray Bar Building, 420 Lexington Avenue, Ste 300, New York, NY 10170
P (212) 490-6050
F (212) 490-6070

Tide Mill Landing, 2425 Post Road, Ste 302, Southport, CT 06890
P (203) 256-8600
F (203) 256-8615

*** NOTICE *** *This message is being sent by a lawyer. It may contain attorney-client or attorney work product information subject to legal privilege. If you receive this message in error, please notify the sender. Thank you.*

---

**From:** GUTOWSKI, PETER [mailto:GUTOWSKI@FREEHILL.COM]
**Sent:** Monday, February 04, 2008 6:35 PM
**To:** Patrick F. Lennon
**Subject:** Ocean Line Holdings v. China National

Re:     Ocean Line Holdings v. China National et al.

07 Civ. 8123 (DC)

Our Ref: 128-07/PJG

Dear Pat,

I write in respect to your email late last Thursday (Jan 31), our discussion on Friday (Feb 1st), and your letter transmitted by email at 3:44 this afternoon.

For the sake of good order, let me first review the status, after which I will address the content of your letter today.

In this respect, I confirm my previous advices that to the extent the Court was to direct us to a Magistrate on this issue, we are of course open and prepared to meet with him/her to see if we can work out the issues surrounding the posting of substitute security, and we have so confirmed to J. Chin's chambers.

Insofar as your email last week is concerned, I passed that on and I know that it is under review, but it seems to me that we continue to suffer from the same problem that has plagued this effort all along, and indeed that continues into your letter today. While I do not profess to have a complete command of everything that has been exchanged on the subject, as I understand the situation, one of the main problems which has hampered this discussion is that there has never been an offer made which is capable of acceptance - that is, in the form of a concrete, written proposal which contains all the terms, tendered in a form which would enable our client to review it and respond (nor has there been anything which indicates when the actual documents would be provided once agreed - this being more relevant in respect to the proposed bank guarantee).

In addition, it is my understanding that we have encountered a situation where the goal posts seem to move, as conditions are added in the successive communications we get from your side which were not a part of the immediately preceding discussions. This makes it difficult for us to evaluate what is being offered, as the responses contain new conditions.

Insofar as another motion for counter-security is concerned, I appreciate that if the parties cannot reach a deal, you will do what you feel is necessary and we will respond accordingly. However, and for the sake of good order, I should point out that we dispute that you have a right to counter-security for the cost of the bond and whether that cost would eventually ever be recoverable.

Turning to your letter today, as you will appreciate, a demand calling for a response within 1:15 minutes (where our clients are overseas) is virtually impossible to meet, but your letter has been sent to our UK counterparts and we will revert as soon as we can.

Finally, if you think there is something I can do from my end to try to advance the ball, I would be happy to do so, but perhaps the best thing to do here, if Sinochart would like to resolve the issue, would be to simply get the authority necessary to make a firm offer, put that into action in the form of a (i) transmission of the actual two documents (LOU and Guarantee) which would be extended, (ii) confirmation of the time frame within which the original executed documents would be produced and that the wording of the Bank Guarantee is approved by the Bank, (iii) confirmation of your proposed side agreement if any (we would propose to use the concise Ince language given to RB on a w/o/p basis) and (iv) deal the evidence of the authority points (previously raised), so that we would then be in a position to respond to a concrete proposal.

Kind regards,

FREEHILL HOGAN & MAHAR LLP
Peter J. Gutowski

---

PLEASE NOTE: The information contained in this message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you received this communication in error, or if any problems occur with transmission, please notify us immediately by telephone - (212) 425-1900. Thank you.

5/12/2008