# EXHIBIT "8"

## Patrick F. Lennon

| | |
|---|---|
| **From:** | Patrick F. Lennon |
| **Sent:** | Thursday, February 07, 2008 4:54 PM |
| **To:** | 'GUTOWSKI, PETER' |
| **Subject:** | RE: Ocean Line Holdings v. China National - LML ref: 1212A |
| **Importance:** | High |
| **Attachments:** | Skuld LOU - 6 2 08.doc; BOC Guarantee - 6 2 08.doc; Countersecurity Guarantee (draft) 6 2 08.doc; Side Agreement - 6 2 08.doc |
| **TimeMattersID:** | M317F9A56948B942 |
| **TM Matter No:** | 1212a-07 |
| **TM Matter Reference:** | Ocean Line v. China National Chartering Corp. |

Dear Peter,

Thanks for your message of today, receives while I was in court.

I am not going to engage in dialogue with you regarding the situation between Daiichi and Sinochart primarily because it is simply none of your client's business. The situation would be wholly different if Ocean Lines had acceded to Sinochart's request to agree to a consolidated proceeding between Ocean Line, Sinochart and Daiichi. Having chosen to refuse that request, Ocean Line must live with the consequences of that decision. In any event, I stand by my comments yesterday, i.e. you are misinformed.

Your suggestion that Sinochart's offer of security in the form of a $50 million Skuld LOU and $127 million bank guarantee is "unusual" is neither constructive nor responsive to Sinochart's offer. It is simply yet more circular rhetoric.

I interpret your message that Ocean Line's position is the "same" to mean that Ocean Line continues in its unreasonable refusal to simply indicate whether it is willing to accept the forms of security being offered by Sinochart. Discussing something that Sinochart is unable to offer, i.e. a single bank guarantee, also does not advance the negotiations nor does it respond to Sionchart's offer of security. Again, it is yet more circular rhetoric.

Your sophistry with regard to the fact that my email of yesterday solicited Ocean Line's "agreement in principle" to the forms of security Sinochart has offered merits no response other than to note the sentence that follows it which clearly indicates your client's intention to continue stonewalling these negotiations by refusing to respond.

Sinochart does hold you and Ocean Line, however, to your representation that it will indicate whether it is willing to accept Sinochart's security offer of a $50 million Skuld LOU and the balance in the form of a Bank of China head office guaranty if provided with written drafts. To that end, Sinochart hereby makes the following offer:

1. Sinochart will, within 21 days, provide a BOC head office Bank Guarantee and a Skuld LOU in the attached draft forms;
2. Sinochart and Ocean Line will enter into a Side Agreement in the attached draft terms; and
3. Ocean Line will, within 21 days, provide a first class Bank Guarantee or International Group Club LOU, in the form of the attached draft or in other terms reasonably acceptable to Sinochart.

If, for any reason, any terms of this offer, or the documents referred to in this offer are unacceptable, please explain why and let us have your Clients' proposed amendments. We would again emphasize that Reed Smith Richards Butler remains willing to meet with Ince & Co.'s Hong Kong office and Winter Scott remains willing to meet with Ince & Co.'s London office to discuss the terms of this offer further in a good faith effort to bring these negotiations to agreement. Alternatively, we are happy to meet with you here in New York, either privately or via mediation before the Magistrate Judge.

Kind regards,

5/12/2008

Patrick F. Lennon

Lennon, Murphy & Lennon, LLC   www.lenmur.com
The Gray Bar Building, 420 Lexington Avenue, Ste 300, New York, NY
10170
P (212) 490-6050
F (212) 490-6070

Tide Mill Landing, 2425 Post Road, Ste 302, Southport, CT  06890
P (203) 256-8600
F (203) 256-8615

*** *NOTICE* *** *This message is being sent by a lawyer. It may contain attorney-client or attorney work product information subject to legal privilege. If you receive this message in error, please notify the sender. Thank you.*

---

**From:** GUTOWSKI, PETER [mailto:GUTOWSKI@FREEHILL.COM]
**Sent:** Thursday, February 07, 2008 2:32 PM
**To:** Patrick F. Lennon
**Subject:** Ocean Line Holdings v. China National


Re:   Ocean Line Holdings v. China National et al.
      07 Civ. 8123 (DC)

Our Ref: 128-07/PJG

Dear Pat,

I write further to our email and telephone exchanges yesterday.

At the outset, in your message yesterday at 2:15 pm, you indicate that we are "misinformed about the dealings between Sinochart and Daiichi" with respect to our having previously noted that Sinochart has obtained full security from Daiichi. In fact, I believe this was correct. Please find attached an announcement from the Tokyo stock exchange dated February 4, 2008 noting that Sinochart has indeed been provided with bank security by Daiichi for $190 million. That security was provided in the form of a single bank guaranty and fully secures Sinochart for the unsafe berth claim, down the chain, so to speak, to Daiichi. It further reinforces the point I also made yesterday - that your request for our agreement to consider split security is unusual.

Moving on to that point, the position from our side remains the same. We note once again that no explanation is being given on your side why the usual single guarantee cannot be offered to our clients, as substitute security. This would match the single security which Sinochart not only will have demanded from but actually holds from Daiichi . The unusual "offer" which is put forward by you to us is at last acknowledged by you as only an "in principle" proposal (i.e. it is not a firm, binding and detailed offer). We have no instructions from our clients to confirm, in the absence of a tender of the actual language of the two instruments and the other information previously outlined, whether such split security would be acceptable.

5/12/2008

Kind regards,
FREEHILL HOGAN & MAHAR LLP
Peter J. Gutowski

---

PLEASE NOTE: The information contained in this message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you received this communication in error, or if any problems occur with transmission, please notify us immediately by telephone - (212) 425-1900. Thank you.

Ocean Line Holdings Limited
Suite 2101   21/Fl
Two International Finance Centre
8 Finance Street
Central
Hong Kong

[DATE]

**SKULD GUARANTEE**

Dear Sirs,

| | | |
|---|---|---|
| **Vessel** | : | Ocean Victory |
| **Charterparty** | : | Between Ocean Line Holdings Limited as disponent owners and China National Chartering Corp ("Sinochart") as time charterers, dated 2 August 2006. |
| Casualty | : | The vessel was damaged and ran aground whilst attempting to leave the port of Kashima, Japan on 24th October 2006. Salvage assistance was obtained but the vessel ultimately became a total loss. Thereafter operations were undertaken to remove the wreck of the vessel and to reinstate local infrastructure damaged or removed in the course of the casualty and the subsequent salvage and wreck removal operations. |
| **Claim** | : | All the disponent owners' claims against Sinochart whatsoever and howsoever arising out of and/or in connection with the charterparty and/or the casualty and whether sounding in damages or indemnity or otherwise. |
| **Security** | : | The total sum secured by and on behalf Sinochart in aggregate is US$ 177,520.838 – made up of two guarantees, (a) this guarantee in the sum of US$ 50,000,000 provided by Assuranceforeningen Skuld ("Skuld") ("Skuld Guarantee") and (b) a further guarantee in the sum of US$ 127,520,838 provided by the Bank of China ("the Bank of China Guarantee"). |

In consideration of your discontinuing your proceedings brought under Supplemental Rule B in New York and your consenting to the release of funds belonging to Sinochart which have been restrained pursuant to those proceedings and in consideration of your releasing and/or refraining from arresting or otherwise detaining any other assets or property belonging to Sinochart or in the same or associated ownership, management, possession or control, for the purpose of obtaining security in respect of your above claims, we, Assuranceforeningen Skuld hereby irrevocably undertake, as primary debtor and not merely as surety only, to pay to you on your first and any subsequent written demand(s) such sum or sums as may be due to you from Sinochart in respect of your said claims, whether by written agreement between the disponent owners and Sinochart or by final or interim final Arbitration Award(s) in London in respect of which any right of appeal shall have lapsed or been exhausted and/or, in the case of any appeal, final judgment of the High Court of Justice in London or a higher appellate court (or, for the avoidance of doubt, any combination of agreement, Award and/or judgement), whether in respect of the said claims, interest and/or costs (which expression includes Court fees and the fees and other costs and/or expenses of any arbitration tribunal) **PROVIDED ALWAYS** that:

(a) our total liability hereunder shall not exceed the sum of US$ 50 million (United States Dollars fifty million only); and

(b) each such demand is supported and accompanied by a copy of the agreement, Award and/or judgment in question; and

(c) the amount of each such demand does not exceed the amount agreed and/or awarded and/or adjudged to be due.

And for the consideration aforesaid we hereby irrevocably confirm:-

(i) We will not be released from our obligations at any time by reason of forbearance, waiver or other indulgence granted to or by Sinochart or any legal limitations on, or disability or incapacity of Sinochart, or the liquidation, dissolution, bankruptcy or similar of either Sinochart or yourselves, or any intermediate performance by Sinochart of any of their obligations arising out of or in relation to the casualty or any act, omission, defence or counterclaim which might otherwise impair or discharge our liability, under this Skuld Guarantee.

(ii) Any payment by us under this Skuld Guarantee shall be made without any set-off, counter-claim, deduction or withholding for or on account of any taxes, duties or charges of whatsoever nature.

(iii) We shall have no liability hereunder in respect of any sum or sums demanded which has or have been otherwise satisfied, whether that sum or those sums were satisfied by means of payment under the Bank of China Guarantee or otherwise. To the extent that we pay any sums to you which have already been satisfied, whether under the Bank of China Guarantee or otherwise, you shall immediately repay to us upon our written demand that sum or those sums, together with interest thereon from the date(s) of payment by us.

(iv) We hereby confirm that any payment by us under this Skuld Guarantee will be made within 14 days of receipt of notice in writing of your demand for payment.

(v) We hereby confirm that you are entitled to draw down on this Skuld Guarantee prior to, concurrently with, or after, any demand upon or payment received under the [Bank] Guarantee. We hereby confirm that payment under this Skuld Guarantee is not subject to any payment first having been made under the [Bank] Guarantee. Further the maximum amount payable under this Skuld Guarantee will not be reduced by any payment made under the [Bank] Guarantee. We accept that we are jointly and severally liable as primary debtors for all sums due to you from Sinochart in respect of your claims, subject only to the maximum liability that we have under the Skuld Guarantee.

(vi) We hereby confirm that we have received irrevocable authority from Sinochart to give this Skuld Guarantee in these terms.

Any demand under this Skuld Guarantee shall be in writing marked for the attention of [*insert details*] and shall be deemed to be duly served and received if left at our registered office at --------------------, or if received via registered first class mail (or by airmail if overseas) or if received by email (Mail Address:---------) or if received in legible form by fax (Fax No: ----------------).

This Guarantee is given without prejudice to all rights and defences which may be available to Sinochart including, but not limited to, any rights of limitation of liability.

This Skuld Guarantee shall be governed by and construed in accordance with English law and we agree to submit to the exclusive jurisdiction of the High Court of Justice in London for the enforcement hereof. We confirm that our registered or principal office is situated at [**insert details**]. We further undertake that within 7 days of receipt of a request to do so, we shall instruct and authorise English solicitors to accept and acknowledge service of any proceedings brought in the High Court of Justice in London in connection with this Skuld Guarantee.

_____

Authorised signature(s)

Ocean Line Holdings Limited
Suite 2101  21/Fl
Two International Finance Centre
8 Finance Street
Central
Hong Kong

[DATE]

**Bank of China GUARANTEE**

Dear Sirs,

| | | |
|---|---|---|
| **Vessel** | : | Ocean Victory |
| **Charterparty** | : | Between Ocean Line Holdings Limited as disponent owners and China National Chartering Corp ("Sinochart") as time charterers, dated 2 August 2006. |
| Casualty | : | The vessel was damaged and ran aground whilst attempting to leave the port of Kashima, Japan on 24th October 2006. Salvage assistance was obtained but the vessel ultimately became a total loss. Thereafter operations were undertaken to remove the wreck of the vessel and to reinstate local infrastructure damaged or removed in the course of the casualty and the subsequent salvage and wreck removal operations. |
| **Claim** | : | All the disponent owners' claims against Sinochart whatsoever and howsoever arising out of and/or in connection with the charterparty and/or the casualty and whether sounding in damages or indemnity or otherwise. |
| **Security** | : | The total sum secured by and on behalf Sinochart in aggregate is US$ 177,520.838 – made up of two guarantees, (a) this guarantee in the sum of US$ 127,520,838 provided by the Bank of China ("Bank of China Guarantee") and (b) a further guarantee in the sum of US$50,000,000 provided by Assuranceforeningen Skuld ("Skuld") ("Skuld Guarantee") |

In consideration of your discontinuing your proceedings brought under Supplemental Rule B in New York and your consenting to the release of funds belonging to Sinochart which have been restrained pursuant to those proceedings and in consideration of your releasing and/or refraining from arresting or otherwise detaining any other assets or property belonging to Sinochart or in the same or associated ownership, management, possession or control, for the purpose of obtaining security in respect of your above claims, we, the Bank of China hereby irrevocably undertake, as primary debtor and not merely as surety only, to pay to you on your first and any subsequent written demand(s) such sum or sums as may be due to you from Sinochart in respect of your said claims, whether by written agreement between the disponent owners and Sinochart or by final or interim final Arbitration Award(s) in London in respect of which any right of appeal shall have lapsed or been exhausted and/or, in the case of any appeal, final judgment of the High Court of Justice in London or a higher appellate court (or, for the avoidance of doubt, any combination of agreement, Award and/or judgement), whether in respect of the said claims, interest and/or costs (which expression includes Court fees and the fees and other costs and/or expenses of any arbitration tribunal) **PROVIDED ALWAYS** that:

(a) our total liability hereunder shall not exceed the sum of US$127,520,838 (United States Dollars one hundred and twenty seven million five hundred and twenty thousand eight hundred and thirty eight); and

(b) each such demand is supported and accompanied by a copy of the agreement, Award and/or judgment in question; and

(c) the amount of each such demand does not exceed the amount agreed and/or awarded and/or adjudged to be due.

And for the consideration aforesaid we hereby irrevocably confirm:-

(i) We will not be released from our obligations at any time by reason of forbearance, waiver or other indulgence granted to or by Sinochart or any legal limitations on, or disability or incapacity of Sinochart, or the liquidation, dissolution, bankruptcy or similar of either Sinochart or yourselves, or any intermediate performance by Sinochart of any of their obligations arising out of or in relation to the casualty or any act, omission, defence or counterclaim which might otherwise impair or discharge our liability, under this Bank of China Guarantee.

(ii) Any payment by us under this Bank of China Guarantee shall be made without any set-off, counter-claim, deduction or withholding for or on account of any taxes, duties or charges of whatsoever nature.

(iii) We shall have no liability hereunder in respect of any sum or sums demanded which has or have been otherwise satisfied, whether that sum or those sums were satisfied by means of payment under the Skuld Guarantee or otherwise. To the extent that we pay any sums to you which have already been satisfied, whether under the Skuld guarantee or otherwise, you shall immediately repay to us upon our written demand that sum or those sums, together with interest thereon from the date(s) of payment by us.

(iv)  We hereby confirm that any payment by us under this Bank of China Guarantee will be made within 14 days of receipt of notice in writing of your demand for payment.

(v)  We hereby confirm that you are entitled to draw down on this Bank of China Guarantee prior to, concurrently with, or after, any demand upon or payment received under the Skuld Guarantee. We hereby confirm that payment under this Bank of China Guarantee is not subject to any payment first having been made under the Skuld Guarantee. Further the maximum amount payable under this Bank of China Guarantee will not be reduced by any payment made under the Skuld Guarantee. We accept that we are jointly and severally liable as primary debtors for all sums due to you from Sinochart in respect of your claims, subject only to the maximum liability that we have under the Bank of China Guarantee.

(vi)  We hereby confirm that we have received irrevocable authority from Sinochart to give this Bank of China Guarantee in these terms.

(vii)  We hereby confirm and warrant that: (i) this Bank of China Guarantee is in full compliance with all foreign exchange and other regulatory requirements of the PRC ; (ii) we have taken all appropriate and necessary actions to be authorized to issue and maintain this Bank of China Guarantee and to perform our obligations hereunder; (iii) we have obtained all necessary consents, licences, approvals, authorizations and registrations or declarations required from any governmental authority in connection with the validity and enforceability of this Bank of China Guarantee; (iv) we will duly register this Bank of China Guarantee with the relevant State Administration of Foreign Exchange (SAFE) of the PRC and promptly (in any event not later than 40 calendar days after issuance of this Bank of China Guarantee) provide you with a copy (certified by the signatories hereto) of the monthly SAFE filing form relevant to this Bank of China Guarantee and duly stamped by SAFE evidencing the due registration of this Bank of China Guarantee with SAFE; and (v) we have and shall maintain the necessary authorization to transfer funds out of the PRC in the currency of this Bank of China Guarantee.

(viii)  We are duly permitted by the laws of the People's Republic of China to issue a Bank of China Guarantee in this wording and especially to designate English law as its governing law and to agree to the High Court of Justice in London as the exclusive forum for the resolution of any dispute arising in relation to this Bank of China Guarantee.

Any demand under this Bank of China Guarantee shall be in writing marked for the attention of [*insert details*] and shall be deemed to be duly served and received if left at our registered office at --------------------, or if received via registered first class mail (or by airmail if overseas) or if received by email (Mail Address:---------) or if received in legible form by fax (Fax No: --------------).

This Guarantee is given without prejudice to all rights and defences which may be available to Sinochart including, but not limited to, any rights of limitation of liability.

This Bank of China Guarantee shall be governed by and construed in accordance with English law and we agree to submit to the exclusive jurisdiction of the High Court of Justice in London for the enforcement hereof. We confirm that our registered or principal office is situated at **[insert details]**. We further undertake that within 7 days of receipt of a request to do so, we shall instruct and authorise English solicitors to accept and acknowledge service of any proceedings brought in the High Court of Justice in London in connection with this Bank of China Guarantee.

_____

Authorised signature(s)

China National Chartering Corp
Rm 1122, Sinotrans Plaza A,
A43 Xizhimen Beidajie,
Beijing 100044
Peoples Republic of China

**[DATE]**

Dear Sirs,

| | | |
|---|---|---|
| **Vessel** | : | Ocean Victory |
| **Charterparty** | : | Between Ocean Line Holdings Limited as disponent owners ("Ocean Line") and China National Chartering Corp ("Sinochart") as time charterers, dated 2 August 2006. |
| **Casualty** | : | The vessel was damaged and ran aground whilst attempting to leave the port of Kashima, Japan on 24th October 2006. Salvage assistance was obtained but the vessel ultimately became a total loss. Thereafter operations were undertaken to remove the wreck of the vessel and to reinstate local infrastructure damaged or removed in the course of the casualty and the subsequent salvage and wreck removal operations. |
| **Claim** | : | All Sinochart's claims and counterclaims against Ocean Line whatsoever and howsoever arising out of and/or in connection with the charterparty and/or the casualty and whether sounding in damages or indemnity or otherwise. |

In consideration of your refraining from arresting or otherwise detaining any other assets or property belonging to Ocean Line or in the same or associated ownership, management, possession or control, for the purpose of obtaining security in respect of your above claims, we hereby irrevocably undertake, as primary debtor and not merely as surety only, to pay to you on your first and any subsequent written demand(s) such sum or sums as may be due to you from Ocean Line in respect of your said claim, whether by written agreement between yourselves and Ocean Line or by final or interim final Arbitration Award(s) in London in respect of which any right of appeal shall have lapsed or been exhausted and/or, in the case of any appeal, final judgment of the High Court of Justice in London or a higher appellate court (or, for the avoidance of doubt, any combination of agreement, Award and/or judgment), whether in respect of the said claims, interest and/or costs (which expression includes Court

fees and the fees and other costs and/or expenses of any arbitration tribunal) **PROVIDED ALWAYS** that:

(a) our total liability hereunder shall not exceed the sum of US$9,640,457.89 (United States Dollars nine million, six hundred and forty thousand, four hundred and fifty seven); and

(b) each such demand is supported and accompanied by a copy of the agreement, Award and/or judgment in question; and

(c) the amount of each such demand does not exceed the amount agreed and/or awarded and/or adjudged to be due.

And for the consideration aforesaid we hereby irrevocably confirm:-

(i) We will not be released from our obligations at any time by reason of forbearance, waiver or other indulgence granted to or by Ocean Line or any legal limitations on, or disability or incapacity of Ocean Line, or the liquidation, dissolution, bankruptcy or similar of either Ocean Line or yourselves, or any intermediate performance by Ocean Line of any of their obligations arising out of or in relation to the casualty or any act, omission, defence, claim or counterclaim which might otherwise impair or discharge our liability, under this Guarantee.

(ii) Any payment by us under this Guarantee shall be made without any set-off, counter-claim, deduction or withholding for or on account of any taxes, duties or charges of whatsoever nature.

(iii) We shall have no liability hereunder in respect of any sum or sums demanded which has or have been otherwise satisfied. To the extent that we pay any sums to you which have already been satisfied, you shall immediately repay to us upon our written demand that sum or those sums, together with interest thereon from the date(s) of payment by us.

(iv) We hereby confirm that any payment by us under this Guarantee will be made within 14 days of receipt of notice in writing of your demand for payment.

(v) We hereby confirm that we have received irrevocable authority from Ocean Line to give this Guarantee in these terms.

(vi) We hereby confirm and warrant that: (i) this Guarantee is in full compliance with all applicable foreign exchange and other regulatory requirements; (ii) we have taken all appropriate and necessary actions to be authorized to issue and maintain this Guarantee and to perform our obligations hereunder; (iii) we have obtained all necessary consents, licences, approvals, authorizations and registrations or declarations required from any governmental authority in connection with the validity and enforceability of this Guarantee; (iv) we have and shall maintain the necessary authorization to transfer funds in the currency of this Guarantee.

(vii) We are duly permitted by all applicable laws to issue a Guarantee in this wording and especially to designate English law as its governing law and to agree to the High Court

of Justice in London as the exclusive forum for the resolution of any dispute arising in relation to this Guarantee.

Any demand under this Guarantee shall be in writing marked for the attention of [name] and shall be deemed to be duly served and received if left at our registered office, or if received via registered first class mail (or by airmail if overseas) or if received by email (Mail Address:[email address]) or if received in legible form by fax (Fax No:[fax number]).

This Guarantee is given without prejudice to all rights and defences which may be available to Ocean Line including, but not limited to, any rights of limitation of liability.

This Guarantee shall be governed by and construed in accordance with English law and we agree to submit to the exclusive jurisdiction of the High Court of Justice in London for the enforcement hereof. We confirm that our registered or principal office is situated at [address]. We further undertake that within 7 days of receipt of a request to do so, we shall instruct and authorise English solicitors to accept and acknowledge service of any proceedings brought in the High Court of Justice in London in connection with this Guarantee.

_____
Authorised signature(s)

# **SIDE AGREEMENT**

This Agreement is made this          day of February 2008 between:

**OCEAN LINE HOLDINGS LIMITED ("Ocean Line")**

and

**CHINA NATIONAL CHARTERING CORPORATION ("Sinochart")**

**WHEREAS:**

(1)   Ocean Line as disponent owners let the vessel "OCEAN VICTORY" to Sinochart as time Charterers by a charter party dated 2 August 2006 ("the Charterparty"); and

(2)   The vessel grounded whilst attempting to leave the port of Kashima, Japan on 24th October 2006 and subsequently became a total loss; and

(3)   Ocean Line have sought to obtain security from Sinochart in respect of their claims arising out of or in connection with the Charterparty ("Ocean Line's claims") by way of Supplemental Rule B proceedings in the United States District Court, Southern District of New York ("the New York Court"), claim number 07 Civ. 8123 (DC) under ("the Rule B proceedings"); and

(4)   The Rule B proceedings have restrained funds belonging to Sinochart ("the restrained funds"); and

(5)   Sinochart have issued a Motion in the Rule B proceedings seeking an order that the Rule B proceedings be vacated, or alternatively that Ocean Line be ordered to post countersecurity in respect of Sinochart's counterclaims ("the Motion to Vacate and for Countersecurity"); and

2

(6)  Sinochart have agreed, in consideration of Ocean Line consenting to the release of the restrained funds and upon condition of Ocean Line agreeing to refrain from arresting or otherwise detaining any other assets or property owned by Sinochart or in the same or associated ownership, management, possession or control for the purpose of obtaining security in respect of Ocean Line's claims, to provide to Ocean Line, as interim security for Ocean Line's claims pending determination of the Motion to Vacate, a Bank of China Guarantee in the terms attached hereto ("the Bank Guarantee") and a Letter of Undertaking from Assuranceforeningen Skuld in the terms attached hereto ("the Skuld LOU"); and

(7)  Ocean Lines and Sinochart have agreed that Sinochart may pursue the Motion to Vacate and for Countersecurity and that the provision of the Bank Guarantee and Skuld LOU shall not prejudice in any way, Sinochart's right to pursue the Motion to Vacate and for Countersecurity; and

(8)  Ocean Line and Sinochart have agreed that Ocean Line shall provide Sinochart with counter security in respect of Sinochart's counterclaims, pending determination of the Motion to Vacate in the form of a Guarantee of a first class Bank or a LOU of an International Group P&I Club, in the terms attached hereto or in other terms reasonably acceptable to Sinochart.

(9)  Ocean Line and Sinochart wish to agree the terms upon which the Bank Guarantee and Skuld LOU and the [Club LOU/Bank Guarantee] (together "the Securities") are to be provided and held.

**IT IS HEREBY AGREED FOR GOOD AND MUTUAL CONSIDERATION, THE RECEIPT SUFFICIENCY AND ADEQUACY WHEREOF THE PARTIES HEREBY IRREVOCABLY ACKNOWLEDGE AS FOLLOWS:**

1   Within 21 days after the signing of this Agreement:

    (a)    Sinochart shall provide the Bank Guarantee and Skuld LOU to their New York lawyers, Lennon, Murphy & Lennon, LLC; and

    (b)    Ocean Line shall provide the [Club LOU/Bank Guarantee] to their New York lawyers, Freehill Hogan & Mahar LLP

2    Notwithstanding their terms, neither the Bank Guarantee, the Skuld LOU nor the [Club LOU/Bank Guarantee] shall be effective or be available as security for Ocean Line and Sinochart respectively until and unless they are exchanged between Lennon, Murphy & Lennon LLC and Freehill Hogan & Mahar LLP in accordance with Clause 3 below.

3    Upon Lennon, Murphy & Lennon, LLC and Freehill Hogan & Mahar LLP having mutually confirmed receipt of the Bank Guarantee and Skuld LOU and the [Club LOU/Bank Guarantee] respectively, Lennon, Murphy & Lennon, LLC shall provide to Freehill Hogan & Mahar LLP the Bank Guarantee and Skuld LOU and Freehill Hogan & Mahar LLP shall provide to Lennon, Murphy & Lennon, LLC by way of exchange the [Club LOU/Bank Guarantee]. Upon exchange the Securities shall become effective.

4    Forthwith, upon exchange of the Securities in accordance with clause 3 above, Ocean Line shall cause the immediate release of the restrained funds to Sinochart and shall cause such steps to be taken as are necessary to ensure that no further funds are attached by the Rule B proceedings or any other action, suit or proceedings worldwide in respect of Ocean Line's claim (other than in accordance with the terms of this Agreement)

5    In the event that the New York Court makes a final and unappealable order on the Motion to Vacate and for Countersecurity or, in the event of an appeal of the New York Court's order, a higher appellate Court makes a final and unappealable order on the Motion to Vacate and for Countersecurity to the effect that:

4

    (a)    the Rule B attachment order in respect of Sinochart's property is to be vacated, Ocean Line shall forthwith upon the making of such an order, release and return to Sinochart for cancelling, the Bank Guarantee and the Skuld LOU and Sinochart shall by way of exchange release and return to Ocean Line for cancelling the [Club LOU/Bank Guarantee]; or

    (b)    the Rule B proceedings are not to be vacated but Ocean Line are to provide countersecurity for Sinochart's counterclaims, the Securities shall continue in full force and effect (subject to the terms of this Agreement); or

    (c)    the Motion to Vacate and for Countersecurity is denied, the Bank Guarantee and Skuld LOU shall continue to stand as security for Ocean Line's claims (subject to the terms of this Agreement) and Sinochart shall forthwith release and return to Ocean Line for cancelling the [Club LOU/Bank Guarantee].

6    In the event of a dispute between Ocean Line and Sinochart as to whether or not the total amount of security provided by the Bank Guarantee and the Skuld LOU together is either insufficient or excessive:

    (a)    Ocean Line shall be entitled to seek a declaratory award from the Arbitration Tribunal appointed to determine the claim ("the Tribunal") that the total amount of security provided by the Bank Guarantee and the Skuld LOU together is insufficient; and/or

    (b)    Sinochart shall be entitled to seek a declaratory award from the Tribunal that the total amount of security provided to Ocean Line by the Bank Guarantee and the Skuld LOU together is excessive.

5

7   In the event of the Tribunal issuing a final and unappealable declaratory award or, in the case of any appeal, a final judgment of the High Court of Justice in London or a higher appellate court that the total amount of security provided by the Bank Guarantee and the Skuld LOU together is insufficient, nothing in the Bank Guarantee or the Skuld LOU or this Agreement shall prevent Ocean Line from taking steps to obtain further appropriate security from Sinochart.

8   In the event of the Tribunal issuing a final and unappealable declaratory award in favour of Sinochart or, in the case of any appeal, a final judgment of the High Court of Justice in London or a higher appellate court that the total amount of security provided by the Bank Guarantee and the Skuld LOU together is excessive, the Bank of China's liability under the Bank Guarantee shall be automatically reduced to the amount considered sufficient by the Tribunal and Sinochart shall be entitled to substitute the Bank Guarantee with a further guarantee for the reduced amount, but otherwise on the same terms ("the Reduced Guarantee").  In the event that Sinochart do provide to Ocean Line the Reduced Guarantee, Ocean Line shall accept the Reduced Guarantee and shall return, by way of exchange, the original Bank Guarantee for cancelling.

9   Ocean Line hereby irrevocably appoint Ince & Co to receive and accept on their behalf, service of any proceedings in respect of this Agreement and/or any claims under the Charterparty provided that they are served at Ince & Co's principal place of business, presently being International House 1 St Katherine's Way London E1W 1AY. Ocean Line agrees to maintain such an agent for service of process in England from the date hereof and that if the appointment ceases to be effective they shall appoint a further person in England to accept service of process on its behalf in England.

10  Sinochart hereby irrevocably appoint Winter Scott to receive and accept on their behalf, service of any proceedings in respect of this Agreement provided that they are served at Winter Scott's principal place of business, presently being St Olave's House, Ironmonger Lane, London EC2V 8EY. Sinochart agrees to

6

maintain such an agent for service of process in England from the date hereof and that if the appointment ceases to be effective they shall appoint a further person in England to accept service of process on its behalf in England.

11  This Agreement shall be governed by English law and shall be subject to the jurisdiction of the High Court.

**Signed:**

-------------------------------------

**INCE & CO for and on behalf of**
**Ocean Line Holdings Limited**


**Signed:**

-------------------------------------

**WINTER SCOTT for and on behalf of**
**China National Chartering Corp**