UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
OCEAN LINE HOLDINGS LIMITED,

                            Plaintiff,

                                                ECF CASE

        - against -

                                                07-CV-8212 (DC)

CHINA NATIONAL CHARTERING CORP.
a/k/a/ SINOCHART,                               DECLARATION OF
                                                MATTHEW STEPHEN MOORE
                            Defendant


MSM – Exhibit to the Statement of
MATTHEW STEPHEN MOORE
Dated 12 June 2008

1 CO.7011.00 11911081

# Fax



**INCE & CO**

INTERNATIONAL
LAW FIRM

Ince & Co is a partnership of solicitors and registered foreign lawyers and is regulated by the Solicitors Regulation Authority. A list of partners is open to inspection at the office shown.

International House
1 St Katharine's Way
London E1W 1AY
DX 1070 London City

This message and any attachments are confidential to the intended recipient and may be privileged. If you are not the intended recipient we request that you contact us and not make any use of them pending arrangements for their return or destruction.

Tel +44 20 7481 0010
Fax +44 20 7481 4968
www.incelaw.com

Please contact us immediately if any part of this transmission is incorrectly received. This document has been generated electronically and therefore may not include a signature.

| From | Our Ref | Date |
|------|---------|------|
| Ian Chetwood/Matthew Moore | IAC/MSM/8295/8718 | 02 October 2007 |
| To | Attention | Your Ref |
| Winter Scott | Glenn Winter | DGW/In/82/139 |
| Total number of pages | Town/Country | Fax Number |
| Four | London/UK | 020 7726 2371 |
| Copies to | Attention/Ref | Town/Country/Fax Number |
| Richards Butler | Chris Howse | 00 852 2810 1607 |
| Matter | | |
| Ocean Victory - Unsafe Port Claim | | |

Thank you for your e-mail timed at 14:37 yesterday marked "subject to contract".

As you know, our clients have asked for security to be provided in respect of their claims either by way of a first class London bank guarantee, or by way of a Skuld letter of undertaking for the full sum, or alternatively, by way of a suitable escrow account in London and agreement.

Instead of these, we believe, clear and straightforward alternatives to the Rule B, you proposed in your e-mail yesterday afternoon that in principle and subject to contract and instructions, you may be able to offer a Bank of China guarantee. We have taken instructions in relation to this. Our clients' position is that with all due respect this would potentially introduce a third and unnecessary jurisdiction (China) into an already complicated set of disputes being dealt with in two other jurisdictions (London, in relation to the parties' agreement to arbitrate all disputes and claims; and New York, so far as the Rule B proceedings are concerned). This is unattractive and, therefore, unacceptable. In the circumstances, our clients would, as they have already indicated and subject to contract, agree to accept either a Skuld letter of undertaking for the full sum or a first class London (or New York) bank guarantee, if that suited your clients better, in the wording (subject to any necessary amendments, if it is to be a bank guarantee) that our clients provided to yours, last week. A further copy of that undertaking / guarantee wording is attached for ease of reference.

If the Bank of China is willing as you say in principle to issue its own security, we imagine that it will be able instead to provide any necessary counter-security either to Skuld or to a suitable first class London or New York bank. This seems to us to offer a sensible way forward, and would allow all questions in relation to security to be resolved promptly.

1.



INTERNATIONAL
LAW FIRM

02 October 2007

We look forward to hearing from you.

Regards,
Ince & Co
*[This is a computer generated fax and is therefore unsigned]*

2

Ocean Line Holdings Limited
Suite 2101  21/Fl
Two International Finance Centre
8 Finance Street
Central
Hong Kong

[DATE]

LETTER OF UNDERTAKING

Dear Sirs,

| | | |
|---|---|---|
| Vessel | : | Ocean Victory |
| Charterparty | : | Between Ocean Line Holdings Limited as disponent owners and China National Chartering Corp ("Sinochart") as time charterers, dated 2 August 2006. |
| Claim | : | The disponent owners' claims arising out of, or in connection with the above charterparty including, but not limited to, a claim for damages for breach of contract and/or an indemnity in respect of all losses, damages and liabilities whatsoever arising out of Sinochart's breaches of charter including, but without limitation, their breach of the safe port warranty, their orders for the vessel to discharge at Kashima, or relating to the grounding of the vessel on or about 24 October 2006, claims for salvage expenses, the vessel's loss, loss of use and wreck removal costs and any and all other claims arising from the casualty. |

In consideration of your discontinuing your proceedings brought under Supplemental Rule B in New York and your consenting to the release of funds belonging to Sinochart which have been restrained pursuant to those proceedings and in consideration of your releasing and/or refraining from arresting or otherwise detaining any other assets or property belonging to Sinochart or in the same or associated ownership, management, possession or control, for the purpose of obtaining security in respect of your above claims, we, Assuranceforeningen Skuld hereby undertake to pay to you on demand such sum or sums as may be due to you

3.

from Sinochart in respect of your said claims, either by agreement between the parties or by a final Arbitration Award in London in respect of which any right of appeal shall have lapsed or been exhausted or in the case of any appeal, final judgment of the High Court of Justice in London or a higher appellate court in respect of the said claims, interest and costs PROVIDED ALWAYS that our liability hereunder shall not exceed the sum of US$177,520,838 (United States Dollars One Hundred and Seventy Seven Million, Five Hundred and Twenty Thousand, Eight Hundred and Thirty Eight).

And for the consideration aforesaid:-

   (i)    Nothing in this undertaking shall prevent the disponent owners from seeking an increase in the amount secured hereunder should the disponent owners decide the amount of the security is insufficient, but if Sinochart object to this, then this matter will be resolved by the arbitration tribunal appointed to determine the charterparty claims.

   (ii)   We warrant that we have received irrevocable authority from Sinochart to give this Letter of Undertaking in these terms.

This Letter of Undertaking shall be governed by and construed in accordance with English law and we agree to submit to the exclusive jurisdiction of the High Court of Justice in London for the enforcement hereof.   We confirm that our registered or principal office is situated at [insert details]. We further undertake that within 7 days of receipt of a request to do so, we shall instruct and authorise English solicitors to accept and acknowledge service of any proceedings brought in the High Court of Justice in London in connection with this undertaking.

4.

## Christopher Crane

| | |
|---|---|
| From: | Li, Lianjun [lli@rsrbhk.com] |
| Sent: | 16 January 2008 04:17 |
| To: | Peter Murray |
| Cc: | Ian Chetwood; Matthew Moore; gwinter@winterscott.co.uk |
| Subject: | RE: "OCEAN VICTORY" -Subject to Contract |

Attachments: image-1161219-0001.pdf; image-1161220-0001.pdf; image-1161221-0001.pdf

to:  Mr. Peter Murray - Ince & Co International Law Firm, Shanghai
email: peter.murray@incelaw.com

cc:  Mr. Ian Chetwood / Mr. Matthew Moore - Ince & Co International Law Firm, London

email: ian.chetwood@incelaw.com; matthew.moore@incelaw.com

your ref: IAC/MSM.8295/8718

cc:  Mr. Glenn Winter - Winter Scott
email: gwinter@winterscott.co.uk
your ref: DGW/In/82/139

<<image-1161219-0001.pdf>> <<image-1161220-0001.pdf>> <<image-1161221-0001.pdf>>

### Subject to Contract

Dear Peter,

We refer to the above matter and write in this open message in respect of the security arrangement.

We write to advise that our clients are prepared to provide two guarantees' (drafts attached: one Bank of China Guarantee and one Skuld Guarantee) for your clients' alleged claims subject to the parties' agreement on the Side Agreement (draft attached).

Please let us know whether your clients' P and I club is willing to provide a LOU for our clients' counter-claims (subject to agreement on the wording). Our clients would be prepared to accept your clients' P and I club's LOU.

Please advise by return whether your clients agree in principle that we can proceed with the security arrangement as outlined in the attached draft Side Agreement.

Best Regards

Lianjun Li
Partner
**Richards Butler in association with Reed Smith LLP**
20F Alexandra House, 16-20 Chater Road, Central, Hong Kong
Telephone:  (852) 2810 8008
Direct Line: (852) 2507 9857
Mobile phone: (852) 9452 7791

19/05/2008

5.

Fax Number:    (852) 2810 1607
Email:       lli@rsrbhk.com

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachment from your system. If you are not the intended recipient you must not copy this message or attachment or disclose the contents to any other person.

For further information about Richards Butler in association with Reed Smith please see our website at http://www.reedsmith.com or refer to any Richards Butler or Reed Smith office. A list of the firm's principals will be provided upon request.

6.

<u>Subject to Contract</u>

# <u>SIDE AGREEMENT</u>

This Agreement is made this            day of January 2008 between:

OCEAN LINE HOLDINGS LIMITED ("Ocean Line")

and

CHINA NATIONAL CHARTERING CORPORATION ("Sinochart")

WHEREAS:

(1)     Ocean Line as disponent owners let the vessel "OCEAN VICTORY" to Sinochart as time Charterers by a charter party dated 2 August 2006 ("the Charterparty"); and

(2)     The vessel grounded whilst attempting to leave the port of Kashima, Japan on 24th October 2006 and subsequently became a total loss; and

(3)     Ocean Line have sought to obtain security from Sinochart in respect of their claims arising out of or in connection with the Charterparty ("Ocean Line's claims") by way of Supplemental Rule B proceedings in the United States District Court, Southern District of New York ("the New York Court"), claim number 07 Civ. 8123 (DC) under ("the Rule B proceedings"); and

(4)     The Rule B proceedings have restrained funds belonging to Sinochart ("the restrained funds"); and

(5)     Sinochart have issued a Motion in the Rule B proceedings seeking an order that the Rule B proceedings be vacated, or alternatively that Ocean Line be ordered to

7.

2

post countersecurity in respect of Sinochart's counterclaims ("the Motion to Vacate and for Countersecurity"); and

(6)  Sinochart have agreed, in consideration of Ocean Line consenting to the release of the restrained funds and upon condition of Ocean Line agreeing to refrain from arresting or otherwise detaining any other assets or property owned by Sinochart or in the same or associated ownership, management, possession or control for the purpose of obtaining security in respect of Ocean Line's claims, to provide to Ocean Line, as interim security for Ocean Line's claims pending determination of the Motion to Vacate, a Bank of China Guarantee in the terms attached hereto ("the Bank Guarantee") and a Letter of Undertaking from Assuranceforeningen Skuld in the terms attached hereto ("the Skuld LOU"); and

(7)  Ocean Lines and Sinochart have agreed that Sinochart may pursue the Motion to Vacate and for Countersecurity and that the provision of the Bank Guarantee and Skuld LOU shall not prejudice in any way, Sinochart's right to pursue the Motion to Vacate and for Countersecurity; and

(8)  Ocean Line and Sinochart have agreed that Ocean Line shall provide Sinohart with counter security in respect of Sinochart's counterclaims pending determination of the Motion to Vacate a [to be inserted] in the terms attached hereto.

(9)  Ocean Line and Sinochart wish to agree the terms upon which the Bank Guarantee and Skuld LOU and the [to be inserted] (together "the Securities") are to be provided and held.


IT IS HEREBY AGREED FOR GOOD AND MUTUAL CONSIDERATION, THE RECEIPT SUFFICIENCY AND ADEQUACY WHEREOF THE PARTIES HEREBY IRREVOCABLY ACKNOWLEDGE AS FOLLOWS:

3

1     Within 21 days after the signing of this Agreement:

    (a)    Sinochart shall provide the Bank Guarantee and Skuld LOU to their New York lawyers, Lennon, Murphy & Lennon, LLC; and

    (b)    Ocean Line shall provide the [to be inserted] to their New York lawyers, Freehill Hogan & Mahar LLP

2     Upon Lennon, Murphy & Lennon, LLC and Freehill Hogan & Mahar LLP having mutually confirmed receipt of the Bank Guarantee and Skuld LOU and the [to be inserted] respectively, Lennon, Murphy & Lennon, LLC shall provide to Freehill Hogan & Mahar LLP the Bank Guarantee and Skuld LOU and Freehill Hogan & Mahar LLP shall provide to Lennon, Murphy & Lennon, LLC by way of exchange the [to be inserted]. Upon exchange the Securities shall become effective.

3     Forthwith, upon exchange of the Securities in accordance with clause 3 above, Ocean Line shall cause the immediate release of the restrained funds to Sinochart and shall cause such steps to be taken as are necessary to ensure that no further funds are attached by the Rule B proceedings or any other action, suit or proceedings worldwide in respect of Ocean Line's claim (other than in accordance with the terms of this Agreement)

4     In the event that the New York Court makes a final and unappealable order on the Motion to Vacate and for Countersecurity or, in the event of an appeal of the New York Court's order, a higher appellate Court makes a final and unappealable order on the Motion to Vacate and for Countersecurity, to the effect that:

    (a)    the Rule B attachment order in respect of Sinochart's property is to be vacated, Ocean Line shall forthwith upon the making of such an order, release and return to Sinochart for cancelling, the Bank Guarantee and the

9.

4

Skuld LOU and Sinochart shall by way of exchange release and return to Ocean Line for cancelling the [to be inserted];

(b)     the Rule B proceedings are not to be vacated but Ocean Line are to provide countersecurity for Sinochart's counterclaims, the Securities shall continue in full force and effect (subject to the terms of this Agreement);

(c)     the Motion to Vacate and for Countersecurity is denied, the Bank Guarantee and Skuld LOU shall continue to stand as security for Ocean Line's claims (subject to the terms of this Agreement) and Sinochart shall forthwith release and return to Ocean Line for cancelling the [to be inserted].

4     In the event of a dispute between Ocean Line and Sinochart as to whether or not the total amount of security provided by the Bank Guarantee and the Skuld LOU together is either insufficient or excessive:

(a)     Ocean Line shall be entitled to seek a declaratory award from the Arbitration Tribunal appointed to determine the claim ("the Tribunal") that the total amount of security provided by the Bank Guarantee and the Skuld LOU together is insufficient; and/or

(b)     Sinochart shall be entitled to seek a declaratory award from the Tribunal that the total amount of security provided to Ocean Line by the Bank Guarantee and the Skuld LOU together is excessive.

5     In the event of the Tribunal issuing a final and unappealable declaratory award that the total amount of security provided by the Bank Guarantee and the Skuld LOU together is insufficient, nothing in the Bank Guarantee or the Skuld LOU or this Agreement shall prevent Ocean Line from taking steps to obtain further appropriate security from Sinochart.

10.

5

6      In the event of the Tribunal issuing a final and unappealable declaratory award in favour of Sinochart that the total amount of security provided by the Bank Guarantee and the Skuld LOU together is excessive, the Bank of China's liability under the Bank Guarantee shall be automatically reduced to the amount considered sufficient by the Tribunal and Sinochart shall be entitled to substitute the Bank Guarantee with a further guarantee for the reduced amount, but otherwise on the same terms ("the Reduced Guarantee"). In the event that Sinochart do provide to Ocean Line the Reduced Guarantee, Ocean Line shall accept the Reduced Guarantee and shall return, by way of exchange, the original Bank Guarantee for cancelling.

7      Ocean Line hereby irrevocably appoint Ince & Co to receive and accept on their behalf, service of any proceedings in respect of this Agreement and/or any claims under the Charterparty provided that they are served at Ince & Co's principal place of business, presently being International House 1 St Katherine's Way London E1W 1AY. Ocean Line agrees to maintain such an agent for service of process in England from the date hereof and that if the appointment ceases to be effective they shall appoint a further person in England to accept service of process on its behalf in England.

8      Sinochart hereby irrevocably appoint Winter Scott to receive and accept on their behalf, service of any proceedings in respect of this Agreement provided that they are served at Winter Scott's principal place of business, presently being St Olave's House, Ironmonger Lane, London EC2V 8EY. Sinochart agrees to maintain such an agent for service of process in England from the date hereof and that if the appointment ceases to be effective they shall appoint a further person in England to accept service of process on its behalf in England.

9      This Agreement shall be governed by English law and shall be subject to the jurisdiction of the High Court.

Signed:

11.

6

---------------------------------------------

INCE & CO for and on behalf of

Ocean Line Holdings Limited


Signed:

---------------------------------------------

WINTER SCOTT for and on behalf of

China National Chartering Corp

12.